IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENJAMIN BARBER**, | Case No. 3:16-cv-2105-AC |
| Plaintiff, | **OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| **MEAGAN ALYSSA VANCE, STATE OF OREGON, MARIE ATWOOD**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff filed this action *pro se*,[1] alleging that the State of Oregon is prosecuting Plaintiff under a criminal statute that Plaintiff alleges violates his First Amendment rights, as well as his rights under the federal Copyright Act.[2] Plaintiff seeks money damages against three Defendants:

---

[1] Plaintiff has requested the appointment of *pro bono* counsel (ECF 3), which the Court has allowed. ECF 8. Although a *pro bono* attorney was recently requested by the Court, that attorney has not yet indicated whether he will accept this representation. On November 7, 2016, Plaintiff filed his *pro se* motion to enjoin his upcoming state criminal trial. Because that trial is scheduled to begin on November 9, 2016, the Court will rule on Plaintiff's pending motion without the assistance of either counsel for the Plaintiff or counsel for Defendants, who have not yet appeared.

[2] 17 U.S.C. §§ 101, *et seq.*

PAGE 1 – OPINION AND ORDER

(1) Meagan Alyssa Vance;[3] (2) the State; and (3) Washington County Deputy District Attorney Marie Atwood. In addition, and more pertinent to the pending motion, Plaintiff seeks injunctive relief against the State and Ms. Atwood. Specifically, Plaintiff has moved for a temporary restraining order, asking this federal court to enjoin Plaintiff's state criminal prosecution and trial and to require the State to release Plaintiff from pretrial incarceration, pending final resolution of this federal action. Because the Court finds that the *Younger*[4] abstention doctrine requires the Court to abstain from considering Plaintiff's claims for declaratory and injunctive relief against a state criminal prosecution, the Court denies Plaintiff's Motion for a Temporary Restraining Order.

## STANDARDS

In deciding whether to grant a motion for a temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds*, *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7 (2008). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the

---

[3] Although Plaintiff's *pro se* Complaint is somewhat unclear, it appears that Ms. Vance may be either Plaintiff's ex-wife or current wife; she also appears to be the alleged victim of the crime for which Plaintiff currently is being prosecuted in Washington County Circuit Court.

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus,* 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*, 632 F.3d at 1131-32).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## BACKGROUND

Plaintiff alleges that he produced consensual pornographic audio and visual images of himself and Ms. Vance for commercial purposes. ECF 1 at 5. In his Motion for a Temporary Restraining Order, Plaintiff asserts that he has been charged by the Washington County District Attorney's Office with nine criminal counts, including:

> [Plaintiff] did "unlawfully with intent to harass, humiliate, or injure Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent

PAGE 3 – OPINION AND ORDER

> to the disclosure, and a reasonable person would be harassed, humiliated, and/or injured by the disclosure."

ECF 5 at 2.

Plaintiff argues that the statute under which he is charged violates his First Amendment rights, and also infringes his rights under federal copyright law, by transferring the exclusive right of consent from him, as copyright holder, to Ms. Vance, who is not the copyright holder but is depicted in the allegedly copyrighted pornographic images.

The relevant Oregon statute provides:

> (1) A person commits the crime of unlawful dissemination of an intimate image if:
>
> (a) The person, with the intent to harass, humiliate or injure another person, knowingly causes to be disclosed through an Internet website an identifiable image of the other person whose intimate parts are visible or who is engaged in sexual conduct;
>
> (b) The person knows or reasonably should have known that the other person does not consent to the disclosure;
>
> (c) The other person is harassed, humiliated or injured by the disclosure; and
>
> (d) A reasonable person would be harassed, humiliated or injured by the disclosure.
>
> (2)(a) Except as provided in paragraph (b) of this subsection, unlawful dissemination of an intimate image is a Class A misdemeanor.
>
> (b) Unlawful dissemination of an intimate image is a Class C felony if the person has a prior conviction under this section at the time of the offense.
>
> (3) As used in this section:
>
> (a) "Disclose" includes, but is not limited to, transfer, publish, distribute, exhibit, advertise and offer.
>
> (b) "Image" includes, but is not limited to, a photograph, film, videotape, recording, digital picture and other visual reproduction, regardless of the manner in which the image is stored.

PAGE 4 – OPINION AND ORDER

>
> (c) "Information content provider" has the meaning given that term in 47 U.S.C. 230(f).
>
> (d) "Interactive computer service" has the meaning given that term in 47 U.S.C. 230(f).
>
> (e) "Intimate parts" means uncovered human genitals, pubic areas or female nipples.
>
> (f) "Sexual conduct" means sexual intercourse or deviate sexual intercourse, as those terms are defined in ORS 163.305, or masturbation.
>
> (4) This section does not apply to:
>
> (a) Activity by law enforcement agencies investigating and prosecuting criminal offenses;
>
> (b) Legitimate medical, scientific or educational activities;
>
> (c) Legal proceedings, when disclosure is consistent with common practice in civil proceedings or necessary for the proper functioning of the criminal justice system;
>
> (d) The reporting of unlawful conduct to a law enforcement agency;
>
> (e) Disclosures that serve a lawful public interest;
>
> (f) Disclosures of images:
>
> (A) Depicting the other person voluntarily displaying, in a public area, the other person's intimate parts or engaging in sexual conduct; or
>
> (B) Originally created for a commercial purpose with the consent of the other person; or
>
> (g) The provider of an interactive computer service for an image of intimate parts provided by an information content provider.

Or. Rev. Stat. § 163.472.

Plaintiff alleges that his career has been and will be irreparably harmed, his copyright in the images has been and is being violated, and that he has been and is being wrongfully incarcerated by the State of Oregon. ECF 1 at 6. Plaintiff seeks an injunction staying his state

PAGE 5 – OPINION AND ORDER

criminal proceedings until the Court decides the constitutionality of Or. Rev. Stat. § 163.472, the state law under which Plaintiff is being charged. Plaintiff also seeks an order requiring the State to release Plaintiff from incarceration and cease all criminal enforcement proceedings against him until this federal action has been finally resolved.

## DISCUSSION

Plaintiff alleges, without any supporting evidence, that he is the copyright owner of certain audio and visual recordings, the distribution and dissemination of which forms the basis of his state criminal prosecution. Plaintiff alleges that he has been arrested for distributing and disseminating these recordings and that his prosecution in state court is scheduled to begin on November 9, 2016.

The Court construes Plaintiff's Complaint as asserting claims against the State of Oregon and Deputy District Attorney Atwood under 42 U.S.C. § 1983, alleging violations of the First Amendment and federal Copyright Act.[5] Claims under Section 1983 are not subject to the federal Anti-Injunction Act, 28 U.S.C. § 2283. *See Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (noting that Section 1983 "is an Act of Congress that falls within the 'expressly authorized' exception of [the Anti-Injunction Act]"). Plaintiff's claims under Section 1983, however, are subject to the *Younger* abstention doctrine.

### A. *Younger* Abstention Legal Standards

In *Younger*, the Supreme Court declined to enjoin a pending state criminal prosecution under a state law that the plaintiff argued violated the First Amendment. 401 U.S. at 40-41. As the Ninth Circuit has recognized, the Supreme Court has "observed that Congress over the years has manifested an intent to permit state courts to try state cases free of federal interference. It

---

[5] Plaintiff's claims against Ms. Vance, who may be Plaintiff's ex-wife or current wife, are not relevant to Plaintiff's Motion for a Temporary Restraining Order.

PAGE 6 – OPINION AND ORDER

identified two sources for this policy: the constraints of equity jurisdiction and the concern for comity in our federal system." *Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004). "Principles of equity prevent erosion of the role of juries within our judicial system and the duplication of legal proceedings where one suit can adequately safeguard the rights asserted. Comity, on the other hand, pays respect to legitimate state functions." *Cook v. Harding*, --- F.3d ---, 2016 WL 3190556, at *9 (C.D. Cal. June 6, 2016). Of these two principles, the more "vital consideration" is comity. *Gilbertson*, 381 F.3d at 971; *see also New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) (stating that *Younger* rested "primarily on the 'even more vital consideration' of comity").

Thus, generally speaking, a federal court should abstain from granting declaratory or injunctive relief when doing so would interfere with a pending state criminal proceeding. *Hirsh v. Justices of the Supreme Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995); *see also Samuels v. Mackell*, 401 U.S. 66, 72 (1971) (extending *Younger* to declaratory actions because "ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid"); *Cook*, 2016 WL 3190556, at *9.

Under *Younger* abstention, a federal court must abstain when four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (hereinafter "*SJSVCCPAC*"). A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief

PAGE 7 – OPINION AND ORDER

absent extraordinary circumstances. *Younger*, 401 U.S. at 43-54. Such extraordinary circumstances generally require a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 49, 53.

Additionally, injunctive relief is available only upon "showing irreparable injury." *Younger*, 401 U.S. at 46. Certain types of injuries, however, such as "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

## B. Application of *Younger* Abstention

### 1. Elements

Abstention is appropriate in this case because all of the elements of *Younger* are present. As to the first *Younger* element, the record shows that Plaintiff's state court proceedings are ongoing. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as Plaintiff's ongoing criminal proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, there is no reason that Plaintiff cannot pursue his claims and constitutional and statutory defenses in state court. Plaintiff may file a motion to dismiss the state criminal charges or offer at trial the same defenses to those charges that he asserts in this federal action. Notably, Plaintiff's assertion that his rights under federal copyright law are being violated because the recordings were produced consensually and for commercial purposes appears to be a specifically-identified and recognized affirmative defense under Or. Rev. Stat. § 163.472(4)(f)(B). Furthermore, any interference by this Court in the state court criminal

PAGE 8 – OPINION AND ORDER

proceedings will likely cause precisely the type of results that were disapproved of by the Supreme Court in *Younger*. *See SJSVCCPAC*, 546 F.3d at 1092 (citing cases); *see also Strickland v. Wilson*, 399 F. App'x 391, 397 (10th Cir. 2010) (finding that "the enforcement of state criminal laws and completion of state criminal sentences" are important state interests). Moreover, Plaintiff has not shown that he will be irreparably harmed if the Court does not enjoin his state criminal prosecution. Plaintiff's argument that his federally-protected rights are threatened and the this threat cannot be eliminated by asserting his defenses in state court are not persuasive. *Younger*, 401 U.S. at 46.

### 2. Exceptions to *Younger*

There are, however, certain exceptions to application of the *Younger* doctrine. These include "extraordinary circumstances," such as when the state is prosecuting in "bad faith" or for "harassment," or when the challenged statute is "flagrantly and patently" unconstitutional. *Younger*, 401 U.S. at 45-46, 53-54. Plaintiff argues that both exceptions to the *Younger* doctrine apply. The Court disagrees.

#### a. Bad faith

Plaintiff argues that Or. Rev. Stat. § 163.472 was introduced in the state legislature by State Rep. Jennifer Williamson. Plaintiff further states that he previously unsuccessfully ran against Rep. Williams in an election. Plaintiff also appears to argue that he explained to Deputy District Attorney Atwood that Defendant Vance had been engaging in a pattern of harassment and extortion against Plaintiff, including extorting Plaintiff using pornography. These assertions, however, do not show that either the State of Oregon or the Washington County District Attorney's Office is prosecuting Plaintiff in bad faith.

### b. Harassment

Plaintiff also argues that he is being prosecuted for purposes of harassment. He asserts that he has been "extorted by the defendant several times" (presumably referring the Defendant Vance) and that "the defendant" has attempted to "extract objects of monetary value" and threatened Plaintiff with "criminal accusations of fraud, rape, and interference with his landlord and tenant relations," unless Plaintiff agrees "to sign a divorce agreement that would grant Defendant undue enrichment." ECF 5-1 at 11. Although Plaintiff does not specifically identify which Defendant is "the defendant" to whom he is referring here, it appears from the context that Plaintiff is referring to Defendant Vance. Because Vance, however, is only a complaining witness or alleged victim, her alleged conduct does not show that either the State of Oregon or the Washington County District Attorney's Office is prosecuting Plaintiff in order to harass Plaintiff. Whether Defendant Vance is engaging in harassment is neither relevant to the pending motion nor imputed to the public Defendants.

### c. Flagrant unconstitutionality

Plaintiff further argues that Or. Rev. Stat. § 163.472 is "utterly and irredeemably unconstitutional." *Id*. Plaintiff asserts that the statute is a content-based regulation of speech that does not involve sexual abuse, child pornography, or obscenity. Plaintiff asserts that this prohibition on speech is not sufficiently narrowly-tailored and does not survive strict scrutiny and is, therefore, unconstitutional. Plaintiff also argues that the statute and his criminal prosecution under that law violate Plaintiffs rights under the Copyright Act. These arguments be presented by Plaintiff to the Oregon courts, including the trial court, the Oregon Court of Appeals, and the Oregon Supreme Court. The challenged Oregon law, however, is not so "flagrantly unconstitutional" that it constitutes an extraordinary circumstance warranting an exception to the *Younger* abstention doctrine.

PAGE 10 – OPINION AND ORDER

Plaintiff also relies on *Antigone Books L.L.C. v. Brnovich*, Case No. 2:14-cv-02100-PHX-SRB (D. Az.).[6] In that case, an Arizona statute was challenged shortly after being enacted as unconstitutional under the First Amendment. The Arizona statute provided:

> A. It is unlawful to intentionally disclose, display, distribute, publish, advertise, or offer a photograph, videotape, film or digital recording of another person in a state of nudity or engaged in specific sexual activities if the person knows or should have known that the depicted person has not consented to the disclosure.
>
> B. This section does not apply to any of the following:
>
> 1. Lawful and common practices of law enforcement, reporting unlawful activity, or when permitted or required by law or rule in legal proceedings.
>
> 2. Lawful and common practices of medical treatment.
>
> 3. Images involving voluntary exposure in a public or commercial setting.
>
> 4. An interactive computer service, as defined in 47 United States Code Section 230 (f)(2), or an information service, as defined in 47 United States Code Section 153, with regard to content provided by another person.
>
> C. A violation of this section is a class 5 felony, except that a violation of this section is a class 4 felony if the depicted person is recognizable.
>
> D. For the purposes of this section, "state of nudity" and "specific sexual activities" have the same meaning prescribed in section 11-811.

*Antigone Books* ECF No. 1 at 18 (quoting Arizona House Bill 2515, Ariz. Rev. Stat. 13-1425 § 1).

The plaintiffs in *Antigone Books* were book stores, media groups, and trade associations. They filed a motion for preliminary injunction, seeking to stay enforcement of the statute.

---

[6] The original case name was *Antigone Books L.L.C. v. Horne*, but during the pendency of the case the Attorney General of the State of Arizona changed from Tom Horne to Mark Brnovich.

PAGE 11 – OPINION AND ORDER

Notably, none of the plaintiffs were facing a pending state criminal prosecution. The plaintiffs argued that the Arizona statute was overbroad, would chill free speech, and would criminalize many important activities, including teaching about the Vietnam War by displaying the Pulitzer Prize-winning image "Napalm Girl." The plaintiffs also argued that the law would prohibit magazine vendors from selling magazines with images of the Abu Ghraib prisoners and book sellers from selling books containing famous photographs and prints that contain nude images. *Id.* at 2-3. The parties then filed a "joint motion" to stay enforcement of the statute, while the Arizona legislature worked on amending the statute. The court granted the parties' joint motion, staying enforcement of the law. The court also then denied the plaintiffs' motion for preliminary injunction without prejudice to refile, if necessary. *Antigone Books*, ECF No. 104.

The plaintiff later became dissatisfied with the proposed legislative amendments and renewed their motion for preliminary injunction. The court set the matter for oral argument and, as again jointly agreed upon by the parties, continued the stay of enforcement of the statute. *Antigone Books*, ECF No. 110. Sometime thereafter, the parties settled the case and jointly proposed a final decree in which the state agreed that the Arizona Attorney General and each County Attorney was permanently enjoined from enforcing the statute. *Antigone Books*, ECF No. 114.

*Antigone Books* does not support Plaintiff's contention that Oregon's statute is "flagrantly unconstitutional." First, in the Arizona case the parties jointly agreed to all of the stays and to the final injunction. Second, Oregon's statute appears to be different from Arizona's statute and appears to contain many of the protections sought by the Arizona plaintiffs (and missing from the Arizona statute) to ensure that the dissemination of important images and other materials would not be criminalized. These differences, ultimately, may or may not be sufficient to result

in the Oregon statute being upheld against a constitutional challenge, a question about which this Court expresses no opinion at this time. The Oregon statute, however, does not "flagrantly and patently" violate the First Amendment sufficient to support the pending motion for provisional relief in light of *Younger* abstention principles.

## CONCLUSION

Plaintiff's Motion for a Temporary Restraining Order (ECF 5) is DENIED.

**IT IS SO ORDERED**.

DATED this 9th day of November, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge