IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| STATE OF OREGON,<br><br>                 Plaintiff,<br>vs.<br><br>BENJAMIN JAY BARBER,<br>                 Defendant. | No. 16CR46339 (DA 345218)<br><br>**STATE'S MEMORANDUM REGARDING DEFENDANT'S MOTION FOR RELEASE** |

Pursuant to ORS 135.230, the court's release decision should be made based on the appropriate primary and secondary release criteria laid out in ORS 135.230(7) and (11). Primary release criteria includes: the reasonable protection of the victim or public; the nature of the current charge; if the defendant has previously been released, whether the defendant has appeared as required; and any facts indicating the possibility of violations of law or further failures to appear. Secondary release criteria includes: employment and financial status and history; the nature and extent of family relationships of the defendant; the defendant's past and present residences; names of persons who agree to assist the defendant in attending court appropriately; and any other facts indicating defendant has strong ties to the community.

This is a domestic violence case that currently alleges nine counts of Unlawful Dissemination of an Intimate Image. These charges arose after the defendant (the victim's ex-husband) posted multiple images and videos to numerous websites without the victim's knowledge or consent. The victim has forwarded a brief statement to the court that indicates that this case is essentially the tip of the iceberg in

Page 1

Washington County District Attorney
150 North First Avenue, Room 300, MS#40
Hillsboro, Oregon 97124-3002
(503) 846-8671   Fax (503) 846-3407

exhibit #6

1   a long line of frightening, harassing behavior she has been subjected to at the hand of the defendant,
2   including defendant's prior arrest for Harassment in 2013. The state is continuing to gather evidence in
3   this case, and the defendant's continued access to the internet while he remains out of custody could
4   interfere with the state's ability to conduct ongoing investigation, should he attempt to delete or erase
5   records of his dissemination. Similarly, the possibility that the defendant can continue unlawfully
6   disseminating these files anonymously online is a risk the victim should not have to endure as this case
7   progresses.

8   The defendant has already failed to appear once in this case. The state is, at this time, unaware of
9   any family ties the defendant has to this area. Although defendant purports to be employed and reside in
10  Hillsboro, the evidence in this case indicates that the defendant has a history of unemployment and
11  homelessness. For all of the reasons outlines above, the state requests that the court deny defendant's
12  motion for release.

13  Should the court grant defendant's motion, the state requests that the court place additional
14  conditions on defendant's release agreement, including, but not limited to, no contact with Micah
15  Goldstein (the victim's current boyfriend, who has also been contacted by the defendant) and no internet
16  use except for work-related purposes.

Marie E Atwood
Oregon State Bar #132976
Deputy District Attorney

Page 2

8/8/16

RE: State v. Barber, 16CR46339

Statement of Meagan Vance:

    I have several concerns about my safety if Benjamin Barber is released. Benjamin has a history of harassing me and threatening my safety, which has continued since this case has begun. Benjamin was strongly emotionally abusive to me in our relationship from 2010-2013, involving harassment and even physical abuse if I did not do what he wanted. When I left him in 2013, he began a downward spiral into believing that feminism brainwashed me; he threatened to follow me across the country and he was arrested for trespassing at feminist conferences. Benjamin promised to try to damage my life as much as possible since I left him in late 2013, and his actions since show that he continues to try to cause me harm. For example, he has purchased the domain names with my full name and since this case started, he has emailed, to my work email, links to the intimate images he posted of me.

    Additionally, I strongly believe that Benjamin has a mental illness, causing him to believe that I am responsible for his struggles in life since I left. For example, when Benjamin found out that I had made a report to police, he sent me repeated emails and called my boyfriend asking if I was going to still 'attack' him by going through with the case. Benjamin has a history of finding my address and other personal information through the internet. I am concerned that as he continues to believe I am hurting him because I reported this crime, his actions will continue to spiral downward into showing up at my home or work.



RE: State v. BENJAMIN JAY BARBER  16CR46339 (DA # 345218)

DOCUMENT(S):
State's Memo Regarding Defendant's Motion for Release

## CERTIFICATE – TRUE COPY

I hereby certify that the foregoing copy of the above-named document is a complete and exact copy of the original.

Dated: August 9, 2016

/s/ Marie E Atwood
Attorney(s) for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served a certified true copy of the above-named documents on Cameron Taylor, by providing to said attorney a true copy thereof, certified by me as such, by the following method:

☐ **Mail:** to said attorney's business address: Metropolitan Public Defender Services Inc., 400 E Main St. Suite 210, Hillsboro, OR 97123

☐ **Interoffice:** into said attorney's mail pickup at the District Attorney's office at Hillsboro Oregon.

☐ **Personal Service:** to said attorney by personally handing him/her a true copy thereof

☐ **Facsimile Transmission:** to said attorney's fax number:

☒ **Electronic Transmission:** to said attorney's email address: ctaylor@mpdlaw.com

Dated: August 9, 2016

Attorney(s) for Plaintiff

**WASHINGTON COUNTY**
District Attorney's Office
Justice Services Building
150 North First Avenue
Hillsboro, Oregon 97124
(503) 846-8671