IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENJAMIN BARBER**, | Case No. 3:16-cv-2105-AC |
| Plaintiff, | **ORDER DENYING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| **MEAGAN ALYSSA VANCE, STATE OF OREGON, MARIE ATWOOD**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff filed this action *pro se*,[1] alleging that the State of Oregon is prosecuting Plaintiff under a criminal statute that Plaintiff alleges violates his First Amendment rights, as well as his rights under the federal Copyright Act.[2] Plaintiff seeks money damages and declaratory and

---

[1] Plaintiff previously requested the appointment of *pro bono* counsel (ECF 3), which the Court allowed. The Court then requested the appointment of several *pro bono* attorneys, none of whom have accepted the appointment. The most recent appointment was requested by the Court on November 29, 2016, but that attorney has not yet indicated whether he will accept this representation. On December 2, 2016, Plaintiff filed *pro se* his renewed motion, seeking to enjoin his state criminal conviction and judgment. Because his state court incarceration is ongoing, the Court will rule on Plaintiff's pending motion without the assistance of either counsel for the Plaintiff or counsel for Defendants, who have not yet appeared.

[2] 17 U.S.C. §§ 101, *et seq.*

PAGE 1 – ORDER

injunctive relief. Plaintiff previously filed a motion for a temporary restraining order to enjoin his state court prosecution. The Court denied that motion based on the *Younger*[3] abstention doctrine, which requires a federal court to abstain from considering a plaintiff's claims for declaratory and injunctive relief against a pending state criminal prosecution.

Plaintiff now renews his motion for a temporary restraining order, arguing that because he has been convicted, his state court proceeding is no longer pending for purposes of *Younger* abstention and the Court has jurisdiction to enjoin Plaintiff's state court criminal conviction. Plaintiff is mistaken. First, the date for which pending state court action is considered for *Younger* abstention is the date the federal complaint was filed, not whether at some later point the state proceedings ended. *See Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) ("The critical date for purposes of deciding whether abstention principles apply is the date the federal action is filed. *See, e.g.*, *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987) (noting that the question is not whether the state proceedings are still ongoing, but whether they were underway before initiation of the federal proceedings).").

Second, even if the termination of state court proceedings after a federal complaint was filed were to end the application of *Younger* abstention, a plaintiff must exhaust all of his state court appeals before *Younger* abstention will no longer apply. As the Supreme Court has explained:

> For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign. For the same reason, a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court. "[A] necessary concomitant of *Younger* is that a party [wishing to contest in

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

       federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court."

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)) (alterations in original). Here, Plaintiff has not exhausted his state court appeals.

## CONCLUSION

       Plaintiff's Renewed Motion for a Temporary Restraining Order (ECF 20) is DENIED.

       **IT IS SO ORDERED**.

       DATED this 5th day of December, 2016.

                                        /s/ Michael H. Simon
                                        Michael H. Simon
                                        United States District Judge