```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF OREGON

 3                        PORTLAND DIVISION

 4
   BENJAMIN BARBER,                 )
 5                                  )
                       Plaintiff,   )  Case No. 3:16-cv-02105-AC
 6                                  )
                  v.                )
 7                                  )  March 2, 2017
   MEAGAN VANCE, et al.,            )
 8                                  )
                       Defendants.  )  Portland, Oregon
 9 _____)

10

11

12

13                      RULE 16 CONFERENCE

14                    TRANSCRIPT OF PROCEEDINGS

15             BEFORE THE HONORABLE JOHN V. ACOSTA

16        UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25
```

```
                    OBSERVER APPEARANCES:


                    JESSE B. DAVIS
                    Oregon Department of Justice
                    100 SW Market Street
                    Portland, OR 97201


                    ERIN K. OLSON
                    Law Offices of Erin Olson, PC
                    2014 NE Broadway Street
                    Portland, OR 97232
```

```
COURT REPORTER:     Jill L. Jessup, CSR, RMR, RDR, CRR
                    United States District Courthouse
                    1000 SW Third Avenue, Room 301
                    Portland, OR 97204
                    (503)326-8191


                           *   *   *
```

|    |    |
|---:|----|
| 1  | TRANSCRIPT OF PROCEEDINGS |
| 2  | THE COURT: Good morning. |
| 3  | MS. OLSON: Good morning, Your Honor. |
| 4  | MR. DAVIS: Good morning, Your Honor. |
| 5  | THE COURT: All right. We're here for a Rule 16 |
| 6  | conference in Barber v. Vance, et al. A couple of preliminary |
| 7  | matters. Both of you are here, and I am asking you to sit at |
| 8  | counsel table as a courtesy, not as a recognition that your |
| 9  | clients have been properly served or that you have received |
| 10 | proper notice of the lawsuit. So your appearance here is |
| 11 | unofficial. It is intended to make sure that the information |
| 12 | that I will put on the record today is known to all at the same |
| 13 | time, and we can talk about scheduling, to the extent that you |
| 14 | want to talk about scheduling. But you won't waive any |
| 15 | arguments that you or your client might have with respect to |
| 16 | service or any other procedural or substantive issue in the |
| 17 | case simply because you were here today to observe proceedings. |
| 18 | Having you at counsel table is frankly a convenience for |
| 19 | me so that I can talk with you without shouting to the back row |
| 20 | of the courtroom. |
| 21 | That should take care of any concerns you might have that |
| 22 | I have asked you to sit at counsel table. |
| 23 | Next, this Rule 16 conference is intended to set dates. |
| 24 | And when I have a pro se litigant, whether a plaintiff or a |
| 25 | defendant, I always conduct Rule 16 conferences in person on |

1   the record.  Setting this rule -- setting this Rule 16
2   conference, as I did, on February 15, was consistent with my
3   practice in matters in which a litigant is pro se.
4       The specific purpose I conduct an in-person Rule 16
5   conference is to ensure that the pro se litigant understands
6   the process that the lawsuit will follow; understands my
7   instructions, directions, and information; and that I can see
8   firsthand whether or not the pro se litigant understands the
9   information I am providing.
10      As we all know, 80 percent of communication is nonverbal.
11  It is very helpful to me to have the pro se litigant in court.
12  I also want to make sure that they are comfortable with the
13  Court's process and that they see for themselves that although
14  being in court is probably an unusual experience for most
15  people, it doesn't have to be intimidating.
16      I set this Rule 16 conference for today back
17  on February 15.  That is Docket No. 35.
18      Mr. Barber has had notice of this Rule 16 conference, and
19  I know this because, in part, he has made several filings in
20  the case file offering various reasons for why he cannot
21  appear.  I will cover that in just a minute.
22      Second, I also know that he is aware of today's Rule 16
23  conference because he has been contacting my courtroom deputy,
24  as well as the court clerk's office, to ask for an exception or
25  excuse from appearing in person and, instead, requesting to

1  appear by phone.
2      I have denied his request to appear by phone for the
3  reasons that I stated previously with respect to in-person Rule
4  16 conferences when pro se litigants are involved.  The only
5  exceptions I have made in that regard is when a pro se litigant
6  is out of state.
7      Mr. Barber has listed in the Court docket a Hillsboro,
8  Oregon, address.  There's no reason, geographically, anyway, he
9  could not be here presently.
10     To be clear, a Rule 16 conference is a conference that
11 allows the parties to participate in setting deadlines,
12 including any deadlines specific to the case, but also the
13 general deadlines that we set in any civil case.
14     Mr. Barber, to be clear, has not been ordered to appear
15 here today.  He has the option of appearing.  He has chose to
16 not appear.  And, again, I have denied his request to appear by
17 phone.
18     I want to cover, briefly, Mr. Barber's requests to appear
19 by telephone for this Rule 16 conference.  As I said, on
20 February 15, I set the Rule 16 conference for today.
21     Next, six days later, on February 21st, Mr. Barber filed a
22 brief pleading in the Court docket asking to appear by
23 telephone.  He gave no reason for his request.  I denied that
24 request or did so through my courtroom deputy.
25     Mr. Barber, then, later, in Docket No. 37 -- the first one

1   was Docket No. 36, the one he requested a telephone appearance.
2   In Docket No. 37 he then set out, in support of his request to
3   appear by phone, the prior criminal charges and events and his
4   dispute of the validity of his conviction in Washington County.
5   He specifically stated in that filing that he was, quote, "a
6   fugitive of justice," closed quote, while, quote, "vindicating
7   his rights before the appellate court and this court," period,
8   closed quote.
9       He then made his request that the scheduling conference be
10  made via teleconference.  I denied that request.
11      On February 27, Mr. Barber filed Docket No. 42, in which
12  he renewed his request to appear by telephone and provided a
13  different reason for his request.  He said he is unable to
14  attend in person because he claims, quote -- he claims he,
15  quote, received threats from people who wish to do him harm as
16  a result of his being the Rosa Parks of men's rights.
17      He filed, along with that particular document, a number of
18  pages that appear to be email strings and social media website
19  excerpts.  None of the documents he filed contain any threat to
20  him.  To be sure, the documents contain statements about
21  Mr. Barber that are unkind, but there is no threat contained in
22  any of the documents he filed.  The only thing that could be
23  interpreted as a threat is not the kind of threat that
24  Mr. Barber purported to believe exists, and it was a statement
25  by an individual with whom Mr. Barber has exchanged social

1   media posts that said if Mr. Barber came looking for him, he
2   was prepared to defend himself.
3       That is the only thing that appears in any of the
4   documents that he has filed with respect to Docket No. 42 or
5   anything else he has filed in the case suggesting any kind of
6   threatening behavior toward him.
7       I denied his request again to appear by teleconference
8   because, based on the evidence, so to speak, that he filed with
9   his February 27 submission, there was no credible threat, that
10  I could see, that would prevent him from appearing at the
11  federal courthouse.
12      Mr. Barber is not here.  There's no penalty for not
13  appearing at this status conference except in the form of not
14  being able to participate in the setting of deadlines.
15      To the extent that that is a penalty, that is the extent
16  of any penalty.  There is no sanction.  There is no other court
17  sanction that will be entered because he has not appeared at
18  this particular hearing.
19      All right.  The other reason I had originally set this
20  Rule 16 conference to occur is because Mr. Barber filed his
21  initial complaint on November 1, 2016.  That is Docket No. 1.
22  And he did not subsequently file proof of service of the
23  complaint on any of the parties he named as defendants in his
24  complaint.
25      Ultimately, he filed proofs of service a couple of weeks

1  ago, but I express no opinion whether the service he certifies
2  he had accomplished does or does not comply with the federal
3  rules.  But even though he had filed proofs of service, for the
4  reasons I've stated at the outset of our hearing, I
5  continued -- I kept the Rule 16 conference on the Court's
6  calendar and required him to appear in person.
7        One other procedural matter -- and I am stating these
8  things on the record in detail because I will order the
9  transcript and have the transcript entered in the docket of the
10 case so that Mr. Barber can read it and have at least the
11 benefit of knowing what was said here today, even though he is
12 not personally present.
13       Mr. Barber has, since filing his initial complaint in
14 November, filed additional materials that he has characterized
15 or labeled as supplemental complaints or supplements to his
16 complaint.  I have reviewed each of those submissions and, if
17 not page for page, certainly perused the attachments and
18 exhibits he has appended to his pleadings.
19       Two things about that.  First, the general rule is that
20 evidence is not filed as an attachment to a complaint.  There
21 are exceptions, as we know.  For example, in a breach of
22 contract action, typically the contract is attached to the
23 complaint.
24       Mr. Barber, however, is not claiming breach of contract or
25 any other theory of relief that would explain appending scores

1   and scores and in some instances hundreds of pages of
2   documents.  In fact, they appear to be what he believes is
3   evidence in support of his civil rights violation claims, First
4   Amendment claims, and the other claims he has asserted in the
5   case.
6        Mr. Barber is not to file any more evidence in the court
7   file unless it is in connection with motion practice in which
8   evidence is required to support a motion or an opposition to a
9   motion.
10       Second, all of the documents that Mr. Barber has filed as
11  exhibits, attachments, and the like, to his various complaints
12  and supplemental complaints, contain, in two various extents,
13  information that is private and personal to at least one of the
14  litigants named in the complaint.  In one of those filings,
15  Mr. Barber attached, as, I suppose, exhibits, graphic images of
16  Ms. Vance, which I can only conclude he believes support his
17  one or more of the claims in his complaint.
18       I have ordered that all of those documents be placed under
19  seal.  And that means, as the lawyers in the room know, the
20  litigants, their attorneys of record, and the Court have access
21  to the documents, but the general public does not.  And I'll
22  keep those documents under seal until good cause is
23  demonstrated that they not be kept under seal.
24       But because of the nature of the information, both in
25  terms of verbal content and the images attached, I chose, on my

1   own initiative, to place the documents under seal.  That is not
2   usual.  From time to time, we do that as judges.
3       All right.  The complaint was filed in November of last
4   year on the 1st.  Mr. Barber recently filed in the case file
5   certifications of service of the complaint.  In the Court's
6   view, at least with respect -- because of the -- the
7   certificates of service, the case is now at issue, and the
8   defendants can make whatever appearance for whatever purposes
9   they have in mind to make.
10      At this time, I'm going to set the following deadlines in
11  the case.  Of course the time for answering or otherwise filing
12  a responsive pleading to the complaint will be the time set
13  for -- for that task in the civil rules, so I won't alter that
14  particular deadline unless I receive, from a lawyer of record,
15  a request for an extension of time to answer or otherwise
16  respond to the complaint.
17      I'm going to set the discovery close date for July 7,
18  2017.  That means that is the date on which all discovery in
19  the case must be completed, not initiated with responses to
20  come after of the July 7 date, but must be completed.  The
21  alternative dispute resolution report date will also be
22  July 7th.
23      The alternative dispute resolution report is a joint
24  submission by the parties which require the parties to advise
25  the Court what discussions, if any, they have had regarding

1  settlement.  It is not a requirement to settle the case.  It is
2  simply a status report.
3       I will set the date for the filing of dispositive motions
4  for Friday, August 11.
5       With respect to amendments to pleadings, because
6  Mr. Barber has demonstrated an inclination to file what he
7  believes are amendments to his complaint, I'm going to set a
8  specific date by which all pleadings must be amended, all
9  parties joined, all claims asserted.  Today is March 2nd.  If
10 we have a discovery close date of July 7, I will set the
11 deadline for amending pleadings at Friday, May 12.
12      In the event the pleadings are amended, that will give
13 everyone plenty of time to conduct follow-up discovery on any
14 new claims or new parties.
15      Of course these deadlines are not final.  As we know, the
16 typical deadlines, these deadlines, are often extended in
17 cases -- certainly at least once, if not more than once.  But
18 these are the initial deadlines that the parties should work
19 with at this time.
20      With respect to filings of any document over ten pages,
21 judge's copies must be provided.
22      Mr. Barber has filed at least two separate documents that
23 have been accompanied by hundreds of pages of exhibits.  The
24 Court will not print out those documents.  Mr. Barber is
25 obligated, as are all parties, under Local Rule 5-10, to

1  provide judge's copies of any document filed with the Court
2  that also exceeds 10 pages. So that is a requirement.
3      All right. The other thing I will cover, because I always
4  cover it in a Rule 16 conference, is consent to jurisdiction by
5  magistrate judge. Parties are not required to consent, and
6  there is no penalty or negative consequence if a party chooses
7  not to consent. And consent may be given at any time in a
8  case, even after all of the pretrial proceedings have
9  concluded. So I would just ask the parties, the lawyers, the
10 litigants, to advise the Court, if they are able, within 10
11 days of today, if they will consent to jurisdiction by
12 magistrate judge.
13     If consent is given, it must be given in written form and
14 that form must be filed in hard form, hard copy form, with the
15 court. It cannot be filed electronically. And, as I said,
16 there are not consequences for not consenting.
17     All right. Mr. Davis, Ms. Olson, I know you are here for
18 the Court's convenience, but if either of you have questions
19 that you would like to address to the Court at this time, I'm
20 happy to hear them.
21     Mr. Davis -- Davies. Sorry.
22         MR. DAVIS: Thank you, Your Honor. It is "Davis."
23         THE COURT: Thank you.
24         MR. DAVIS: At this time I do not even formally
25 represent any of the State defendants. I have not formally

1  been appointed to do that, but I am monitoring the matter.
2        With that in mind, I'm unable to consent on any of the
3  defendants' behalf.  And I am just monitoring that.  That's all
4  I really have to offer.
5             THE COURT:  All right.
6             MR. DAVIS:  Thank you.
7             THE COURT:  Thank you.
8        Ms. Olson, any questions or comments?
9             MS. OLSON:  Just a question for clarity.  You said
10 something to the effect that you view the case as being at
11 issue.  Can you -- can you flesh that out a little bit for us?
12            THE COURT:  Let me rephrase that because I think I --
13 I realized, as I spoke the word, I probably created some
14 anxiety for one or both of you because that is a term of art in
15 our profession.  What I meant by that and what I mean is
16 insofar as Mr. Barber is required to file proof of service, he
17 has now done that.  I make no other observation and express no
18 opinion, legal or otherwise, whether the service he represents
19 he made on the defendants complies with the requirements of the
20 Civil Rules of Procedure.  That's what that means.
21       Of course, I can't tell Mr. Barber, nor can my staff or
22 anyone in the court clerk's office, what to do, and we cannot
23 give him legal advice, and I can't and won't pretend to give
24 any of you legal advice or guidance.  Whether or not the
25 defendants believe the service was properly accomplished

```
 1   consistent with our local rules is not a decision up to me at
 2   this time because it's not before me.  It is up to the lawyers
 3   who represent or might represent either or both of the
 4   defendants named in the case to advise their clients about.
 5       Ms. Olson, did that answer your question?  Not really?
 6             MS. OLSON:  I understand, but the Court set set dates
 7   that seem to presume that there -- that the case is at issue
 8   and --
 9             THE COURT:  Not necessarily.  So let me address that.
10       If Mr. Barber were the only person present, or even if he
11   weren't here and I was making a record, as I have done from
12   time to time in cases where, including a pro se litigant, has
13   filed a case as the plaintiff but perhaps not appeared, I still
14   set dates, and here's the reason:  When someone files a
15   lawsuit, as we know, it is their burden to move the lawsuit
16   forward.  If any of you, either of you, have represented a
17   party as a defendant in your career, and I suspect you have,
18   you know that sometimes, excuse me, plaintiffs file lawsuits
19   but then don't prosecute the lawsuit consistent with the
20   requirements of either the Court's rules or scheduling dates.
21       At some point in that particular case the defendant might
22   file a motion with the Court, moving to dismiss for failure to
23   prosecute.
24       If there are no defendants because there has been no
25   service accomplished, it is not uncommon for me to set a show
```

1  cause hearing requiring the plaintiff, whether that plaintiff
2  be pro se or represented by counsel, to show cause why -- why
3  his or her case should not be dismissed because it seems from
4  the Court's review of the docket there has been nothing
5  happening.
6      So that's what I mean by that.  That's what I mean by
7  setting dates.  Mr. Barber now has dates.  It is his
8  responsibility to ensure the case moves forward, including,
9  among other things, properly serving the defendants.
10      If the case does not move forward, consistent with my
11 practice, then I will hold a show cause hearing, issue a show
12 cause order, and then hold a hearing so that Mr. Barber can
13 explain the reasons why the case seems not to be making
14 progress.
15      Better answer, Ms. Olson?
16          MS. OLSON:  Better answer.
17      Would that show cause hearing also be in person?
18          THE COURT:  It is my practice to hold show cause
19 hearings in person, and that applies to cases involving pro se
20 litigants and cases where all the parties are represented by
21 counsel.
22          MS. OLSON:  Thank you, Your Honor.
23          THE COURT:  You bet.
24      Mr. Davis, anything to follow up on what Ms. Olson and I
25 talked about?

```
 1           MR. DAVIS:  No, Your Honor.
 2           THE COURT:  All right.  I appreciate both of you
 3  being here and coming into the well, at the Court's request,
 4  for the Court's convenience.
 5      With that, we are adjourned.
 6      I'll ask the court reporter to prepare the transcript and
 7  file it in the court docket.
 8      All right.  Thank you.
 9           MS. OLSON:  Thank you, Your Honor.
10           MR. DAVIS:  Thank you.
11           THE COURT:  Thanks, Jill.
12                    (Hearing concluded.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                      C E R T I F I C A T E
 2
 3           Benjamin Barber v. Meagan Vance, et al.
 4                        3:16-cv-02105-AC
 5                       RULE 16 CONFERENCE
 6                         March 2, 2017
 7
 8           I certify, by signing below, that the foregoing is a
 9   true and correct transcript of the record, taken by
10   stenographic means, of the proceedings in the above-entitled
11   cause.  A transcript without an original signature, conformed
12   signature, or digitally signed signature is not certified.
13
14   /s/Jill L. Jessup, CSR, RMR, RDR, CRR
     _____
15
     Official Court Reporter      Signature Date: 4/17/2017
16   Oregon CSR No. 98-0346       CSR Expiration Date:  9/30/17
17
18
19
20
21
22
23
24
25
```