ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS  #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

Attorneys for Defendants Ellen Rosenblum, Brad Avakian, Kate Brown, Ben Cannon, Lynne Saxton

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BENJAMIN BARBER,<br><br>        Plaintiff,<br><br>    v.<br><br>MEAGAN VANCE in her personal capacity and ELLEN ROSENBLUM, BRAD AVAKIAN, KATE BROWN, BEN CANNON, LYNNE SAXTON in their official capacity,<br><br>        Defendants. | Case No.  3:16-cv-02105-AC<br><br>REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS |

In his "Response to States [sic] Motion to Dismiss" (ECF No. 68, hereinafter "Response"), Plaintiff does two main things.  First, he rehashes his grievances with the constitutionality of his conviction for Unlawful Dissemination of an Intimate Image under ORS 163.472.  Second, he veers sharply away from any relevant issue and toward conspiracy-peddling and generalized complaints about the adequacy of Oregon government.  The Court should refrain from intervening in the former and should disregard the latter.

Page 1 -   REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
        JBD/ts6/8276191-v1
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

I.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY.**

   A.  **Plaintiff's First Claim should be dismissed because he is a fugitive.**

Plaintiff plainly admits that he is a fugitive. Response at 2, 4. He makes no argument that the fugitive disentitlement doctrine should not defeat his First Claim.[1] Instead, Plaintiff makes some kind of offer to file a writ of habeas corpus, place the direct appeal fee in escrow, and then appear at the habeas corpus hearing. Response at 4.[2] Plaintiff continues to play fast and loose with this Court's and the government's lawful authority. If Plaintiff wishes to contest the lawfulness of his conviction, he must follow the rules. The fugitive disentitlement doctrine is one such rule. It provides that he if attacks his conviction while simultaneously evading incarceration, the Court may dismiss his action. *See Atilano v. Gilbert*, 65 F.3d 174, *1 (9th Cir. 1995) (unpublished) (affirming dismissal of § 1983 action). The Court should do so.

   B.  **Under either *Younger* abstention or the rule of *Heck v. Humphrey*, the Court should reject Plaintiff's First Claim and other claim having any connection to his conviction.**

Even if the Court did not dismiss Plaintiff's First Claim under fugitive disentitlement, *Younger* and *Heck* would bar that claim. Plaintiff's efforts to avoid *Younger* and *Heck* are not persuasive. S*ee* Response at 5-7.

Plaintiff contends that *Younger* and *Heck* do not apply because ORS 163.472 continues to infringe his freedom of speech. Plaintiff notes, by way of example, that he has generated an intimate image of Ms. Vance, and that he "could also import the image into a website capable of rendering a 3d video game on the Quake 3 engine, perhaps with the title 'Meagan Vance revenger porn simulator", where users could generate 60 intimate images per second uploaded to youtube live." Response at 5 (as in original).[3]

---

[1] As used herein, the claim numbers refer to the claims as enumerated in paragraphs 1 through 7 of the operative Complaint (ECF No. 38).

[2] In fact, after making the "offer" contained in his Response, Mr. Barber did file two documents each entitled Petition for Writ of Habeas Corpus. *See* ECF Nos. 71, 72.

[3] In fact, Plaintiff did include a copy of that intimate in the documents and exhibits he filed along with his Response. *See* ECF No. 68-1, at 437. The State Defendants believe, based on the Court's remarks made on the record at the Rule 16 conference on March 2, 2017, that this

Page 2 -   REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Whether Plaintiff could perhaps assert an ongoing, unconstitutional deprivation of his speech rights is not before this Court because Plaintiff's operative complaint alleges no facts that would support such a claim. Plaintiff's allegations regarding free speech all focus on ORS 163.472 as applied during his criminal prosecution. Plaintiff's passing reference to his video game idea is not enough to state a § 1983 claim for an ongoing violation of the First Amendment, even if the Court were to permit Plaintiff's briefing on the Motion to Dismiss to operate as an amendment to his Complaint.

Plaintiff's contention that *Younger* does not bar his copyright argument is also incorrect. The question whether federal preemption regarding copyright matters provides a basis to assert either that his criminal conviction or his sentence were unlawful was squarely within the jurisdiction of the state court. Indeed, Oregon's courts have shown themselves to be receptive federal copyright law preemption as a defense. *See State v. Oidor*, 254 Or App 12, 20 (2012) *opinion adhered to as modified on reconsideration*, 258 Or App 459 (2013) (overturning conviction based on Oregon criminal statute based on preemption by federal copyright law). Plaintiff, on direct appeal of his conviction, could have argued that he "was disallowed from filing a motion regarding preemption under copyright grounds." Response at 7. But Plaintiff abandoned that basis for appeal by absconding. Plaintiff cannot do it here.

To the best of undersigned counsel's knowledge, the Court of Appeals has not yet issued its appellate judgment formally terminating Mr. Barber's direct appeal.[4] Thus, Plaintiff's prosecution should be considered an ongoing state criminal proceeding for purposes of *Younger*, and thus barred by *Younger*.

But even if it were not an ongoing proceeding, it would be barred under *Heck*. In opposition, Plaintiff cites *Skinner v. Switzer*, 562 U.S. 521 (2011). In *Skinner*, the Court held that *Heck* did not bar a prisoner from asserting a due process claim under 42 U.S.C. § 1983

---

document will be sealed and not available to the public. If it has not been sealed, the State Defendants respectfully request that it be sealed.

[4] As of Monday, May 22, 2017, the Court of Appeals had not yet issued its Appellate Judgment.

Page 3 -    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

seeking DNA testing of crime-scene evidence and that habeas corpus was not the prisoner's sole remedy. *Skinner*, 562 U.S. at 524, 533-37. The basis for the Court's holding was that the remedy sought, obtaining a DNA test, would not necessarily be exculpatory or even favorable to the prisoner. *Id*. at 536-37 (stating, "[u]nlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment.").

*Skinner* does not help Plaintiff. Plaintiff's alleges that ORS 163.472 is an unconstitutional restriction of speech. If this Court were to agree, it would necessarily result in the invalidation of his conviction. Likewise, a conclusion by this Court that federal preemption of copyright law extinguishes ORS 163.472, or renders invalid some or all of his sentence under that statute, would necessarily be "favorable to the defendant and material to his guilt or punishment." *Id*. Where that is so, *Heck* operates as a complete bar. *Id* at 533. *Heck* defeats this claim and any other attempt Plaintiff might make to assert it.

### C. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution to the extent that Plaintiff seeks retrospective relief or seeks to assert state law claims in this Court.

#### 1. The federal Copyright Act, the Violence Against Women Act, and the Oregon Tort Claims Act do not abrogate or waive State Defendants' Eleventh Amendment immunity.

Plaintiff cites several statutes that he contends waive or abrogate the State Defendants' Eleventh Amendment immunity. Those include the federal Copyright Act, the Violence Against Women Act, and the Oregon Tort Claims Act. Plaintiff is incorrect.

First, Plaintiff includes a block quotation from the federal Copyright Act that purports to abrogate a state's Eleventh Amendment immunity. Response at 9. Although Plaintiff does not provide a citation for it, that quotation is from 17 U.S.C. § 511(a).[5] This Court has concluded

---

[5] 17 U.S.C. § 511(a) provides as follows:

> Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be

Page 4 -   REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

that 17 U.S.C. § 511 does not validly abrogate the State of Oregon's Eleventh Amendment immunity under Article I of the United States Constitution. *Oracle Am., Inc. v. Oregon Health Ins. Exch. Corp.*, 80 F. Supp. 3d 1168, 1172 (D. Or. 2015) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996). Likewise, in *Oracle*, this Court held that congress did not abrogate Oregon's Eleventh Amendment immunity pursuant to Section 5 of the Fourteenth Amendment. *Id.* (citing cases, including *Chavez v. Arte Publico Press*, 204 F.3d 601, 604 (5th Cir. 2000). Even if Plaintiff's copyright claim were somehow to survive fugitive disentitlement, *Younger*, and *Heck*, it cannot survive Eleventh Amendment immunity. State Defendants urge the Court to follow its rulings in *Oracle*, and dismiss all theories based on copyright law.

Second, Plaintiff's invocation of the Violence Against Women Act, Response at 10-11, fails because its purported abrogation of Eleventh Amendment immunity, 42 U.S.C. § 13981, is unconstitutional. *United States v. Morrison*, 529 U.S. 598, 617-18, 624-627 (2000) (holding that neither the Commerce Clause nor Section 5 of the Fourteenth Amendment validly abrogate immunity). Plaintiff does not contend otherwise. Plaintiff's Fourth Claim should be dismissed.

Third, Plaintiff cites the Oregon Tort Claims Act as a "limited waiver of sovereign immunity." Response at 11. The waiver of immunity in OTCA is indeed "limited," that is, limited to suits filed in Oregon's courts. *Estate of Pond v. Oregon,* 322 F.Supp.2d 1161, 1165 (D. Or. 2004). It is not the kind of unmistakably clear statement that will constitute waiver. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (waiver exists "only where stated by the most express language or by such overwhelming implications from the text (will) leave no room for any other reasonable construction") (citation omitted), *overruled on other grounds*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Any claim based in state law must be dismissed.

---

immune, under the Eleventh Amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or nongovernmental entity, for a violation of any of the exclusive rights of a copyright owner provided by sections 106 through 122, for importing copies of phonorecords in violation of section 602, or for any other violation under this title.

Page 5 -    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

      **2.**      **Plaintiff cannot successfully invoke *Ex parte Young*'s exception to Eleventh Amendment immunity for prospective relief to remedy ongoing violations of federal law.**

Plaintiff refers to the *Ex parte Young* exception to the Eleventh Amendment, Response at 7-8, but does not explain how it helps him. And it does not. That is because he fails to identify how any State Defendant is engaged in any ongoing violation of rights protected by federal law that would be addressed by prospective injunctive or declaratory relief. *Ex parte Young,* 209 U.S. 123, 155-56 (1908). The *Ex parte Young* doctrine "is narrow" and "applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past . . . ." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 146 (1993) (citations omitted). As argued in the Motion to Dismiss, Plaintiff's grievances are all best characterized as retrospective. *See* Motion at 11. State Defendants refer the court to those arguments and will not reiterate them here.

    **D.**    **Plaintiff fails to state claims under 42 U.S.C. §§ 2000d, 2000a, and 2000c.**

In his Fifth, Sixth, and Seventh Claims, Plaintiff alleges claims under 42 U.S.C. §§ 2000d, 2000a, and 2000c, respectively.[6] Plaintiff fails to state any such claim.

      **1.**      **Plaintiff fails to state a claim against any State Defendant under 42 U.S.C. § 2000d. (Fifth Claim)**

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*., prohibits discrimination based on race, color, or national origin by any program or activity receiving federal financial assistance. Title VI does not provide a remedy for discrimination based on gender. *Gebser v. Lago Vista Indep. Sch. Dist*., 524 U.S. 274, 286 (1998). Thus, none of Plaintiff's allegations regarding gender are cognizable under Title VI.

To state a claim under Title VI, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.,* 29 F.3d 1439, 1447 (9th Cir.1994) (citations

---

[6] Plaintiff claims that these claims are permitted by a valid waiver or abrogation of Eleventh Amendment immunity. State Defendants do not waive any arguments they may have based on Eleventh Amendment immunity; the current motion, however, is confined to arguments that Plaintiff fails to plead facts sufficient to constitute a claim for relief.

Page 6 -    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

omitted), *overruled on other grounds, Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131 (9th Cir.2001).

First, Plaintiff fails to allege that an *entity* is engaged in discrimination. Plaintiff names as defendants the government officials—persons—in their official capacities; he names no entities at all. No persons, whether named in their individual or official capacities, can be liable under 42 U.S.C. § 2000d if they are not the recipients of federal funds. *Hariri v. Portland State Univ.*, 2016 WL 2595476 (D. Or. 2016) (citing *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1019-1020 (7th Cir. 1997)). Plaintiff does not allege that the State Defendants themselves receive federal funds.

Second, Plaintiff fails to allege that any of the agencies headed by the State Defendants—the Department of Justice, the Bureau of Labor and Industries, the Higher Education Coordinating Commission, and the Oregon Health Authority—are recipients of federal funds. Instead, Plaintiff alleges that, for example, "Worksystems" receives federal funds and claims that the City of Portland provided a tax abatement to Jaguar Land Rover. Compl. ¶¶ 53, 55. Plaintiff alleges no links to the State Defendants' agencies' funding or operations.

Finally, Plaintiff fails to support any kind of plausible inference that the State Defendants or their agencies caused him any harm. *See Joseph v. Boise State Univ.*, 998 F.Supp.2d 928, 944 (D. Id. 20140 (requiring plaintiff, to state claim under Title VI, to plead that an adverse action was taken against the plaintiff because of the plaintiff's race) (citing *Moss v. U.S. Secret Service*, 572 F.3d 962, 9709 (9th Cir. 2009). In the educational context, a prima facie case of discrimination is "membership in a protected class, meeting the school's legitimate educational expectations, an adverse educational action and worse treatment than that of similarly situated students not in the protected class." *Brewer v. Board of Trustees, Univ. Ill.,* 479 F.3d 908, 921 (7th Cir.2007). For all the reasons discussed above, Plaintiff fails to plead a plausible inference that his alleged harms were caused by the State Defendants' racially discriminatory actions or inactions. Plaintiff's Fifth Claim should be dismissed.

Page 7 -    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### 2. Plaintiff fails to state a claim against any State Defendant under 42 U.S.C. § 2000a.  (Sixth Claim)

Plaintiff cannot state a claim under Title II of the Civil Rights Act, 42 U.S.C. §§ 2000a *et seq*.  Title II proscribes discrimination based on race in "places of public accommodation."  42 U.S.C. § 2000a.  It provides only for injunctive relief; damages are not available.  42 U.S.C. § 2000a-3; *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 401 (1968).  It does not proscribe gender-based discrimination.  *Slaby v. Fairbridge*, 3 F.Supp.2d 22, 30 (D.D.C. 1998).  Plaintiff's grievances regarding gender discrimination are not cognizable under Title II.

A plaintiff establishes a prima facie case of Title II public accommodation discrimination by showing that he or she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class.  *McCoy v. Homestead Studio Suites Hotels*, 390 F.Supp.2d 577, 584 (S.D.Tex. 2005), *aff'd*, 177 *Fed. Appx*. 442 (5th Cir. 2006).

Plaintiff does not and cannot plead that any of the State Defendants are within the narrow scope of the statutory phrase "places of public accommodation:"

> Title II covers only places, lodgings, facilities and establishments open to the public, and applies to organizations only when they are affiliated with a place open to the public and membership in the organization is a necessary predicate to use of the facility.  When the organization is unconnected to entry into a public place or facility, the plain language of Title II makes the statute inapplicable.

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 756 (9th Cir. 1994).  The State Defendants are people; they are not places or organizations.  Further, nothing in Plaintiff's Complaint suggests that the agencies the State Defendants lead are places of public accommodation or organizations that controlled access to a public place or facility of which Plaintiff was denied use.  Instead, Plaintiff contends that he was denied entry to certain "women-only" events within the City of Portland that were organized by Worksystems and Jaguar Land Rover.  Compl. ¶¶ 53-54.  Nothing suggests that any of the State Defendants or their agencies controlled entry to that event.

Page 8 -   REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Finally, for the same reasons as discussed above regarding Title VI, Plaintiff's Title II claim fails because Plaintiff again fails to demonstrate how any State Defendant caused him any cognizable harm.  For all of these reasons, Plaintiff fails to state a Title II claim against any State Defendants.   Plaintiff's Sixth Claim should be dismissed.

### 3. Plaintiff fails to state a claim against any State Defendant under 42 U.S.C. § 2000c.  (Seventh Claim)

Plaintiff cannot state a claim under Title IV of the Civil Rights Act, 42 U.S.C. §§ 2000c *et seq*.  Nothing in Title IV creates a private right of action.  *Parent Ass'n v. Andrew Jackson High Sch. v. Ambach*, 598 F.2d 705, 715-16 (2d Cir. 1979).  Instead, it authorizes the Attorney General to bring school desegregation suits, and in any event does not expand the power of the Court beyond what already existed to enforce the Equal Protection Clause.  *Id*. (citing Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 17-18 (1971)).  This is not a school desegregation case, and Plaintiff is not the Attorney General.  Plaintiff again fails to make plausible allegations of the State Defendants' involvement or any harm necessary to support a Title IV claim.  Therefore, Plaintiff's Seventh Claim should be dismissed.

### E. Plaintiff fails to connect any individual State Defendants actions to any of his claims for relief.

State Defendants argued in their Motion that Plaintiff's allegations do not sufficiently implicate the individual State Defendants' actions to support liability.  Motion at 12-16.  Plaintiff's response to that argument does not address the Complaint's content, and instead embarks on a voyage of innuendo regarding the State Defendants or their agencies that have no relevance to the allegations of this case.  *See* Response at 11-15.  Without exploring them in detail, those allegations do not—and would not, even if they were permitted to amend the Complaint—provide the kind of direct involvement by the State Defendants that plausibly suggests that they could be liable on any of Plaintiff's claims.  All claims should be dismissed

Page 9 -    REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**II. ALTERNATIVELY, STATE DEFENDANTS REQUEST THAT THE COURT ORDER PLAINTIFF TO MAKE HIS COMPLAINT MORE DEFINITE AND CERTAIN.**

Should the Court permit any part of this action to go forward, or permit Plaintiff to replead in any respect, State Defendants respectfully request that the Court direct Plaintiff to make his complaint more definite and certain. Fed. R. Civ. P. 12(e). Plaintiff's allegations continue to multiply and spread across numerous documents. They are extremely difficult to locate and understand. And they fail to properly apprise the State Defendants of the nature of the claims against them.

**III. CONCLUSION**

For all of the reasons stated above, the Court should grant State Defendants' Motion to Dismiss, or alternatively, direct Plaintiff to make his claims more definite and certain and to limit his pleadings to those facts necessary to make a short and plain statement showing how he is entitled to relief.

DATED May __25__, 2017.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Jesse B. Davis_
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
jesse.b.davis@doj.state.or.us
Of Attorneys for State Defendants

Page 10 -  REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
JBD/ts6/8276191-v1
    Department of Justice
    100 SW Market Street
    Portland, OR 97201
    (971) 673-1880 / Fax: (971) 673-5000