**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

      Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN BARBER,<br><br>      Plaintiff,<br><br>v.<br><br>MEAGAN VANCE, STATE OF OREGON, *et al*,<br><br>      Defendants. | Case No.: 3:16-cv-02105-AC<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT MEAGAN VANCE'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)** |

### INTRODUCTION

On November 1, 2016, plaintiff Benjamin Barber ("Plaintiff") filed this civil suit against defendants Meagan Vance and the State of Oregon alleging that "Defendants did knowingly maliciously prosecute plaintiff for the publication of consentually [sic] made pornography made for commercial purpose, and did engage in exhortion [sic] of the plaintiff." (Docket #1) The complaint further sought to restrain the State of Oregon from proceeding with Plaintiff's then-imminent state court criminal trial in which he was charged with nine counts of Unlawful Dissemination on an Intimate Image in which Ms. Vance was the named victim. (Docket #1, p.

**PAGE 1 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

6; Olson Decl., Exh. 1) The November 1, 2016 civil complaint was not served on Ms. Vance. *See* Docket #7 (Summons and Return Receipt showing service only on Oregon Attorney General).

The Court denied Plaintiff's request for a temporary restraining order on November 9, 2016 (Docket #9), and the criminal case against Plaintiff proceeded to trial that day and the following day. The jury returned a verdict finding Plaintiff guilty of five counts of Unlawful Dissemination of an Intimate Image. (Olson Decl., Exhs. 2-3) Sentencing was held December 1, 2016. (Olson Decl., Exhs. 3-4) Plaintiff was ordered to turn himself in to serve his six month sentence the following day, and failed to appear. (Olson Decl., Exh. 4) He remains at large.

On February 21, 2017, Plaintiff filed another complaint in this case, which named Ms. Vance, Ellen Rosenblum, Brad Avakian, Kate Brown, Ben Cannon, and Lynne Saxton as defendants, and which alleged various federal constitutional and statutory claims. (Docket #38) The February 21, 2017 complaint was also not served on Ms. Vance. *See* Docket #41 (Fed Ex Office receipts showing no recipients). However, on May 26, 2017, Ms. Vance's undersigned counsel received a copy of the complaint via certified mail, and Ms. Vance has elected not to dispute the validity of service.

Although the nature and scope of Plaintiff's claim against Ms. Vance are difficult to discern at best, the First Claim for Relief seeking relief from Ms. Vance reads as follows:

> "Barber Requests that State of Oregon Stay enforcement of its "unlawful dissemination of an intimate image" statue [sic] and to overturn Barber's conviction for the crime. As an unconstitutional restriction of Barber's speech under the miller standard, and it infringes on a copyright holders and unalienable exclusive rights to consent to disclosure to his own images, and as a content based restriction of speech it be inherently suspect, and ordering the destruction of those images infringes on his copyrights. Plaintiff seeks statutory willfull

**PAGE 2 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

> [sic] copyright infringement fees from both Vance and the State of Oregon which amounts to $150,000 per creative piece of work infringed for a total of 8 solely owned copyrighted items. The Plaintiff requests unspecified compensatory damages for diminished wages and compensation as a result of the conviction in the past and the future, in addition to unspecified punitive damages for intentional infliction of emotional distress from the Defendants."

Complaint, First Claim for Relief (Docket #38, pp. 8-9).

It is apparent that Plaintiff's claim against Ms. Vance arises from the prosecution of Plaintiff by the Washington County District Attorney and resulting conviction for Unlawful Dissemination of an Intimate Image, in violation of ORS 163.472, and the subsequent conditions of his sentence that restrict him from further possessing or disseminating intimate images of Ms. Vance. (*See* Olson Decl., Exh. 3, p. 4[1]; Exh. 4)  The successful prosecution of Plaintiff arose from Ms. Vance's statements, in the form of her report to police and her testimony at trial..

Plaintiff's lawsuit against Ms. Vance is barred by, among other privileges and immunities, Oregon's anti-SLAPP law because it is a suit that is based on speech that is privileged in Oregon and because it seeks to punish Ms. Vance for the exercise of constitutional rights of petition and speech that resulted in Plaintiff's arrest, prosecution, conviction, and sentence that includes prohibition of further distribution of Ms. Vance's intimate images. Olson Decl. Exhs 1-4.

Plaintiff is using the power of the court to harass and intimidate Ms. Vance by filing a frivolous lawsuit against her for seeking to protect herself from Plaintiff, and this court should dismiss this lawsuit and award Ms. Vance her costs and attorney fees pursuant to ORS

---

[1] The conditions of Plaintiff's probation include: "Defendant shall remove, in collaboration with his Probation Officer, all images and videos of victim from his computer. Defendant shall remove, in collaboration with his Probation Officer, all images and videos of victim from the internet."

**PAGE 3 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

31.152(3). *See also* 28 U.S.C. § 1927 and *Wages v. Internal Revenue Service.*, 915 F.2d 1230 (9th Cir. 1993) (applying 28 U.S.C. § 1927 sanctions for frivolous litigation to *pro se* litigant).

ARGUMENT

1. **The Legal Standard for Special Motions to Strike Pursuant to ORS 31.150.**

ORS 31.150 *et seq.* is Oregon's remedy to SLAPP litigation ("Strategic Lawsuits Against Public Participation"). The relevant provisions of ORS 31.150 read as follows:

> "(1) A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the Plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the Plaintiff will prevail on the claim. The special motion to strike shall be treated as a motion to dismiss under ORCP 21 A but shall not be subject to ORCP 21 F. Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice. If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion.
>
> (2) A special motion to strike may be made under this section against any claim in a civil action that arises out of:
>
>    (a) Any oral statement made, or written or other document submitted, in a * * * executive or judicial proceeding or other proceeding authorized by law;
>
>    (b) Any oral statement made, or written or other document submitted, in connection with an issue under consideration or review by a * * * judicial body or other proceeding authorized by law;
>
>    (c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
>
>    (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

**PAGE 4 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

> (3) A defendant making a special motion to strike under the provisions of this section has the initial burden of making a *prima facie* showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the Plaintiff in the action to establish that there is a probability that the Plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case. If the Plaintiff meets this burden, the court shall deny the motion.
>
> (4) In making a determination under subsection (1) of this section, the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
>
> (5) If the court determines that the Plaintiff has established a probability that the Plaintiff will prevail on the claim:
>
>> (a) The fact that the determination has been made and the substance of the determination may not be admitted in evidence at any later stage of the case; and
>>
>> (b) The determination does not affect the burden of proof or standard of proof that is applied in the proceeding."

Although Plaintiff's complaint is virtually incomprehensible, to the extent the allegations against Ms. Vance "arise out of" anything other than Plaintiff's personal vendetta against her, they "arise out of" Ms. Vance's exercise of protected rights to petition police, prosecutors, and courts for protection from Plaintiff, and from other protected communications, and therefore they must be dismissed pursuant to ORS 31.150.  *See also Schwern v. Plunkett*, 845 F.3d 1241 (2017) (dismissing defamation and all other claims brought by plaintiff against his ex-wife after she reported that he had sexually assaulted her).

2.  **Plaintiff's Complaint Arises Out Of Ms. Vance's Exercise of her Constitutional Rights of Free Speech and Petition.**

Ms. Vance's reports to police and the courts that Plaintiff had unlawfully disseminated intimate images of her were statements "in connection with an issue under consideration or

**PAGE 5 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

review by a * * * judicial body or other proceeding authorized by law." ORS 31.150(2)(b). A court is a "judicial body." *E.g. State v. Atkinson*, 298 Or 1, 6 (1984). Ms. Vance's statements to police were made "in connection with an issue under consideration or review" by the Washington County Circuit Court, i.e. whether Plaintiff had unlawfully disseminated intimate images of her.

Additionally, Ms. Vance's statements were "made * * * in connection with an * * * other proceeding authorized by law. . ." ORS 31.150(2)(b). A statement made in a criminal investigation, as with statements made in other investigations that lead or may lead to litigation, are statements "made * * * in connection with a proceeding authorized by law." *Wollam v. Brandt*, 154 Or App 156 (1998); *see Ramstead v. Morgan*, 219 Or 383, 388-393 (1959) (collecting cases); *see also* 3 Restatement, Torts, Vol. 3, §§ 587 ("A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of a judicial proceeding in which he participates, if the matter has some relation thereto. . . ." and 588 ("A witness is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding and as a part of a judicial proceeding in which he is testifying, if it has some relation thereto."); *Parker v. Title & Trust Co.*, 233 F.2d 505 (9th Cir. 1956), *rehearing denied* 237 F.2d 423).

A special motion to strike a claim in a civil case is proper when the case "arises out of" statements made in criminal investigation, or any other conduct in furtherance of the exercise of the constitutional rights of petition and free speech. ORS 31.150(2). This is particularly so when the societal interest at issue is significant, as in the case of sexual harassment:

**PAGE 6 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

> "[The] privilege] rests upon the same idea, that conduct which
> otherwise would be actionable is to escape liability because the
> defendant is acting in furtherance of some interest of social
> importance, which is entitled to protection even at the expense of
> uncompensated harm to the Plaintiff's reputation.  The interest thus
> favored may be one of the defendant himself, of a third person, or
> of the general public.  If it is one of paramount importance,
> considerations of policy may require that the defendant's immunity
> for false statements be absolute, without regard to his purpose or
> motive, or the reasonableness of his conduct. * * *."

Prosser, Torts § 114, p 776 (4th ed 1971).

This lawsuit was filed as a pretext to harass, intimidate, and retaliate against Ms. Vance for reporting Plaintiff's unlawful dissemination of intimate images of her to law enforcement and the court, and her efforts to prevent further unlawful dissemination.  While the Plaintiff has not relinquished his constitutional rights as a result of his criminal conduct, "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F2d 351, 353 (10th Cir. 1989) (citation omitted); *see also Bill Johnson's Restaurants, Inc. v. National Labor Relations Board*, 461 U.S. 731, 743 (1983) and 28 U.S.C. § 1927.

**3.     ORS 31.150(2)(d) Applies to Ms. Vance's Statements to Police and Others.**

Ms. Vance's statements to police and others were "other conduct in furtherance of the exercise of [her] constitutional right of petition * * * in connection with a public issue or an issue of public interest."  ORS 31.250(d).

**A.     Reporting Criminal Activity to Police is the Exercise of a Constitutional Right to Petition the Government for a Redress of Grievances.**

Ms. Vance's statements to police and others were an exercise of her constitutional right to petition the government for a redress of her grievance that Plaintiff had unlawfully

**PAGE 7 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

disseminated intimate images of her. Reporting criminal activity is protected by the First Amendment[2] because the Supreme Court has made it clear that the right to petition includes "all departments of the Government." *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *see also Gable v. Lewis*, 201 F.3d 769, 771 (6th Cir. 2000) ("Submission of complaints and criticisms to nonlegislative and nonjudicial public agencies like a police department constitutes petitioning activity protected by the petition clause"); *Estate of Morris ex rel. Morris v. Dapolito*, 297 F.Supp. 2d 680, 692 (S.D.N.Y. 2004) (swearing out a criminal complaint against a high school teacher for assault and seeking his arrest were protected First Amendment petitioning activities); *Lott v. Andrews Ctr.*, 259 F.Supp.2d 564, 568 (E.D. Tex. 2003) ("There is no doubt that filing a legitimate criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right"); *United States v. Hylton*, 558 F.Supp. 872, 874 (S.D. Tex. 1982) (same); *Curry v. State*, 811 So.2d 736, 743 (Fla. Dist. Ct. App. 2002) (complaints, though numerous, to law enforcement agencies are protected First Amendment activity regardless of "unsavory motivation" of petitioner).

---

[2] A similar provision exists in the Oregon Constitution, which is equally applicable to Ms. Vance's statements to police:

> "No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

Or.Const. Art. I, § 8.

**PAGE 8 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

Moreover, while Ms. Vance had no legal requirement to report Plaintiff's actions toward her, public policy has for centuries either required or strongly encouraged private citizens to report criminal activity:

> "Concealment of crime has been condemned throughout our history. The citizen's duty to "raise the `hue and cry' and report felonies to the authorities," *Branzburg* v. *Hayes*, 408 U.S. 665, 696 (1972), was an established tenet of Anglo-Saxon law at least as early as the 13th century. 2 W. Holdsworth, History of English Law 101-102 (3d ed. 1927); 4 *id.*, at 521-522; *see* Statute of Westminster First, 3 Edw. 1, ch. 9, p. 43 (1275); Statute of Westminster Second, 13 Edw. 1, chs. 1, 4, and 6, pp. 112-115 (1285). The first Congress of the United States enacted a statute imposing criminal penalties upon anyone who, "having knowledge of the actual commission of [certain felonies,] shall conceal, and not as soon as may be disclose and make known the same to [the appropriate] authority. . . ." Act of Apr. 30, 1790, § 6, 1 Stat. 113.[3] Although the term "misprision of felony" now has an archaic ring, gross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship."

*Roberts v. United States*, 445 U.S. 552, 557-58 (1980). Indeed, such information has been privileged for centuries: "[I]nformation which [a private citizen] has of the commission of an offence against [the laws of his country] * * * is a privileged and confidential communication, for which no action of libel or slander will lie." *In re Quarles and Butler*, 158 U.S. 532, 535-36 (1895).

Statements made by Ms. Vance in court proceedings were absolutely privileged, because statements made during the course of a judicial proceeding are absolutely privileged. *Vasquez v. Courtney*, 276 Or 1053 (1976) ("Absolute immunity attaches to all statements made

---

[3] The statute, as amended, is still in effect. 18 U.S.C. § 4. It has been construed to require "both knowledge of a crime and some affirmative act of concealment or participation." See *Branzburg* v. *Hayes*, 408 U.S. 665, 696, n. 36 (1972).

**PAGE 9 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

in the course of, or incidental to, a judicial proceeding, so long as they are relevant to the proceedings.").

While the right to petition the government for redress of grievances is not absolute, *e.g. McDonald v. Smith*, 472 U.S. 479 (1985), for purposes of meeting her initial burden under ORS 31.150(2)(d), Ms. Vance must only make a *prima facie* showing that the action filed by the Plaintiff arose out of alleged statements that constituted "conduct in furtherance of the exercise of [Ms. Vance's] constitutional right of petition * * * in connection with a public issue or an issue of public interest." She has met that burden through the evidence submitted, and now Plaintiff must "establish that there is a probability that [he] will prevail on the claim by presenting substantial evidence to support a *prima facie* case." ORS 31.150(3).

**B.    Ms. Vance's Statements to Police and Others Were Made in Connection with a Public Issue or an Issue of Public Interest.**

The enactment and enforcement of laws prohibiting so-called "revenge porn" are "public issue[s]" and "issue[s] of public interest." *See, e.g., In Defense of Animals v. OHSU*, 199 Or App 160, 188 (2005) ("A matter or action is commonly understood to be 'in the public interest' when it affects the community or society as a whole, in contrast to a concern or interest of a private individual or entity"); *Black's Law Dictionary* 1266 (8th ed. 2004) (defining "public interest" as the "general welfare of the public that warrants recognition and protection" and as "[s]omething in which the public as a whole has a stake; esp., an interest that justifies governmental regulation"); *accord Unelko Corp. v. Rooney*, 912 F.2d 1049, 1056 (9th Cir. 1990) (defamatory statement involved a matter of public concern because it "was of general interest and was made available to the general public"). The public interest in the subject is exemplified by the media attention paid to this case. *E.g.* "First person sentenced

**PAGE 10 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

under Ore.'s revenge porn law," CBS News, December 2, 2016, http://www.cbsnews.com/news/benjamin-barber-first-person-sentenced-under-oregon-revenge-porn-law/ (last accessed June 9, 2017).

While no Oregon appellate case defines "public issue" or "public interest" in the context of ORS 31.150, at least one of Oregon's federal district courts has done so, looking to two Multnomah County Circuit Court interpretations for guidance:

> "The two Oregon circuit court cases[4] contain no discussion of this particular issue. But, the fact that the judges in those cases applied the statute to the facts before them suggests that the 'public issue' and 'public interest' terms were broadly interpreted."

*Gardner v. Martino*, Findings and Recommendation, 05-CV-769-HU, September 19, 2005 (Hubel, M.J.), adopted December 13, 2005 (Brown, J.).

Additionally, a second Oregon federal district court held that statements in an ethics complaint filed against a forensic scientist with a professional association he belonged to "constituted an exercise of free speech in connection with a public issue." *Englert v. MacDonnell*, Civil Case No. 05-1863-AA, May 10, 2006 (Aiken, J.). If an ethics complaint filed with a private professional association is speech in connection with a public issue, certainly statements relating to the enactment and enforcement of a law prohibiting the unlawful and vengeful dissemination of intimate images are statements of a "public issue" and a matter of "public interest."

Finally, this jurisdiction has applied the anti-SLAPP law to a variety of claims, including defamation and false light claims arising from a true crime book published about a

---

[4] The two cited cases were *Thale v. Business Journal Publ'ns*, Mult. Co. No. 0402-02160, Order (May 20, 2004) and *Kurdock v. Electro Scientific Indus., Inc.*, Mult. Co. No. 0406-05889, Order (October 15, 2004).

**PAGE 11 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

spousal homicide, *Northon v. Rule*, 357 Fed. Appx. 905 (9th Cir. 2009) and 409 Fed. Appx. 146 (9th Cir. 2011) (affirming Judge Mosman's dismissal pursuant to ORS 31.150 in D.C. No. CV-06-00851-MO), and Intentional Infliction of Emotional Distress and Interference with Prospective Economic Relations, *Schwern v. Plunkett*, 845 F.3d 1241 (2017). Claims arising from speech about the significant privacy violation that results from the vengeful and unlawful dissemination of intimate images warrant similar treatment by this court.

## CONCLUSION

For the reasons set forth herein, defendant Meagan Vance asks the court to dismiss this lawsuit against her pursuant to ORS 31.150.

Further, Ms. Vance asks the court to award costs and attorney fees pursuant to ORS 31.152(3), as well as 28 U.S.C. § 1927.

DATED this 9th day of June, 2017.

> s/ Erin K. Olson
> Erin K. Olson, OSB 934776
> Attorney for Defendant Meagan Vance

**PAGE 12 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4325  EOLSON@ERINOLSONLAW.COM