**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN BARBER,<br><br>               Plaintiff,<br><br>v.<br><br>MEAGAN VANCE, STATE OF OREGON, *et al*,<br><br>               Defendantss | Case No.:  3:16-cv-02105-AC<br><br><br><br><br>**DECLARATION OF ERIN K. OLSON IN SUPPORT OF DEFENDANT MEAGAN VANCE'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150** |

I, Erin K. Olson, under penalty of perjury under the laws of the State of Oregon and the

United States, hereby declare as follows:

    1.      I am the attorney for Meagan Vance in this case.

    2.      Attached hereto as **Exhibit 1** is a true copy of the misdemeanor complaint filed in

*State of Oregon v. Benjamin Jay Barber*, Washington County Case No. 16CR46339.

    3.      Attached hereto as **Exhibit 2** is a true copy of the Sentencing Memorandum filed

by counsel for Benjamin Jay Barber in *State of Oregon v. Benjamin Jay Barber*, Washington

County Case No. 16CR46339.

**PAGE 1 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF DEFENDANT
           MEAGAN VANCE'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS
           31.150**

4.      Attached hereto as **Exhibit 3** is a true copy of the Amended Judgment of conviction and sentencing in *State of Oregon v. Benjamin Jay Barber*, Washington County Case No. 16CR46339.

5.      Attached hereto as **Exhibit 4** is a true copy of the Affidavit filed by Deanna Kemper, Washington County Parole and Probation Officer, seeking a Show Cause Hearing after Benjamin Barber violated his probation conditions and failed to turn himself in to serve his sentence in *State of Oregon v. Benjamin Jay Barber*, Washington County Case No. 16CR46339.

**I declare under penalty of perjury under the laws of the United States of America and the State of Oregon that the foregoing is true and correct.**

EXECUTED this 9th day of June, 2017.

s/ Erin K. Olson_____
Erin K. Olson, OSB 934776
Attorney for Defendant Meagan Vance

**PAGE 1 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF DEFENDANT**
              **MEAGAN VANCE'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS**
              **31.150**

**IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR WASHINGTON COUNTY**

STATE OF OREGON,

                             Plaintiff,

       vs.

BENJAMIN JAY BARBER,

                             Defendant.

**MISDEMEANOR COMPLAINT**

16CR46339
CM
Complaint
5379186

The above named defendant is accused by this information of the crime(s) of

| | | |
|---|---|---|
| Count 1: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |
| Count 2: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |
| Count 3: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |
| Count 4: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |
| Count 5: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |
| Count 6: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |
| Count 7: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |
| Count 8: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |
| Count 9: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472*) |

committed as follows:

COUNT 1
The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

COUNT 2
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Count 1: The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

COUNT 3
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1 and 2: The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

Page 1- Complaint  (DA 345218)

**EXHIBIT 1**
**1 of 3**

COUNT 4
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1-3: The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

COUNT 5
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1-4: The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

COUNT 6
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1-5: The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

COUNT 7
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1-6: The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

COUNT 8
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1-7: The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

**EXHIBIT 1
2 of 3**

COUNT 9
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1-8: The defendant, on or between January 1, 2016 and June 21, 2016, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure Meagan Vance, knowingly caused to be disclosed through an Internet website, an identifiable image of Meagan Vance whose intimate parts were visible and/or who was engaged in sexual conduct, when the defendant knew or reasonably should have known that Meagan Vance did not consent to the disclosure, Meagan Vance was harassed, humiliated and/or injured by the disclosure, and a reasonable person would be harassed, humiliated and/or injured by the disclosure.

Contrary to the statutes and against the peace and dignity of the State of Oregon

Endorsed for prosecution by Washington County District Attorney Bob Hermann.

STATE OF OREGON          )
                         ) ss.
County of Washington     )


I, Marie E Atwood, being first duly sworn, depose and say: That I am a Deputy District Attorney for Washington County, Oregon; That I am the complainant in the foregoing Complaint, that I have read the same, know the contents thereof, and that the same is true as I verily believe.

Marie E Atwood / OSB #132976


SUBSCRIBED AND SWORN to before me on July 25, 2016.

Notary Public for Oregon

**Not ECR Eligible**
DA #345218DV
HBS 50-161740492
DOB ████1985
FPC #: jwas216406403
**Appear – Arraignment on 07/28/2016 at 8:30 AM**

OFFICIAL STAMP
ANDREA MARIE MOLDENHAUER
NOTARY PUBLIC - OREGON
COMMISSION NO 944934
MY COMMISSION EXPIRES DECEMBER 01, 2019

Page 3- Complaint  (DA 345218)

**EXHIBIT 1**
**3 of 3**

1

2                IN THE CIRCUIT COURT OF THE STATE OF OREGON

3                      FOR THE COUNTY OF WASHINGTON

4  STATE OF OREGON,                  )    No. 16CR46339
                                     )
5                   Plaintiff,       )    SENTENCING MEMORANDUM
                                     )
6        vs.                         )
                                     )
7  BENJAMIN JAY BARBER,              )
                                     )
8                   Defendant.       )
                                     )
9                              **FACTS**

10       In July of 2016, Defendant was charged with *nine* counts of Unlawful

11  Dissemination of an Intimate Image (ORS 163.472) by way of a Misdemeanor Complaint.

12  Count 1 alleges as follows:

13       The defendant, on or between January 1, 2016, and June 21, 2016, in
         Washington County, Oregon, did unlawfully, with the intent to harass,
14       humiliate, or injure Meagan Vance, knowingly caused to be disclosed
         through an Internet website, an identifiable image of Meagan Vance whose
15       intimate parts were visible and/or who was engaged in sexual conduct,
         when the defendant knew or reasonably should have known that Meagan
16       Vance did not consent to the disclosure, Meagan Vance was harassed,
         humiliated, and/or injured by the disclosure, and a reasonable person would
17       be harassed, humiliated, and/or injured by the disclosure.
18

19       Counts 2 through 9 charged the same crime, with the same victim, in the same

20  date range, but added language alleging that Counts 2 through 9 constituted "a separate act

21  and transaction but [were] part of crimes that are of the same or similar character and a

22  common scheme and plan as [each other count]."

23       Jury Trial was held on November 9 and 10, 2016. At trial, the State elected a

24  theory that each charge constituted a different Internet website. The Court granted

25  Defendant's motion for a judgment of acquittal as to Counts 6 and 7. The jury acquitted

26  Defendant of Counts 8 and 9. The jury convicted Defendant of Counts 1, 2, 3, 4, and 5.

Count 1 referred to the "Pornhub Website." Count 2 referred to the "Redtube Website."

PAGE 1 -

**EXHIBIT 2**
**Page 1 of 6**
METROPOLITAN PUBLIC DEFENDER
400 E. MAIN STREET, SUITE 210    HILLSBORO, OREGON 97123-4166    503-726-7900    FAX 503-726-4950

1    Count 3 referred to the "Porn.com Website." Count 4 referred to the "TNAflix Website."

2    Count 5 referred to the "Xhampster Website."

3                                **LAW AND ARGUMENT**

4            Defendant contends that all of the counts for which he was convicted should

5    merge into a single conviction. In a case where the charges all involve violation of the

6    same statutory provision, with the same named victim, merger is governed by ORS

7    161.067(3):

8               When the same conduct or criminal episode violates only one statutory
                provision and involves only one victim, but nevertheless involves repeated
9               violations of the same statutory provision against the same victim, there
                are as many separately punishable offenses as there are violations, except
10              that each violation, to be separately punishable under this subsection, must
                be separated from other such violations by a sufficient pause in the
11              defendant's criminal conduct to afford the defendant an opportunity to
                renounce the criminal intent.
12

13           Here, Defendant was convicted of five counts of the same crime - Unlawful

14   Dissemination of an Intimate Image. In all five counts, Meagan Vance was the named

15   victim. In all five counts, the same date range was alleged. Finally, evidence at trial

16   proved that the same content constituted the "intimate images" distributed - a series of

17   four pornographic films created by Defendant and Ms. Vance during the course of their

18   marriage.

19           The issue, therefore, is which counts were separated by a "sufficient pause" in

20   Defendant's conduct to "afford [him] an opportunity to renounce the criminal intent." "A

21   sufficient pause means 'a temporary or brief cessation of a defendant's criminal conduct

22   that occurs between repeated violations and is so marked in scope or quality that it affords

23   a defendant the opportunity to renounce his or her criminal intent.'" *State v. Campbell*,

24   265 Or App 132, 137-138 (2014), citing *State v. Huffman*, 234 Or App 177 (2010). With

25   regard to assault cases, the Courts of Appeal have held that "[t]he mere passage of time,

26   by itself, does not establish that one assault ended before the other began." *Id.* at 138. In

PAGE 2 -

**EXHIBIT 2
Page 2 of 6**

1    other words, merger is proper "where a defendant's conduct is 'continuous and

2    uninterrupted' and where 'there was no evidence that [the defendant] paused his

3    aggression." *Id.*

4         On appeal, the Courts have noted that it is the sufficiency of the evidence in the

5    record that must support a finding of sufficient pause. *Id.* at 138. However, evidence of

6    interruption due to a "'significant' event or intervening party" would support such a

7    finding. *Id.* The Court of Appeals has also phrased this requirement by saying that "[i]n

8    order for a pause to be *between* violations, 'one crime must end before another begins.'"

9    *State v. Reed*, 256 Or App 61 (2013) (emphasis in original). Finally, the burden is on the

10   State to prove that charges do not merge and that a "sufficient pause" occurred. *State v.*

11   *Watkins*, 236 Or app 339, 348 (2010).

12        Recently, the Oregon Court of Appeals heard a strikingly similar case - *State v.*

13   *Howe*, 273 Or App 518 (2015). In *Howe*, Defendant was convicted of three counts of

14   Using a Child in a Display of Sexually Explicit Conduct. The State produced evidence at

15   trial that Defendant allowed a minor to reside at his apartment. While at the apartment,

16   three of Defendant's friends came over and, along with Defendant, forced the minor to

17   participate in five-way sexual intercourse. The State charged Defendant with three counts

18   of Using a Child on the theory that Defendant "knowingly permitted or induced the victim

19   to participate in sexually explicit conduct for a person to observe" (those persons being his

20   three friends, the other participants). A jury convicted Defendant of all three counts.

21   Defendant argued for merger, arguing that the three counts were clearly part of an

22   uninterrupted course of criminal conduct. The State opposed merger, claiming that there

23   was a sufficient pause each time the perpetrators changed sexual positions, during which

24   Defendant could have ceased the entire affair.

25        The trial court refused to merge these three convictions, and Defendant appealed.

26   The Court of Appeals noted that "[f]or defendant's verdicts not to merge here, the state

     was required to prove that there was a 'sufficient pause in *the defendant's* criminal conduct

PAGE 3 -

1    to afford *the defendant* an opportunity to renounce the criminal intent." *Id.* at 522

2    (emphasis in original). However, the Court of Appeals noted that "[t]he state presented no

3    evidence suggesting that there was a pause in defendant's criminal conduct - *viz.*, that

4    defendant stopped permitting the acts to occur in his apartment or relinquished control

5    over them." Thus, based on the evidence presented, merger was appropriate and

6    Defendant should have received only a single conviction for Using a Child in a Display of

7    Sexually Explicit Conduct.

8        The Court of Appeals held similarly in *State v. Cale*, 263 Or App 635 (2014). In

9    that case, Defendant was convicted of three counts of Using a Child in a Display of

10   Sexually Explicit Conduct and three counts of Encouraging Child Sex Abuse after he took

11   three pornographic photos of a child (Using a Child) and then transferred the three photos

12   to his computer (Encouraging). The photos were each taken approximately eight seconds

13   apart, and the photos were each transferred several seconds apart. In examining the merger

14   issue on the Encouraging counts, the Court of Appeals noted that "the state was required

15   to provide sufficient evidence that the files were not duplicated or downloaded

16   concurrently." *Id.* at 639. As the State had failed to provide evidence that the computer

17   transfers did not occur simultaneously, the Court ordered the convictions to be merged.

18       More importantly, and directly at point in this case, was the *Cale* Court's reasoning

19   behind merging the Using a Child counts. As discussed, the evidence proved that

20   Defendant had taken three individual photos of the child, over a total time span of

21   approximately 1 minute and 16 seconds. The Court noted that "[t]he mere passage of that

22   brief time is insufficient evidence for a reasonable factfinder to determine that one

23   inducement of a child for sexually explicit purposes had stopped and another had begun."

24   *Id.* at 641. However, their holding "might have been different if the evidence had

25   suggested a cessation and resumption of defendant's inducement or the child's

26   participation in this brief episode." Finally, the Court cited to a prior case, *State v.*

     *McConville*, 243 Or App 275 (2011), which similarly held that merger is appropriate in

PAGE 4 -

**EXHIBIT 2**
**Page 4 of 6**

1    the theft context when there was insufficient evidence to support a finding that theft of

2    jewelry and theft of a laptop, during a home invasion, were separated by a sufficient

3    pause.

4         As far as Mr. Barber's case is concerned, the merger issue turns on whether the

5    State is able to prove that there were "sufficient pauses" between the commission of

6    Counts 1-5. At trial, the State produced evidence that the videos were uploaded to various

7    sites in early 2016. The State's evidence was patchwork at best, with little to no specificity

8    as to when Defendant actually uploaded the videos to each website. If Defendant uploaded

9    the videos during a single session sitting at his computer, such a scenario would be

10   factually indistinguishable from the cases cited above, in which the Court of Appeals held

11   that merger was proper.

12        At sentencing, the burden will be on the State to prove that each guilty count

13   occurred in separate criminal episodes. Defendant contends that based on the evidence

14   presented at trial, the State will be unable to carry this burden, and therefore, all five

15   convictions should properly merge into a single conviction.

16        DATED this 29 day of   November        ,  2016        .

17                        Respectfully submitted,

18

19                        _____

20                        Cameron Taylor, OSB #154324
                          Attorney for Defendant

21

22

23

24

25

26

PAGE 5 -

<u>CERTIFICATE OF SERVICE</u>

1

2    I certify that on ___29 November___ , _2016_ , I or a representative of my

3    office served the within: SENTENCING MEMORANDUM on the attorney of record for

4    plaintiff by electronically serving him a true copy thereof as required by UTCR 21.100.

5

6

7

8    _____    METROPOLITAN PUBLIC DEFENDERS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**METROPOLITAN PUBLIC DEFENDER**
400 E. MAIN STREET,  SUITE 210    HILLSBORO, OREGON  97123-4166    503-726-7900    FAX 503-726-4930

**EXHIBIT 2**
**Page 6 of 6**

*State of Oregon vs Benjamin Jay Barber, Case No. 16CR46339*

# IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF WASHINGTON

| | | |
|---|---|---|
| State of Oregon, | ) | |
| Plaintiff | ) | |
| | ) | Case No.: 16CR46339 |
| vs. | ) | |
| | ) | AMENDED JUDGMENT * |
| | ) | |
| Benjamin Jay Barber, | ) | Case File Date: 07/27/2016 |
| Defendant | ) | District Attorney File #: 345218 |

## DEFENDANT

True Name: Benjamin Jay Barber
Date Of Birth: ███ /1985
Fingerprint Control No (FPN): JWAS216406403

## HEARING

Proceeding Date: 12/01/2016
Judge: Beth L Roberts
Court Reporter: Recording, FTR

Defendant appeared in person and was not in custody. The court determined that the defendant was indigent for purposes of court-appointed counsel, and the court appointed counsel for the defendant. The defendant was represented by Attorney(s) Cameron Taylor, OSB Number 154324, Attorney(s) Christina Helregel, OSB Number CLS. Plaintiff appeared by and through Attorney(s) Marie Atwood, OSB Number 132976.

## COUNT(S)

It is adjudged that the defendant has been convicted on the following count(s):

### Count 1 : Unlawful Dissemination of an Intimate Image

Count number 1, Unlawful Dissemination of an Intimate Image, 163.472, Misdemeanor Class A, committed on or between 01/01/2016 and 06/21/2016. Conviction is based upon a Jury Verdict of Guilty on 11/10/2016.

Incarceration

**EXHIBIT 3**
**Page 1 of 8**

Defendant is sentenced to the custody of County Jail, for a period of 6 month(s). Defendant is to report to TSI - WCSO by 12/02/2016 at 7:00 PM. Defendant may receive credit for time served.

The Defendant may be considered by the supervisory authority for any form of alternative sanction authorized by ORS 423.478, and the Defendant shall pay any required per diem fees.

Monetary Terms

Defendant shall be required to pay the following amounts on this count:

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Attorney Fees | $387.00 | | | $387.00 |
| Fine - Misdemeanor | $100.00 | | | $100.00 |
| Total | $487.00 | | | $487.00 |

Your court-ordered financial obligations are to be paid at a monthly rate of $25 per month beginning on June 1, 2017 and each month thereafter.

### Count 2 : Unlawful Dissemination of an Intimate Image

Count number 2, Unlawful Dissemination of an Intimate Image, 163.472, Misdemeanor Class A, committed on or between 01/01/2016 and 06/21/2016. Conviction is based upon a Jury Verdict of Guilty on 11/10/2016.

Suspended Imposition of Sentence

Imposition of sentence is suspended.

Probation

Defendant is placed on Supervised Probation for a period of 5 year(s) and shall be subject to the following conditions of Probation:

Defendant is subject to all general conditions of probation (ORS 137.540).

Furthermore, Defendant is subject to the following Special Conditions of Probation (ORS 137.540(2)):

*State of Oregon vs Benjamin Jay Barber, Case No. 16CR46339*

Defendant shall:

- Defendant shall obey all laws.
- Defendant shall attend, comply with all rules of program, and successfully complete an approved Domestic Violence Intervention Program as directed by the supervising officer. Sign a release of information for Community Corrections with treatment providers or Department of Human Services. Defendant shall waive any confidentiality or privilege necessary in order to allow treatment providers or supervising officer to communicate with victim.
- Defendant shall attend a Washington County Survivor's Impact Panel as directed by the supervising officer.
- Do not participate in couples' counseling without prior written permission of the supervising officer.
- The defendant shall not attempt to contact or have direct or indirect contact with the victim(s) MEAGAN VANCE or friends or family; nor shall the defendant enter onto the premises, or within 100 yards, of the victim(s) residence, vehicle, place of employment, or school without the prior written permission of the supervising officer or criminal court. "Contact" includes but is not limited to the following: communicating in any form, accessing victim's social networking sites, remaining in the same vicinity as the victim such as a store, theater, sporting event, gym, church, etc., inquiring about the victim through the victim's friends or family, following the victim, or being outside a place that the victim frequents such as the victim's business or school. This no contact provision remains in place even if a related protective order is dismissed.
- Do not have contact with the victim's family, excluding joint, minor children. For cases in which the offense was committed in the immediate presence of minor children, the defendant shall not have contact with such children until approved by the supervising officer or criminal court.
- Do not menace, intimidate, threaten or have offensive contact, including language, with anyone including but not limited to intimate partners. Disclose any potential intimate relationships (prior to intimacy) to your supervising officer. Defendant shall consent to the supervising officer communicating with others about the defendants domestic violence history.
- Defendant shall submit to a polygraph examination to determine if defendant is in compliance with treatment and conditions of supervision; any refusal is a violation of supervision.
- Defendant shall notify the supervising officer within 24 hours of any new arrests, citations, restraining orders, stalking protective orders or other civil protective orders issued against defendant.
- Submit to search of person, residence, vehicle and property including consent to search computer and telephonic devices. Defendent shall also submit to search of social networking sites if the supervising officer has reasonable grounds to believe such search will reveal evidence of a probation violation.
- Defendant may be considered for GPS monitoring.
- Defendant shall obey all other court orders, including but not limited to all restraining orders, stalking protective orders, civil protective orders, juvenile court orders, and domestic relations court orders.
- The defendant shall bear financial responsibility as directed by the supervising officer for any counseling, therapy, treatment and medical costs incurred by the victim(s) as a result of this offense.
- All monies, including previously ordered amounts, are due in full 60 days prior to the expiration of probation unless otherwise ordered.  Distribution per statute.  The laws allow fees to recover administrative and collection costs to be automatically added and collected without further notice to you or action by the court, when the court has to establish a payment account, refer a matter for collection, or send DMV a suspension notice.
- Defendant shall submit to a mental health evaluation and become involved in any treatment/counseling program(s) which may be recommended by supervising officer and shall remain in said program(s) until successfully completed.
  Defendant shall take all medications as prescribed and not stop taking medications unless directed by their medical professional.  Defendant shall not change treatment providers without permission from

**EXHIBIT 3**
**Page 3 of 8**

the supervising officer.
- The defendant shall undergo a complete sex offender evaluation at the direction of the supervising officer. If recommended by evaluation, the defendant shall enter and successfully complete a sex offender treatment program approved by the defendant's supervising officer. The program may include polygraph and plethysmograph testing.
- Defendant shall remove, in collaboration with his Probation Officer, all images and videos of victim from his computer.
- Defendant shall remove, in collaboration with his Probation Officer, all images and videos of victim from the internet.
- The defendant shall not view, listen to, own or possess any sexually stimulating visual or auditory materials that are relevant to the defendant's deviant behaviors. Defendant shall consent to search of his/her computer or other electronic equipment by the supervising officer, if the supervising officer has reasonable grounds to believe that evidence of a violation will be found.

## Monetary Terms

Defendant shall be required to pay the following amounts on this count:

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Fine - Misdemeanor | $100.00 | | | $100.00 |
| Total | $100.00 | | | $100.00 |

Same payments as for Count 1.

### Count 3 : Unlawful Dissemination of an Intimate Image

Count number 3, Unlawful Dissemination of an Intimate Image, 163.472, Misdemeanor Class A, committed on or between 01/01/2016 and 06/21/2016. Conviction is based upon a Jury Verdict of Guilty on 11/10/2016.

## Suspended Imposition of Sentence

Imposition of sentence is suspended.

## Probation

Defendant is placed on Supervised Probation for a period of 5 year(s) and shall be subject to the following conditions of

Probation:

Defendant is subject to all general conditions of probation (ORS 137.540).

    Furthermore, Defendant is subject to the following Special Conditions of Probation (ORS 137.540(2)):
Defendant shall:

- Comply with the same terms and conditions as listed on Count 2 in this case.

## Monetary Terms

Defendant shall be required to pay the following amounts on this count:

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|------|-------:|----------|-----------|------------:|
| Fine - Misdemeanor | $100.00 | | | $100.00 |
| Total | $100.00 | | | $100.00 |

Same payments as for Count 1.

## Count 4 : Unlawful Dissemination of an Intimate Image

Count number 4, Unlawful Dissemination of an Intimate Image, 163.472, Misdemeanor Class A, committed on or between 01/01/2016 and 06/21/2016. Conviction based upon a Jury Verdict of Guilty on 11/10/2016.

Suspended Imposition of Sentence

Imposition of sentence is suspended.

Probation

Defendant is placed on Supervised Probation for a period of 5 year(s) and shall be subject to the following conditions of Probation:

Defendant is subject to all general conditions of probation (ORS 137.540).

    Furthermore, Defendant is subject to the following Special Conditions of Probation (ORS 137.540(2)):
Defendant shall:

- Comply with the same terms and conditions as listed on Count 2 in this case.

*State of Oregon vs Benjamin Jay Barber, Case No. 16CR46339*

Monetary Terms

Defendant shall be required to pay the following amounts on this count:

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Fine - Misdemeanor | $100.00 | | | $100.00 |
| Total | $100.00 | | | $100.00 |

Same payments as for Count 1.

### Count 5 : Unlawful Dissemination of an Intimate Image

Count number 5, Unlawful Dissemination of an Intimate Image, 163.472, Misdemeanor Class A, committed on or between 01/01/2016 and 06/21/2016. Conviction is based upon a Jury Verdict of Guilty on 11/10/2016.

Suspended Imposition of Sentence

Imposition of sentence is suspended.

Probation

Defendant is placed on Supervised Probation for a period of 5 year(s) and shall be subject to the following conditions of Probation:

Defendant is subject to all general conditions of probation (ORS 137.540).

> Furthermore, Defendant is subject to the following Special Conditions of Probation (ORS 137.540(2)):
> Defendant shall:
> * Comply with the same terms and conditions as listed on Count 2 in this case.

Monetary Terms

Defendant shall be required to pay the following amounts on this count:

*State of Oregon vs Benjamin Jay Barber, Case No. 16CR46339*

Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|------|--------|----------|-----------|-------------|
| Fine - Misdemeanor | $100.00 | | | $100.00 |
| Total | $100.00 | | | $100.00 |

Same payments as for Count 1.

## COUNTS DISPOSED WITH NO CONVICTION

Count # 6, Unlawful Dissemination of an Intimate Image is Acquitted.

Count # 7, Unlawful Dissemination of an Intimate Image is Acquitted.

Count # 8, Unlawful Dissemination of an Intimate Image is Acquitted.

Count # 9, Unlawful Dissemination of an Intimate Image is Acquitted.

If convicted of a felony or a crime involving domestic violence, you may lose the right to buy, sell, transport, receive, or possess a firearm, ammunition, or other weapons in both personal and professional endeavors pursuant to ORS 166.250, ORS 166.291, ORS 166.300, and/or 18 USC 922(g).

## MONEY AWARD

Judgment Creditor: State of Oregon
Judgment Debtor: Benjamin Jay Barber

Payees are to be paid as ordered under Monetary Terms.

Defendant is ordered to pay the following monetary totals, including restitution or compensatory fine amounts stated above, which are listed in the Money Award portion of this document:

| Type | Amount Owed |
|------|-------------|
| Attorney Fees | $387.00 |
| Fine - Misdemeanor | $500.00 |
| Total | $887.00 |

The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order.

Subject to amendment of a judgment under ORS 137.107, money required to be paid as a condition of probation remains payable after revocation of probation only if the amount is included in the money award portion of the judgment document, even if the amount is referred to in other parts of the judgment document.

Any financial obligation(s) for conviction(s) of a violation, which is included in the Money Award, creates a judgment lien.

**EXHIBIT 3**
**Page 7 of 8**

*State of Oregon vs Benjamin Jay Barber, Case No. 16CR46339*

Payment Schedule

Payment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675.

Payable to:

    Washington County Circuit Court
    150 N First Avenue
    Hillsboro, Oregon 97124
    P: 503-846-8888
    F: http://courts.oregon.gov/washington


Dated the _____ day of _____ Signed: 12/1/2016 11:49 AM _____ , 20 _____


Signed: _____

    Beth L Roberts               **Circuit Court Judge, Beth Roberts**

**EXHIBIT 3**
**Page 8 of 8**

E

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| STATE OF OREGON,          ) | |
|      PLAINTIFF        ) | No. 16CR46339/02, 03,04, 05 |
|      vs             ) | |
| BARBER, BENJAMIN JAY   ) | |
|      DEFENDANT | |

**File report and arraign defendant
at next court appearance.**

AFFIDAVIT

I, the undersigned, being first duly sworn, depose and say:
1. I am a duly employed probation and parole officer for Washington County, Oregon Department of Community Corrections; and in that capacity I have been assigned to supervise the above-named defendant's probation.
2. As part of my duties I have prepared a report concerning the defendant's activities while on probation. A copy of said report is attached hereto and fully incorporated herein.

DEANNA KEMPER
Probation Officer

SUBSCRIBED AND SWORN TO BEFORE ME THIS 20 December, 2016

OFFICIAL STAMP
CANDACE VICTORIA REYNOLDS
NOTARY PUBLIC - OREGON
COMMISSION NO. 925345
MY COMMISSION EXPIRES FEBRUARY 26, 2018

Notary Public for Oregon

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORDER

Based on the affidavit of the defendant's probation officer, the court, on its own motion, hereby ORDERS that the Clerk of the Circuit Court issue a bench warrant for the apprehension of the above-named defendant to be brought before the Court to show cause, if any, why probation should not be revoked.

Security:_____

DATED:_____.

_____
Circuit Court Judge
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORDER

Based on the affidavit of the defendant's probation officer, the court, on its own motion, ORDERS that the defendant be and is hereby required to appear on

so that a show cause hearing may be set.
DATED:_____.

_____
Circuit Court Judge
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(\*Note: Line out inapplicable order)
DOB: ▮▮▮/1985    ADDRESS: 176 SW JACKSON ST, HILLSBORO, OR 97123    RACE: W   SEX:M   HT: 5'
10"   WT:165lbs   HAIR: BRO   EYES:HAZ    SID#: 17474177   STATE: OR

**EXHIBIT 4
Page 1 of 3**

**FILE #: 16CR46339/02, 16CR46339/03, 16CR46339/04, 16CR46339/05**
**OFFENSE: INTIM IMAG, INTIM IMAG, INTIM IMAG, INTIM IMAG**
**EXP DATE: 11/09/2021**
**SENTENCING JUDGE: ROBERTS**
**CASE TYPE: MPR**

WASHINGTON COUNTY COMMUNITY CORRECTIONS
150 N. FIRST STREET, SUITE 200
HILLSBORO, OR  97124

**TO: PRESIDING CRIMINAL COURT**                    December 20, 2016

**NAME: BARBER, BENJAMIN JAY**
**ADDRESS: 176 SW JACKSON ST**
            **HILLSBORO, OR  97123**
**RISK LEVEL: LOW**
**SID#: 17474177**

**PURPOSE OF REPORT:**  ADDENDUM TO WARRANT ISSUED   .

**LEGAL RESUME**
On 11/10/16, in Washington County Circuit Court, Mr. Benjamin Barber was placed on five years
formal probation by Judge Roberts, following a conviction for Unlawful Dissemination of an Intimate
Image (x4). In addition to the General Conditions of probation under ORS 137.540, the following
Special Conditions were imposed: Domestic Violence/Mental Health/Sex Offender evaluation/
treatment, attend and complete a Survivor's Impact Panel, no contact with victim-Meagan Vance or
her family, take all medications as prescribed, must remove all images and videos of victim from
computer and internet, cannot listen/view/own/possess sexually stimulating visual or auditory
materials, submit to search/polygraph and money judgment.

**ALLEGATIONS AND SUBSTANTIATIONS**
ALLEGATION #1:  Mr. Barber is in violation of his probation under Special Condition: Failure to
complete jail sentence as ordered by the Court.

ALLEGATION #2:  Mr. Barber is in violation of his probation under Special Condition: No direct or
indirect contact with victim, Megan Vance. .

ALLEGATION #3:  Mr. Barber is in violation of his probation under Special Condition: Do not
intimidate/threaten or have offensive contact with anyone.

ALLEGATION #4:  Mr. Barber is in violation of his probation under Special Condition: Remove all
images and videos of victim from computer and internet.

ALLEGATION #5:  Mr. Barber is in violation of his probation under Special Condition: Do not
view/listen/own/possess any sexually stimulating visual or auditory materials.

**EXHIBIT 4**
**Page 2 of 3**

SUBSTANTIATION #1 - #5: On 12/1/16, Mr. Barber appeared before the Court and was sentenced to six months jail on Count 1 in Case 16CR46339. Judge Roberts allowed Mr. Barber to remain out of custody with an Order to report to the Washington County Jail (WCJ) on 12/2/16 to begin serving his sentence.

Within hours of being sentenced, Mr. Barber took to the internet, including news outlets and social media, posting comments/documents and links clearly in violation of the Court's Order. Mr. Barber posted multiple comments to Oregonlive.com in response to an article written about his case, clearly identifying himself as the defendant in the case and attaching links to another site, Reddit.com. The comments and links included images of the victim, sexually explicit content regarding the victim along with the victim's full name and her personal/social media information. Derogatory and offensive materials were posted of the victim, including some material that was removed by the moderators of the site, specifically informing Mr. Barber that such postings violated site policy.

Mr. Barber failed to report to the WCJ on 12/2/16, resulting in a warrant for his arrest.

Detailed information and documentation is included in a Motion and Affidavit filed by the Washington County District Attorney on 12/2/16 and submitted to the Court.

ALLEGATION #6: Mr. Barber is in violation of his probation under General Condition #13: Failure to report.

SUBSTANTIATION #6: On 12/1/16, Mr. Barber appeared before the Court and was sentenced to 6 months jail on Count 1 in Case 16CR46339. Judge Roberts allowed Mr. Barber to remain out of custody with an Order to report to the Washington County Jail (WCJ) on 12/2/16 to begin serving his sentence.

Mr. Barber failed to report to the Washington County Probation Office upon leaving the Court on 12/1/16 and failed to turn himself in the WCJ on 12/2/16. Mr. Barber continues to avoid his supervision and is unwilling to provide his address or contact information. His location remains unknown.

**SUPERVISION SUMMARY**
Mr. Barber is unwilling to comply with the Orders of the Court and continues to victimize Meagan Vance and the State of Oregon.

**EVALUATION AND RECOMMENDATION**
Based on this information, a warrant was issued by the Court on 12/2/16. Upon apprehension, it is recommended that a Show Cause Hearing be scheduled to address the above allegations. If found in violation, further recommendations will be made at the time of the hearing and will be based on the actions of Mr. Barber in the interim.

_____          _____
DEANNA KEMPER                          DAWN MONTES
Parole and Probation Officer            Parole and Probation Supervisor

**EXHIBIT 4**
**Page 3 of 3**