IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENJAMIN BARBER**, | Case No. 3:16-cv-2105-AC |
| Plaintiff, | **ORDER DENYING THIRD MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| **MEAGAN ALYSSA VANCE, STATE OF OREGON, and MARIE ATWOOD**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff filed this action *pro se*.[1] Plaintiff alleges that the State of Oregon is prosecuting Plaintiff under a criminal statute that Plaintiff asserts violates his First Amendment rights, as well as his rights under the federal Copyright Act.[2] Plaintiff previously filed two motions for restraining orders, seeking to enjoin his state court criminal prosecution and trial. The Court denied Plaintiff's first motion, brought before his trial, based on the *Younger* abstention

---

[1] Plaintiff previously requested the appointment of *pro bono* counsel (ECF 3), which the Court allowed. The Court requested several attorneys from the Court's *pro bono* panel to provide voluntary assistance to Plaintiff, none of whom accepted the appointment. Accordingly, Plaintiff is proceeding *pro se*.

[2] 17 U.S.C. §§ 101, *et seq.*

PAGE 1 – ORDER

doctrine,[3] which requires a federal court to abstain from considering a plaintiff's claims for declaratory and injunctive relief against a pending state criminal prosecution. ECF 9. The Court denied Plaintiff's second motion, brought after his conviction, also based on *Younger* abstention, because the application of that doctrine is considered as of the date the federal complaint is filed and because a plaintiff must exhaust all available state court appeals before *Younger* abstention no longer applies. ECF 23.

Plaintiff now moves for a third time for injunctive relief, seeking an "emergency" restraining order to enjoin the state court's recent order that Plaintiff's digital devices be destroyed. ECF 116. For the same reasons the Court denied Plaintiff's previous motions, the Court denies this motion. Plaintiff must exhaust all available state court appeals before *Younger* abstention will not apply. As the Supreme Court has explained:

> For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign. For the same reason, a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court. "[A] necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court."

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)) (alterations in original). Plaintiff has not exhausted his state court appeals concerning the challenged state court order.

/ / /

/ / /

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

PAGE 2 – ORDER

## CONCLUSION

Plaintiff's Emergency Motion for a Temporary Restraining Order (ECF 116) is DENIED.

**IT IS SO ORDERED**.

DATED this 25th day of July, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
