UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BENJAMIN BARBER,

          Plaintiff,

v.

MEAGAN VANCE in her personal capacity
and ELLEN ROSENBLUM, BRAD AVAKIAN,
KATE BROWN, BEN CANNON, LYNNE
SAXTON in their official capacity,

          Defendants.

Case No. 3:16-cv-2105-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Benjamin Barber ("Barber"), who is appearing *pro se* in this action, filed a lawsuit in this court on November 1, 2016, seeking a stay of a state criminal proceeding and damages resulting from injury to his career, copyright infringement, and incarceration (the "Complaint").

Barber alleged the prosecution against him under a new statute creating the crime of unlawful dissemination of an intimate image violated his First Amendment rights as well as his rights under the federal copyright act. Barber named the State of Oregon (the "State") and Meagan Alyssa Vance ("Vance") as defendants in the caption of the Complaint, but identified Vance, Oregon, Marie Atwood and Melanie Kebler as defendants in the body of the Complaint.

On February 21, 2017, Barber filed an amended complaint (the "Amended Complaint") eliminating the State, Marie Atwood, and Melanie Kebler as defendants, naming Vance as a defendant, and adding Ellen Rosenblum, Brad Avakian, Kate Brown, Ben Cannon, and Lynne Saxton (collectively the "State Defendants") as new defendants. (Compl. ECF No. 38, ¶¶ 10-15.) In his First Claim for Relief, Barber again asks the court to stay state criminal proceedings, but also to overturn his criminal conviction as an unconstitutional restriction of his free speech and an infringement of his copyrights. (Compl. ¶ 49.) He additionally seeks money damages for copyright infringement, diminished wages as a result of the conviction, and punitive damages for intentional infliction of emotional distress. (Compl. ¶ 49.) It appears the defendants allegedly liable in the First Claim for Relief are Vance, Barber's ex-wife; Ellen Rosenblum, Attorney General of the State ("Rosenblum"); Ben Cannon, Director of the State Higher Education Coordinating Commission ("Cannon"); and Lynn Saxton, Director of the Oregon Health Authority ("Saxton"). (Compl. ¶ at 4.)

Barber filed a Motion for Declaratory Judgment on his First Claim for Relief ("Declaratory Judgment Motion"). Vance and the State Defendants oppose Barber's motion. Additionally, the State Defendants move to dismiss the Amended Complaint and Vance moves to strike the claims asserted against her pursuant to Oregon's Anti-SLAAP statute. In this Findings and

Recommendation, the court will address the parties' motions as they relate to the First Claim for Relief. The State Defendants' motion to dismiss Barber's Second through Sixth Claims for Relief, which allege various discriminatory actions based on Barber's race, gender, and religious beliefs, will be addressed in a separate Findings and Recommendation.

The court finds Barber's First Claim for Relief alleging the unconstitutionality of OR. REV. STAT. 163.472 is an improper collateral attack on a state criminal proceeding, and the allegations relating to Vance are based on communications protected by OR. REV. STAT. 31.150. Accordingly, the court recommends Barber's Declaratory Judgment Motion be denied, and the State Defendants' motion to dismiss Barber's First Claim for Relief and Vance's special motion to strike under OR. REV. STAT. 31.150 be granted.

*Background*

Barber alleges he produced consensual pornographic audio and visual images of himself and Vance for commercial purposes while the two were in a romantic relationship. (Compl. ¶¶ 18-19.) Barber and Vance's relationship deteriorated and Vance filed for divorce. (Compl. ¶ 37.) In April of 2016, Barber was homeless and unable to pay for online computer services. (Compl. ¶ 42.) In an attempt to preserve his creative product, he uploaded everything on his computer, including his intimate images and videos, to the Internet. (Compl. ¶¶ 42-43.) Vance reported Barber's publication of still pictures and videos containing intimate images of her to the Oregon Crimes Victims Law Center and the Washington County District Attorney. (Compl. ¶¶ 44, 46.) The Washington County District Attorney subsequently charged Barber with nine criminal counts of Unlawful Dissemination of an Intimate Image under OR. REV. STAT. 163.472. (Davis Decl. ECF No. 62, Ex. 2 at 1.)

On November 7, 2016, Barber filed a motion for temporary restraining order in this case

asking the court to stay his state criminal trial scheduled for November 9, 2016. Judge Michael H. Simon denied the motion the same day, finding Barber's claim barred by the *Younger* doctrine. Barber's trial proceeded and he was found guilty of five counts of Unlawful Dissemination of an Intimate Image under OR. REV. STAT. 163.472. Barber alleges Vance offered false testimony at his trial. (Compl. ¶ 47.)

The court set a sentencing hearing for December 1, 2016, at which Barber was sentenced to six months in county jail and five-years probation. (Davis Decl. Ex. 3.) The court directed Barber to report to the county jail by 7:00 p.m. on December 2, 2016. (Davis Decl. Ex. 2 at 2.) Barber filed a motion in this case to renew his motion for temporary restraining order on December 2, 2016, and did not report to the county jail. (Atwood Decl. ¶ 4.) On December 5, 2016, Judge Simon denied Barber's motion to renew, again finding Barber's claim barred by *Younger*. Barber was eventually arrested on June 20, 2017, and is currently in custody.

In the Declaratory Judgment Motion, Barber asks the court to declare the State infringed on his constitutional right to free speech and violated the Copyright Act, and stay enforcement of OR. REV. STAT. 163.472. (Mot. for Declaratory J. on Claim 1, ECF No. 40 ("Decl. J. Mot") at 1.) The State Defendants oppose the Declaratory Judgment Motion, asserting Barber failed to properly support the motion with admissible evidence. Additionally, the State Defendants argue the Declaratory Judgment Motion must be denied on the grounds asserted in their motion to dismiss,[1]

---

[1] The State Defendants also move to dismiss based on the "fugitive disentitlement doctrine," lack of service, sovereign immunity, and failure to plead direct involvement by each of the State Defendants. The fugitive disentitlement doctrine bars a fugitive from obtaining review of a criminal conviction. *See Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970). While Barber was a fugitive at the time the State Defendants filed their motion to dismiss, he is now in custody and the "fugitive disentitlement doctrine" is no longer applicable. With regard to lack of service, the State Defendants conceded at oral argument they received notice of the action, appeared and responded on the merits,

including *Younger* abstention and the rule of *Heck v. Humphrey*. The State Defendants alternatively ask the court to require Barber to make his complaint more definite and certain. Vance moves to strike allegations asserted against her, contending they are barred by OR. REV. STAT. 31.150, the State's Anti-SLAAP statute.

*Legal Standards*

I. Motion to Dismiss

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2017). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969

---

and the defects in service could be cured by amendment, and encouraged the court to address the merits of their motion to dismiss. In light of the holdings in *Fairbank v. Underwood*, 986 F. Supp. 2d 1222 (D. Or. 2013) and *Pergande v. Wood*, No. 6:10-cv-00690-TC, 2012 WL 4845555 (D. Or. March 7, 2012), the court will bypass the jurisdictional issues and address the merits of the pending motions. Because the court finds the First Claim for Relief barred by *Younger* and *Heck*, the sovereign immunity and lack of direct involvement arguments need not be addressed.

(9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678); *Sheppard v. David Evans and Assoc.*, No. 11-35164, 2012 WL 3983909 at *4 (9th Cir. Sept. 12, 2012) ("The Supreme Court has emphasized that analyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-624.

II. OR. REV. STAT. 31.150 Special Motion to Strike

A special motion to strike under OR. REV. STAT. 31.150 allows a litigant "who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." *Staten v. Steel*, 222 Or. App. 17, 27 (2008). This motion is commonly known as an "Anti-SLAPP" motion, short for "strategic lawsuits against public participation." An Anti-SLAAP motion is available to litigants in federal court to further "the twin purposes of the *Erie* rule – 'discouragement of forum-shopping and avoidance of inequitable administration of the law. . . .'" *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999)(quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965))(applying California's Anti-SLAAP law to actions in federal

court); *see also Northan v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011)(applying Oregon's Anti-SLAAP law.)

First, the movant must show the challenged claim arises out of an activity protected by the statute, specifically:

> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
>
> (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive, or judicial body or other proceeding authorized by law;
>
> (c) Any oral statement made, or written statement or other document submitted, in a place open to the public or a public forum in connection with an issue of public interest; or
>
> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

OR. REV. STAT. 31.150(2) (2017). The nonmoving party must then "present[] substantial evidence to support a *prima facie* case." The evidentiary showing serves to "weed out meritless claims meant to harass or intimidate – not to require that a plaintiff prove its case before being allowed to proceed further." *Young v. Davis*, 259 Or. App. 497, 508 (2013). Therefore, the court "may consider defendant's evidence only insofar as necessary to determine whether it defeats plaintiff's claim as a matter of law." *Id*. at 509.

If the non-moving party cannot make a prima facie showing of its claim, the challenged claim is dismissed without prejudice. OR. REV. STAT. 31.150(1), 31.150(5) (2017). Otherwise, the case proceeds. OR. REV. STAT. 31.150(3) (2017). A prevailing Anti-SLAAP movant is entitled to attorney fees. OR. REV. STAT. 31.152(3) (2017).

*Discussion*

I. State Defendants' Motion to Dismiss

In his First Claim for Relief, Barber "[r]equests that the State of Oregon [s]tay enforcement of its 'unlawful dissemination of an intimate image' statute and to overturn Barber's conviction for the crime" asserting the State's actions violated his First Amendment rights to freedom of speech. (Compl. ¶ 49.) In the Declaratory Judgment Motion, Barber similarly asks this court "to declare that the state did infringe on his constitutional rights to speech with a conviction for dissemination of an intimate image, and it violated his constitutional copyright protection when it ordered that he destroy all copies of the pornography" and temporarily enjoin state enforcement of OR. REV. STAT. 163.472. (Decl. J. Mot. at 1.) The State Defendants move to dismiss this claim as barred by *Younger v. Harris*, 401 U.S. 37 (1971).

Judge Simon denied Barber's motions for a temporary restraining order based on the *Younger* abstention doctrine, which recognizes a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Initially, the doctrine was limited to federal criminal proceedings, but has since been extended to civil matters, both in equity and at law. *See Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987)(citation omitted)("While the *Younger* case involved criminal proceedings, '[C]oncerns of comity and federalism counsel restraint in civil proceedings as well, when important states interests are at stake.'")

As Judge Simon noted, a federal court must abstain from interference when four requirements are met:

(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important

state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

(Op. and Order Den. Mot. for TRO, ECF No. 9 ("TRO Op."), at 7.) Exceptions to application of the *Younger* doctrine exist and include extraordinary circumstances, bad faith prosecution, harassment, or a flagrantly and patently unconstitutional statute. *Younger*, 401 U.S. at 45-46, 53-54. Judge Simon then found "[a]bstention is appropriate in this case because all of the elements of Younger are present" and none of the exclusions barred abstention. (TRO Op. at 7.)

Judge Simon's analysis and conclusion apply equally here. The only arguably relevant change in circumstance relates to the element of ongoing state proceedings. At the time of the prior rulings, Barber had not appealed his conviction. Barber filed a notice of appeal on December 13, 2016. (Davis Decl. Ex. 5.) The court of appeals granted the State's motion to dismiss the appeal based on Barber's status as a fugitive from justice on March 29, 2017. (Davis Dec. Ex. 6.) However, as Judge Simon recognized, "the date for which pending state court action is considered for *Younger* abstention is the date the federal complaint was filed, not whether at some later point the state proceedings ended." (Order Den. Renewed Mot. for TRO, ECF No. 23 ("Renewed TRO Order"), at 2.) The initiation and dismissal of an appeal of Barber's conviction in state court does not alter the court's analysis under the *Younger* doctrine.

The court adopts Judge Simon's analysis of the *Younger* doctrine and finds that to the extent Barber seeks to interfere with the pending state criminal proceeding, his claims are barred. Accordingly, Barber's Declaratory Judgment Motion should be denied and the State Defendants' motion to dismiss should be granted with regard to Barber's request for a stay of, or interference

with, the underlying criminal proceedings.

Barber also alleges the State Defendants willfully infringed his copyrights in his pornographic material by restricting his publication and ordering the destruction of such images, and seeks statutory damages in the amount of $150,000 per item infringed. (Compl. ¶ 49.) Moreover, he seeks compensatory damages for diminished wages and compensation resulting from his criminal conviction, as well as punitive damages for intentional infliction of emotional distress. The State Defendants move for the dismissal of these allegations as an improper collateral attack on his conviction.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Barber's primary contention in his First Claim for Relief is that OR. REV. STAT. 163.472, and his conviction for violating the statute, is an unconstitutional restriction of his free speech rights. His claims for damages are all reliant on a finding OR. REV. STAT. 163.472 and his conviction are unconstitutional. Barber has not offered evidence his conviction has been reversed by the state court. In fact, the record establishes Barber's appeal was dismissed. Consequently, Barber's claim for money damages under § 1983 ise barred as an improper collateral attack on his conviction under *Heck*.

As a *pro se* plaintiff, Barber is entitled to notice of deficiencies in his First Claim for Relief and an opportunity to amend, unless the deficiencies are not able to be cured. The pendency of state criminal proceedings at the time this lawsuit was filed and the absence of a reversal of Barber's conviction by a state tribunal are not curable defects. Accordingly, any attempt by Barber to amend this claim would be futile.

The court finds Barber's First Claim for Relief against the State Defendants is barred by *Younger* and *Heck*. The court recommend denying the Declaratory Judgment Motion and granting the State Defendants' motion to dismiss Barber's First Claim for Relief. In light of Barber's inability to cure the deficiencies his claim, such dismissal should be with prejudice.

II. Vance's Motion to Strike

While his allegations with regard to Vance are less than clear, it appears Barber's claims against Vance are limited to his First Claim for Relief and are based on her reports to the Oregon Crime Victims Law Center in an attempt to remove the pornographic videos from the internet, statements to the Washington County District Attorney regarding Barber's publication of intimate pictures on the internet, and testimony in the underlying state criminal proceeding. (Compl. ¶¶ 44-47.) Vance moves to strike the allegations against her, asserting her communications are protected by OR. REV. STAT. 31.150. Specifically, Vance contends Barber's allegations against her arise out of her "exercise of protected rights to petition police, prosecutors, and courts for protection from Plaintiff, and other protected communications, and therefore they must be dismissed pursuant to ORS 31.150." (Mem. in Supp. of Def.'s Special Mot. to Strike Pursuant to ORS 31.150 (Anti-SLAPP Statute), ECF No. 86, at 5.)

It is apparent from the allegations that Barber's claims against Vance arise out of oral

statements authorized by law and protected under OR. REV. STAT. 31.150. Vance's statements to the State's criminal victims unit and the Washington County District Attorney regarding Barber's publication of intimate images were in furtherance of the criminal proceedings eventually initiated by Washington County and covered by OR. REV. STAT. 31.150(2)(b). *See Wollam v. Brandt*, 154 Or. App. 156, 163 (1998)(characterizing statements made in advance of litigation as part of judicial proceedings for privilege purposes). These communications also qualify as conduct in furtherance of the exercise of her constitutional right of petition. *See Gable v. Lewis*, 201 F.3d 769, 771 (6th Cir. 2000)(submission of complaints to police department protected by petition clause of the First Amendment). Similarly, her testimony during trial was undeniably submitted in a judicial proceeding and protected under OR. REV. STAT. 31.150(2)(a). Accordingly, Vance has met her burden of showing Barber's claims against her arise out of activity protected by OR. REV. STAT. 31.150.

Barber now must meet his burden of showing there is a probability he will prevail on the underlying claim by presenting substantial evidence to support a *prima facie* case. The court shall "consider pleadings and supporting and opposing affidavits stating the facts upon which the liability . . . is based." OR. REV. STAT. 31.150(4) (2017). Barber does not offer evidence in support of his claim but merely characterizes in his opposition brief Vance's statements as false, perjury, blackmail, domestic violence, extortion, intimidation, a violation of a protective order, and a breach of contract. (Pl.'s Resp. to Special Mot. to Strike, ECF No. 95.)

Viewing the allegations against Vance found in the Amended Complaint, Barber has failed to offer evidence supporting a *prima face* case against Vance. First, Barber's First Claim for Relief asserts a claim under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a plaintiff

must allege that "(1) the defendant was acting under color of state law at the time the acts complained of were committed, and that (2) the defendant deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." 42 U.S.C. § 1983; *Briley v. California*, 564 F. 2d 849, 853 (9th Cir. 1977). Barber does not allege Vance was acting under color of state law in reporting and testifying to Barber's publication of an intimate image and has failed to allege a viable § 1983 claim against Vance.

Second, Barber seeks to recover statutory copyright damages against Vance. To establish a *prima facie* case of copyright infringement, a plaintiff must establish: "(1) ownership of a valid copyright and (2) copying by the defendant of protectable elements of the work." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). While Barber alleges he owns the copyright to the pornography, he does not offer any support for such allegation, such as a copy of, or even reference to, a Certificate of Registration issued by the United States Copyright Office. Moreover, Barber alleges his copyright interests were infringed based on a restriction of his ability to publish the images and a court order requiring the destruction of such images. Barber's claim lacks allegations, or evidence, Vance copied or published Barber's copyrighted material. *See Schwern v. Plunkett*, 845 F.3d 1241, 1245-26 (9th Cir. 2017)(plaintiff failed to meet burden to provide evidence supporting allegations defendant was responsible for internet postings, or information contained therein, as required under OR. REV. STAT. 31.150).

Third, because Vance's communications were made with regard to Barber's criminal proceedings, she is entitled to absolute immunity. "Statements that are made as part of judicial and quasi-judicial proceedings are absolutely privileged." *Wallulis v. Dymowski*, 323 Or. 337, 348 (1996). Such privilege applies even if the statements were false. *Wollam*, 154 Or. App. at 161.

Barber's claims against Vance fail on this ground as well.

Vance has established the communications upon which Barber bases his claims against her arise out of statements made in a judicial proceeding, were made in connection with an issue under consideration in a judicial proceeding, or were made in furtherance of the exercise of the constitutional right of petition and are protected under OR. REV. STAT. 31.150. Barber failed to offer allegations or evidence of a probability he would prevail on his claims against Vance. Vance's special motion to strike under OR. REV. STAT. 31.150 should be granted and Barber's claims against her dismissed without prejudice. Vance is entitled to reasonable attorney fees and costs under OR. REV. STAT. 31.152(3).

*Conclusion*

Barber's Declaratory Judgment Motion (ECF No. 40) should be DENIED. The State Defendants' motion to dismiss (ECF No. 56) Barber's First Claim for Relief should be GRANTED with prejudice. Vance's special motion to strike under OR. REV. STAT. 31.150 (ECF No. 85) should be GRANTED, and the claims against Vance dismissed without prejudice. Vance should be directed to submit a motion for attorney fees and costs within fourteen days of the ruling on this Findings and Recommendation.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **September 11, 2017**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the

Findings and Recommendation will go under advisement.

DATED this 25th day of August, 2017.

                                                         /s/ John V. Acosta
                                                         JOHN V. ACOSTA
                                        United States Magistrate Judge