IN THE DISTRICT COURT OF OREGON

Benjamin Barber
v
State of Oregon, Vance

OBJECTIONS
16-CV-02105-AC
Oral Argument Requested

"Interpretations of a statue which would produce absurd results are to be avoided if alternative interpretations consistant with legislative purpose are available" Griff v Oceanic Contractors inc, 458 US 564 (1982) to wit I may have to resort to interogatories and logic notation to clarify what seems absurd.

We must first keep in mind what is antecedant and what is consequent, this case did not arise as a result of the revenge porn statue, it is merely the culmination of several years of activities of Barber, who is a men's rights activist who thinks the rules should apply equally to everyone, and begging for enforcement.

Acosta makes errors so gross in the findings, that I must wonder if he had even read the voluminous records, or whether his prior statements to the case and findings are themselves an indication of his bias, or whether he is relying on clerks to do the work and they are in error.

At the onset of this case I observed a speech he delivered in public about affirmative action and the need for "equal equality" (see George Orwell Animal Farm) and my desire to abolish the practice. Later he sent a warning that I had been submitting too much evidence, and that some of it contained pornography, which he stated was a privacy violation and abuse of the ECF system.

nowhere in Acosta's findings show that Vance filed a DMCA take down notice under 17 USC §512 in April of 2016, and a counternotice was sent to Vance saying she was mistaken. In the pornhub counternotice appears a copy of their marraige contract which appears also in this record. The Dec 2012 contract was after the production of the videos in 2010 but she agreed to "Each party agrees to have transparency and provide access to their social interactions" and "Each party agrees to share both costs and assets that they earn but retain previous liabilities that they have"... "money and assets shall not be transferred to any other parties without permission of both parties". "each party agrees to allow access to social media, email, phone records, internet accounts". Vance testified on cross that her attorney told her that the law 163.472 granted her copyright, and she acknowledged she was not the author nor applied for the copyright. However Barber did apply for a copyright and did submit that application to this court. Acosta claims that there is no evidence that I've provided to show that I'm the copyright holder, the very email containing porn that he complained of is proof of original act of publication by Barber, the video itself is evidence of the author (filmmaker) holding the camera. His job is to settle the dispute of competing claims of the ownership, see Lenz v Universal Music Group (2015) 9th circuit for an injury incurred as a result of 17 USC §512

In Lenz, Stephanie Lenz posted a 29 second clip of her child dancing to prince music which went "viral", universal filed a DMCA takedown notice and she filed counternotice citing fair use. Lenz filed suit alleging that universal violated 17 USC § 512 by misrepresenting the takedown notification, and asking whether they had been abusing the takedown procedure. The court held that plaintiff may seek recovery of nominal damages for an injury incurred as a result of 17 USC 512(f) misrepresentation.

In this case vance used the 17 USC § 512(f) takedown as evidence of a violation of ORS 163.472, which she claims grants her a copyright to this video according to her attorney. Vance further alleges an oral agreement to not share the videos, which is not supported but in fact contradicted by evidence. The "transparency" agreements they made, which constitute a waiver of a known right, the nearly immediate sharing of the videos with allie yoder and josh peer, in which she is CC: near the bottom, to arrage consenual group sex with, her exchange with "hot curiosity" from okcupid of pornography for group sex, and the publishing of the porn by vance's friends. In the exchange vance admitted on cross-exam that they did so "to protect me", "beard mosexual" said it was "to silence endo" and was found by "digging into his personal life" as how they gained access to it. Vance had access to Barbers "internet accounts" per their agreement, and thus 'induced' them as per MGM v Grokster 545 US 919

On crossexam vance said she talked to april kusters at portland state university during the divorce. she and april discussed the revenge porn law while it was still a bill, she and vance discussed how it could be used against Barber. April Kusters also threatened Barber with arrest for 'harassment' by reporting on vance and her associates activities to authorities. This can also be found on the record in the exhibits provided.

Acosta and yourself cite younger v harris and heck v humphries, these are both sovereign immunity doctorines, comity is another term for sovereign immunity. 17 USC §511 explicity states "any state, any instrumentality of a state and any officer or employee of a state acting in his official capacity, shall not be immune under the 11th amendment or any other doctorine of sovereign immunity for a violation of any exclusive rights of a copyright holder or any other violation under this title." Remedies "in a suit described in subsection a) for a violation described in that subsection, remedies (including remedies in law and in equity) are available for such a violation against any public or private entity other than a state, instrumentality of a state, or officer or employee of a state acting in his or her official capacity. Such remedies include impounding and disposition under 503, actual damages and profits under 504, costs and attorney fees under 505 and remedies under 510.

The language in 17 USC §511 explicitly says that the law grants a person the right to sue the state in the same way that one sues a private individual. The law at the time had a preemption on all oregon criminal laws enacted criminalizing making bootleg audio recordings and vhs tapes still enacted, and provides fair use and the right to removal to federal court. The exhaustion under §2254 also states "or there is an abscence of available state corrective process, or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner". The state courts are preempted by 17 USC §301 from determining whether vance's §512(f) claim is false, and thus as the sole mechanism of guilt the conviction is valid. "members of this Court have expressed the view that the unavailability of habeas for other reasons may also dispense with the heck requirement   See 523 US 1, 29 (1998), this case is no occasion to settle the issue" muhammed v close (2004) "The exhaustion doctorine is principally designed to protect the state courts role in enforcement of federal law" Rose v Lundy        "The Courts can, and should be guided by the federal policies reflected in Congressional enactments see also morraigne v state marine lines 398 US 375 (1970), (recognizing exception for wrongful death liability under same extent as private individuals) united states v mendoza 464 US 154 (recognizing exception to res judica in light of over-riding policy concerns)" Heck v Humphrey footnote 9

In fact even if there is no standing due to Heck in joe walsh v city of portland this court made it clear that any person can challenge a statue that is facially invalid under the first amendment. For example I asked acosta about if I could amend to add professor John barber of university of washington or the nonprofit named 'nerd party' who leased the server where the porn resided and whose articles of incorporation licensed everything as 'creative commons' license. Acosta indicated that the law may very well be repealed, however it wouldn't retroactively expunge the conviction, which to me is fine because the law ought to be voided in all of its incarnation in all of the states for others as well. Then I may ask the state court, whose records do not contain the filings and evidence I sought to preserve, but state court judge Roberts seeks to destroy, with the evidence and rulings regarding ownership of the videos and the laws legality. "what-ever justifications may once have existed for a general refusal to allow such recovery, the legislative establishment of policy carries significance beyond the particular scope of each of the statues involved the policy thus established has become a part of our law, to be given appropriate weight not only in matters of statutory instruction, but also in decisional law" morraigne v state marine lines 398 us 375 - cited by Heck v Humphrey footnote 9 recognizing a statue for wrongful death granting the right to sue as a person would sue a private person.

There are in fact several exceptions to younger that apply both because of 17 USC §511 and §1983, if §511 is an act of Congress to eliminate all doctorines of sovereign immunity, then it follows that 17 USC §502 injunctions fall under 28 USC 2283(1). "we have no occasion to consider whether 2283... except as expressly authorized by an act of Congress would be itself controlling in the circumstance of this case" - younger. In younger it discusses a pattern of harrasment and bad faith prosecution as applied to the case of Dombronski v pfister to "harass appellants and discourage them and their supporters from asserting and attempting to vindicate the rights of negro citizens." "the purpose of §1983 or what was popularly known as the KKK act, the statue having been enacted in part out of concern that many state courts were in leauge with those who were bent on abrogation of federally protected rights" - Heck here we must merely replace negro with men and KKK with feminists, but the pattern shows the "rosa parks of mens rights" having been harrassed with the statue before it had been passed, and the prosecutor looking at his mens rights activity as an upward departure in sentensing, and destruction of all of his documents as in dombronski. "instead the threat to the plaintiffs federally protected rights must be one that can't be eliminated by his defense against a single charge"..."unless it would plainly appear that this would not afford adequate protection"... "a statue might be flagrantly and patently violative of express constitutional prohibitions in every clause, sentense, paragraph and in whatever manner and whomever an effort may be made to apply it" 313 us at 402

Davis cited oracle v oregon health authority claiming that 17 USC § 511 did not apply to the article 1 copyright Clause providing a limited monopoly of the works of authors, oracle was decided not on article 1 but as an ex post facto impairment of a contract. Barber claims Amendments due process, takings and the Contract Clause, because the State seeks complete destruction of the work, this not only deprives barber of property but of defense at trial, in addition to violating barbers contract with vance, and so Barber seeks injunctive relief and declaratory judgement on the grounds of 17 USC § 512, and of 17 USC § 201, 17 USC § 301, 17 USC 502, 17 USC § 106.

However considering that the offenses are also criminal under 17 USC 506, because vance made a false copyright notice for the purpose of private financial gain, as she testified to officer duenis that she thought "it would impact her job", and as she said in court that the law granted her copyright. 17 USC § 101 definitions: The term financial gain includes receipt or expectation of receipt of anything of value including the receipt of other copyrighted works. moreover according to DVN 2009 on nov 24th 2010 the value is at least $1000 "and you guys can do sex scenes together to make even more". I doubt that a criminal offense is barred by heck v Humphrey or by younger abstention, and I would like to bring this to the attention of a special grand jury under 18 USC § 3332, 3333.

In addition to Vance having committed a crime by her conduct of committing the crimes of Conspiracy against rights 18 § USC 241 and Racketeering 18 USC § 1962. These causes of actions are provided by 42 USC § 1981, 42 USC § 1983, 42 USC § 1985, 42 USC § 1986. In addition to criminal Copyright infringement I allege the crimes of Tampering 18 USC § 1512, obstruction of proceedings 18 USC § 1505, the retaliation against informant 18 USC § 1513, Interferance with Commerce - 18 USC § 1951 - Racketeering. I allege that the crimes were conspired by Vance, Atwood, Kebler, Beth Roberts. I seek a civil remedy of statutory copyright damages for 4 videos and 20 intimate images that I am the author of, unspecified damages to my career that they sought to inflict by their actions, punitive and emotional damages, all compounded into the treble racketeering damages as provided by 18 USC § 1964. As provided by RICO the District Courts have jurisdiction to prevent and restrain violations of 18 USC 1962 including but not limited to prohibiting any person from engaging in the same type of behavior, and making due provisions for the rights of innocent persons. I fully understand that while this seems technically correct it may seem politically incorrect, but like I said to all parties I did not seek out brinksmanship, I have asked for compromise and good faith dealings at first, but I will push back when placed into a corner, while this could have been fixed with a polite request in 2016.

¶ "we hold that one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement." mgm v grokster 545 us 919

¶ 17 §512 "to be effective under this subsection, a notification of claimed infringement be a written communication provided to the designated agent of a service provider that includes the following: a signature of a person authorized to act on behalf of the owner of an exclusive right that is infringed a statement that the notification is accurate and under penalty of perjury that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed"

¶ 17 § USC 506 fraudulent copyright notice (crime) any person who with fraudulent intent places on any article a fraudulent notice of copyright or words of the same purport that such person knows to be false or who with fraudulent intent publically distributes an article bearing notice or words a person knows to be false shall be fined or imprisoned

¶ "The classic case of direct evidence of unlawful purpose occurs when one induces commission of infringement by another, or 'entices or persuades another to infringe' evidence of active steps... taken to encourage direct infringement' oak industries v zenith electronics corp 697 liability for inducement where one actively aids and abetts anothers direct infringement" grokster

As stated in Lenz v Universal "if an entity abuses the DMCA it may be subject to liability under §512(f). That section provides 'any person who knowingly materially misrepresents under this section (1) that material or activity is infringing or (2) that material or activity was removed or disabled by mistake or misidentification shall be liable for damages.'"

"We agree with the district court and hold that the statue unambigiously comtemplates fair use as authorized by law." "Because Congress specified the recovery of 'any damages' Lenz may seek recovery of nominal damages due to a unquantifiable harm suffered as a result of universals actions. The DMCA is akin to a statutorily created intentional tort. The plaintiff who proves an intentional physical tort to the person or property can always recover nominal damages"

This also was also intentional rather than impose upon a copyright holder the often difficult or impossible burden of establishing the value of the copyright and the amount of harm caused by infringement Congress has long provided that a copyright owner may choose between actual and statutory damages as recovery for infringement. The availability of statutory damages not only obliviates the need for difficult or impossible proof, but also deters infringement and ensures appropriate incentives for the creation of copyrighted works see fw woolworth v contemporary arts inc 344 us 228 (1952) Jury trial for damages feltner v Columbia television pictures 526 us 340 (1998)

To make a comparison to Lenz, it would be as if she had made a 29 second video with a million views which is worth approximately $3000. Universal then files DMCA notice and Lenz files counter notice of fair use, after recieving that notice universal files criminal charges in state court, and alleges she unlawfully converted their property to her use under state law of theft. Then when Lenz files motions and evidence to the criminal court they refuse to docket or hear the evidence and motions. When Lenz attempts to describe the meaning of the terms under law they are striken and jury instructions for the theft statue are removed that pertain to Lenz and they use a 'reasonable person standard' to determine criminal guilt. Then after the universal and the state is sued, the state decides that the lawsuit is 'harassment' and orders every document and device from christmas photos to emails to be destroyed so that there can be no evidence to sue with.

"We now hold that suppression by the prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or punishment, irrespective of good or bad faith of the prosecution" Brady v Maryland (1963)

The fact is that Vance sought to undermine the copyright, and the misrepresented DMCA claim under 17 USC 512 is the the only means of 'mallum in se' offered that Vance did not consent, however the federal court and law is the only means to assert the claims truthfulness as it has the

exclusive jurisdiction over the claim and any equivalent right. The crime states the violation of a right to consent to disseminate something without anothers consent, and the content is pornographic. Say for example the venusfirsphoto@gmail.com on nov 24th 2010, where he says "This little should would be "trade", meaning we'd both donate our time and talent in exchange for the resulting photos". Can now someone DMCA his photos, then when he sends a counter notice have him arrested to undermine his copyright? Such an act act constitutes a lawful use of ors 163.472 to expropriate the right to authorize the rights under 17 USC §106 and transfer them to another which is prohibited under 17 USC § 201 and 17 USC § 301. The disclosure under ors 163.472 is only on the internet in violation of the commerce clause, but also includes but not limited to transfer, publish, exhibit, advertise, and offer effects the ability to transfer the copyright or sell it to another, thus being equivalent to the rights under copyright that are preempted by 17 USC § 301 "as specified under 17 USC § 106" which includes "to perform the work publically", "to distribute the copies for sale, lease, lending", and Congress specifically said it "shall not be immune under the 11th amendment or any other doctorine of sovereign immunity" which includes both heck v humphrey and younger v harris. This point must be addressed by this court, as again it is the original jurisdiction of any copyright action, and the state shall not undermine it with ors 163.472

Acosta cited the "strayegic lawsuits against public participation" somewhat oxymoronically, what barber seeks IS public participation, what vance seeks ISNT public participation. This "absurd result" should be avoided, because vance "under color" of 17 USC 512 used it to invoke ORS 163.472. see grift v Oceanic Contractors inc 458 US 564. She is not entitled to absolute immunity for "calculated falsehood" i.e. perjury under 17 USC 512(f), in fact her claim that her attorney april kusters discussed this law as giving her copyright is evidence of the intent. vance is the "complaining witness" since complaining witnesses were not absolutely immune at common law. As a manner of public policy qualified immunity provides ample protection to all but the plainly incompetant or those who violate the law" malley v Briggs 475 US 340 (1986) "The court has found no absolute immunity for the acts of a cheif executive officer of a state ... Private (§511) (co-conspirators of a judge" Rehberg v Paulk (2012) "the court ruled that there was no good reason in law, logic, or policy for conferring immunity on private (§511) persons who pursuaded the immune judge to exercise his judgement corruptly" "To act "under color" of state law for §1983 purposes does not require a person to be an officer of a state. It is enough that he is a willing participant in a joint action with the state or its agents. Private persons jointly engaged with state officials are acting 'under color of law' for purposes of 1983 action dickes v S.H. kress & co 398 US 144 US v Price 383 US 787 "dennis v sparks 449 US 24

Acosta cites Schwern v Plunkett, and this is conveniant because I have been acquainted to them both, Schwern via email and Plunkett via the Ada Initiative, when I was seeking the 501(c)(3) records on the Ada Initiative's IRS filings under law, to see if any of the single sex funding was via government. One of her other fellow board members tried to convince me to 'go dumpster diving at the florists' to with her at open source bridge 2015 out of nowhere, I know that I'm ugly and knew who she was already. This is known as a 'kafka trap' to pin you with an allegation you can't disprove, it is a common strategy in our tech community because feminists blamed a sexist culture on the gender disparities then lobbied for "code of conduct committes", which then are used to kick out people who oppose feminism from them. This has been done to dozens of people, most notably Linus Torvalds (inventor of linux) according to Eric's Raymond by Sarah Sharp out of the linux foundation, Igal Koveshoy founder of ruby pdx. and Ignite pdx, open source bridge (who killed himself), Scott Kveton founder of urban airship and ignitepdx, and many other rank and file technology workers. Its just a 'stumptown syndicate' (thier actual name) of 'social justice warriors', the same sort as antifa who go carrying weapons to attack Joey Gibson (trump free speech protest) for being a (mexican) "neo nazi", "white supremacist" along with Tiny (polynesian). When in reality people like me & gibson have been to other countries and are not fond of marxism, sharia law, and other psychologically exploitative ideologies and rackets.

As I said to deputy dennis that people would bombard my workplace with accusations of "attempted theft" (Beardmosexual), which was the same accusation that Vance said she would accuse me of unless I signed her divorce agreement, and Vance told my friends that I had raped her (8ch.net/cow/) and those accusations are being told, because quite frankly she has rape fantasies, likes being tied up and is alcoholic. She told me her ex boyfriend, her brother, and classmate had raped her, at one time me and her even plotted revenge fantasies against nate, involving her raping him with a strap-on after we ambush him. As she said to nick gunzberg "I play the victim a lot", "I am the physical abuser, I emotionally abuse too", "I attract dominant people who want to dominate".

I did not claim deffamation however, I want to explain how potent lies are, and how if I or Scott Kveton who also has some of his BDSM acts filmed publish it, commit a crime, the irony is being publically accused of things you're not allowed to publically disprove, nor can you punish the person who made the accusation under SLAPP and disprove it in a court of law. What I claim is there is no reasonable expectation of privacy in information that was already public. Moreover we can use deductive reasoning to find out why, even if Vance did not directly admit to it." By eliminating the impossible, whatever remains, however improbable must be the truth": Sherlock Holmes