# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**BENJAMIN BARBER**,

    Plaintiff,

v.

**MEAGAN VANCE, et al.**,

    Defendants.

Case No. 3:16-cv-2105-AC

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on August 25, 2017. ECF 131. Judge Acosta recommended that Plaintiff's motion for declaratory judgment on his first claim for relief be denied, Defendant Vance's motion to strike the claims against her be granted, and the State Defendants' motion to dismiss Plaintiff's first claim for relief[1] be granted.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

---

[1] Judge Acosta will address the State Defendants' motion to dismiss Plaintiff's second through sixth claims for relief in a separate findings and recommendation.

Plaintiff timely filed an objection. ECF 138, 139. Plaintiff also filed a request that the Court take judicial notice of *Younger v. Harris*, 401 U.S. 37 (1971) and 17 U.S.C. § 511. ECF 142, 144. Although the Court can consider case law and statutes without taking "judicial notice" of them, the Court grants Plaintiff's request for judicial notice.

Plaintiff argues that Judge Acosta erred in finding that Plaintiff is barred by the doctrines articulated in *Younger* and *Heck v. Humphrey*, 512 U.S. 477 (1994), from pursuing his first claim for relief, erred in noting that Plaintiff did not provide evidence that he owned the copyright of the relevant pornographic material, and erred in concluding that Defendant Vance is protected by Oregon's Anti-SLAPP statute. The Court considers *de novo* the objected-to portions of the Findings and Recommendation.

The Court has previously explained why *Younger* abstention applies in this case, and Judge Acosta adopted that reasoning. Federal courts must still dismiss a case if the underlying state court case was pending at the time the federal case was originally filed, even if, at the time the court dismisses a claim under *Younger*, the state court proceedings have completed (which may or may not be the situation with Plaintiff's state court appeals). *See Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) ("Although the state court proceedings were completed by the time the district court granted summary judgment, and an abstention order in this case may result simply in the appellees refiling their federal complaint, this outcome is required by *Younger*. Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action." (emphasis in original)); *see also Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) ("The critical date for purposes of deciding whether abstention principles apply is the date the federal action is

filed. *See, e.g., Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987) (noting that the question is not whether the state proceedings are still ongoing, but whether they were underway before initiation of the federal proceedings)."). Plaintiff's state court criminal proceedings were pending at the time this case was filed, and *Younger* abstention applies.

The Court sees no reason to change its previous reasoning and analysis. Plaintiff argues that his case warrants an exception to *Younger* because Plaintiff is being harassed by the State Defendants. Plaintiff argues that he is being targeted because he is the "Rosa Parks of men's rights," which are not "popular." Plaintiff asserts that his situation is analogous to *Dombrowski v. Pfister*, 380 U.S. 479 (1965), and merely requires replacing "negro with men" and "KKK with feminists" and then he is suffering a similar pattern of harassment by the State. The Court rejects Plaintiff's argument and adopts this portion of the Findings and Recommendation, with the exception of the recommendation that Plaintiff's first claim for relief be dismissed with prejudice. Claims dismissed under *Younger* are dismissed without prejudice. *See Howard v. City of Milton*, 63 F. App'x 978 (9th Cir. 2003) ("However, when *Younger* abstention applies, it is appropriate to dismiss the action without prejudice because the court has not addressed the merits of the action.").[2]

The Court has also reviewed *de novo* Judge Acosta's discussion regarding the application of *Heck*. The Court adopts this portion of the Findings and Recommendation, with the exception of the recommendation to dismiss with prejudice. Claims dismissed under *Heck* are dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (noting

---

[2] Dismissal without prejudice does not mean that Plaintiff can reassert in this case his claim that his conviction or the underlying Oregon statute is unconstitutional. It merely means that this Opinion and Order will not preclude him from making such a claim in state court or, after he exhausts his state court appeals, that it will not preclude him from filing a new case in federal court making such a claim.

PAGE 3 – OPINION AND ORDER

that dismissals under *Heck* are "required to be without prejudice so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction"); *see also Valdez v. United States*, 651 F. App'x 626, 627 (9th Cir. 2016) (reversing district court for dismissing claims under *Heck* with prejudice and remanding with instructions to dismiss without prejudice).[3]

In recommending that Defendant Vance's motion to strike be granted, Judge Acosta noted, among other reasons, that Plaintiff has not offered evidence in support of his contention that he owns the copyright. Plaintiff objects that Judge Acosta ignored the evidence in the record of Plaintiff's copyright submissions. Plaintiff provided to the Court, after the Findings and Recommendation was issued, a copy of email receipts from the Copyright Office. ECF 136-1-2. These receipts, however, state that Plaintiff's "submission is not complete until you upload or mail the material you are registering." Thus, they are not evidence of copyright ownership. Further, it does not appear that this evidence was provided to Judge Acosta in opposing any of the pending motions. Moreover, even if Plaintiff proved copyright ownership, that would not be dispositive of Defendant Vance's motion to strike under Oregon's anti-SLAPP statute. As Judge Acosta found, Vance's alleged actionable communications were made with regard to Plaintiff's criminal proceedings and Vance is entitled to absolute immunity for those statements and they are protected under Oregon Revised Statutes § 31.150. Accordingly, the Court adopts this portion of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S.

---

[3] Dismissal without prejudice does not mean that Plaintiff can reassert in this case a claim for money damages that would require the Court to find Plaintiff's underlying criminal conviction in error or unconstitutional. It merely means that if at some point in the future Plaintiff obtains relief in invalidating his conviction, then this Opinion and Order will not preclude Plaintiff from asserting such a claim.

PAGE 4 – OPINION AND ORDER

140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS IN PART** Judge Acosta's Findings and Recommendation, ECF 131. Plaintiff's motion for a declaratory judgment on his first claim for relief (ECF 40) is DENIED. The State Defendants motion to dismiss (ECF 56) is GRANTED IN PART. It is granted with respect to Plaintiff's first claim for relief, which is dismissed without prejudice. The Court reserves ruling on the remainder of the State Defendants' motion to dismiss. Defendant Vance's special motion to strike under Oregon Revised Statutes § 31.150 (ECF 85) is GRANTED. Plaintiff's claims against Defendant Vance are dismissed without prejudice.

**IT IS SO ORDERED**.

DATED this 26th day of September, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge