UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN BARBER, | Case No. 3:16-cv-2105-AC |
| Plaintiff, | ORDER |
| v. | |
| MEAGAN VANCE in her personal capacity and ELLEN ROSENBLUM, BRAD AVAKIAN, KATE BROWN, BEN CANNON, LYNNE SAXTON in their official capacity, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Benjamin Barber ("Barber") who is appearing *pro se* in this action, filed an amended complaint in this lawsuit on February 21, 2017 (the "Complaint"), alleging, in part, defendants Ellen Rosenblum, Brad Avakian, Kate Brown, Ben Cannon, and Lynne Saxton (collectively the

"Defendants")[1] engaged in various discriminatory actions based on Barber's race, gender, and religious beliefs. (Compl. ECF No. 38.) Barber's First Claim for Relief, in which he requested the court stay his state criminal proceedings and overturn his criminal conviction as an unconstitutional restriction of his free speech and an infringement of his copyrights, was dismissed on September 26, 2017. Currently pending is Defendants' motion to dismiss with regard to Barber's Second through Sixth Claims for Relief. In this Order, the court addresses Barber's pending motions.

I.  Motion to Convene Special Grand Jury under 18 U.S.C. § 3332

Barber contends some of the defendants in this action are obstructing justice, oppressing the exercise of constitutional rights, and engaging in fraud. He has filed with the court "Bills of Indictment" alleging "counts" against Megan Vance, and her attorney, Melenie Kebler, Ellen Rosenblum, Beth Roberts, and Marie Atwood. (ECF Nos. 146, 147, 148, 153.) Barber relies on various cases for the proposition that citizens have a right, if not a duty, to inform the government of violations of federal law and participate in the prosecution of crimes. The cases[2] cited by Barber do not give a citizen a right to convene a grand jury, but merely provide protection to citizens who report suspected violations of the constitution or law to a state or United States attorney. *See In re Quarles & Butler*, 158 U.S. 532, 535-36 (1895); *E.E.O.C. v. Pacific Press Pub. Ass'n*, 676 F.2d 1272, 1280 (9th Cir. 1982)*; Velarde-Villarreal v. United States*, 354 F.2d 9, 15 n.3 (1965). While Barber does have a right to report criminal activity, neither the cases nor the statute cited give Barber

---

[1]Barber also named his ex-wife, Meagan Alyssa Vance, as a defendant. In a previous Findings and Recommendation, the court granted Vance's special motion to strike the allegations against her under OR. REV. STAT. 31.150, and dismissed the claims against Vance without prejudice.

[2]The court could not locate the case of *Frisbe v. United States*, 15 U.S. 586 (1895), cited by Barber.

the right to convene a grand jury. Barber's motion (ECF No. 135) to convene a special grand jury under 18 U.S.C. § 3331 is DENIED.

II. Motion for Subpoena Duces Tecum

Barber requests this court order the United States Copyright Office (the "Office") to provide a copyright certificate or copyright registration to Barber. An order from the court is not required for Barber to obtain a copyright registration, as he may obtain such registration through the Office's website at www.copyright.gov, under the "search copyright records" link. Barber's motion (ECF No. 140) for subpoena duces tecum is DENIED.

III. Motion to Grant Habeas Corpus Ad Testificandum

Barber seeks an order compelling Washington County to transport him to the United States Courthouse so that he may locate materials filed by him, specifically nine five-inch binders containing evidence supporting his First Claim for Relief, evidence supporting his Second Claim for Relief, and his laptop. First, the court has previously denied Barber's motion for an order requiring Washington County to transfer Barber to the United States Courthouse to appear at a show cause hearing. (Order, ECF No. 97.) For the reasons set forth in the July 5, 2017 Order, Barber's motion (ECF No. 141) to grant habeas corpus ad testificandum is also DENIED. Additionally, the court has located the materials referenced by Barber in his motion, making his motion alternatively moot.

IV. Motion to Amend Complaint

Barber seeks leave to amend his complaint to add "Nerdparty (nonprofit)" as a defendant and claims under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1988) ("RICO") alleging criminal copyright infringement under of 17 U.S.C. § 506, tampering with a witness under 18 U.S.C. § 1512, retaliation against a witness under 18 U.S.C. § 1813, obstruction

of justice under 18 U.S.C. §1505, and conspiracy to violate civil rights under 18 U.S.C. § 241. With the exception of conspiracy to violate civil rights, the predicate acts alleged by Barber in support of his RICO claim relate solely to his First Claim for Relief, which was dismissed on September 26, 2017. Accordingly, Barber's motion to amend to add a RICO claim based on copyright violation, witness tampering and retaliation, and obstruction of justice is DENIED. Barber's motion to amend to add a party and a claim under 18 U.S.C. § 241 is DENIED with leave to refile, if appropriate, after the court rules on the pending motion to dismiss.

DATED this 6th day of October, 2017.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge