**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

Attorney for Defendant Vance

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN BARBER,<br><br>Plaintiff,<br><br>v.<br><br>MEAGAN VANCE, STATE OF OREGON, *et al*,<br><br>Defendants. | Case No.: 3:16-cv-02105-AC<br><br>**DEFENDANT MEAGAN VANCE'S MOTION TO DISMISS WITH PREJUDICE AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. §§ 1927 AND 1915(a)(3)** |

### L.R. 7-1 CERTIFICATE

Pursuant to L.R. 7-1(a)(1)(C), defendant Vance's undersigned counsel certifies that plaintiff is a prisoner and is not represented by counsel, and therefore, conferral on this motion is not required.

### MOTION

Defendant Meagan Vance respectfully moves this Court pursuant to Fed. R. Civ. P. 8(a), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 41(b) to dismiss the claims alleged against her in plaintiff's Amended Complaint (Docket #278) with prejudice, and requests the Court to impose

**PAGE 1 – DEFENDANT MEAGAN VANCE'S MOTION TO DISMISS WITH PREJUDICE AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. §§ 1927 AND 1915(a)(3)**

sanctions pursuant to 28 U.S.C. § 1927 in the form of attorney fees, as well as a pre-filing order

pursuant to 28 U.S.C. § 1915(a)(3) prohibiting plaintiff from filing any lawsuit against defendant

Vance without a finding by this Court that the filing is not frivolous or repetitive.

**REQUEST FOR JUDICIAL NOTICE**

Plaintiff's filings in this case are subject to judicial notice for purposes of this motion,

and defendant Vance requests that judicial notice be taken of plaintiff's filings in this case.

**RELEVANT PROCEDURAL HISTORY**

Plaintiff filed his *pro se* complaint in this case November 1, 2016.   (Docket #1)  His

initial complaint was one of approximately 120 filings by plaintiff in this case to date, a number

of which have been sealed *sua sponte* by the Court, *e.g.* Docket #s 167, 201-204, 210-211, 261.

Some of the items sealed apparently contain images or recordings depicting private matters of

defendant Vance that are the basis for plaintiff's criminal convictions in state court.  Other items

contain private, personal information concerning defendant Vance and others.

Other filings by the plaintiff include "bills of indictment" for  defendant Vance and

various government officials (Docket #s 146-148, 153, 190-191, 205-208), motions for search

warrants (Docket #s 201-204), petitions for writs of habeas corpus (Docket #s 71-72, 93, 110),

and requests that a grand jury be convened (Docket #'s 135, 152).  A fellow inmate at the

Washington County Jail also filed a motion to appear as *amicus curiae* (Docket #235).  Each of

these filings has required at least some review by counsel for the defendants and by the Court.

On February 21, 2017, plaintiff filed a second complaint in this case naming defendant

Vance and various state officials as defendants.  (Docket #38)  Defendant Vance filed an anti-

SLAPP motion challenging the complaint as to her.  (Docket #85)  On September 16, 2017,

**PAGE 2 – DEFENDANT MEAGAN VANCE'S MOTION TO DISMISS WITH**
**PREJUDICE AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C.**
**§§ 1927 AND  1915(a)(3)**

defendant Vance's anti-SLAPP motion to dismiss the claims filed against her was granted in an order entered by Hon. Michael Simon (Docket #158) in which Judge Simon adopted the findings of Hon. John Acosta entered August 25, 2017 (Docket #131).  The dismissal of the claim against defendant Vance was without prejudice.  (*Id.*)  Defendant Vance was subsequently granted an award of attorney fees.  (Docket #s 263, 289)

In an order dismissing the remaining claims against various officials of the State of Oregon, Judge Simon gave plaintiff leave to file an amended complaint if he could cure the deficiencies identified in Judge Acosta's Findings and Recommendation concerning the State's motion to dismiss.  (Docket #253)  While the leave to file an amended complaint likely referred to the dismissed claims against the State officials, plaintiff filed a document titled "Amended Complaint" which included allegations against defendant Vance.  (Docket #278)

Plaintiff's 71 page "Amended Complaint" included 51 handwritten single-spaced pages, documents from plaintiffs state court prosecution, and two pages of emails.  The relief demanded by plaintiff in his Amended Complaint includes:  an injunction against the State of Oregon against the enforcement of ORS 163.472, the revenge porn law which a duly-empaneled Washington County jury found plaintiff guilty of repeatedly violating and for which he is presently incarcerated; statutory damages for "impounding 20 intimate images of Vance owned by Barber" (which amount plaintiff requested to be trebled under federal RICO laws); damages for copyright infringement; damages for malicious prosecution; damages for civil rights violations arising from the alleged acts of both public and private officials and entities; and various other demanded relief and remedies against named and unnamed individuals and entities. (Docket #278, pp. 46-57)  As with his earlier versions of complaints, the "Amended Complaint"

**PAGE 3 – DEFENDANT MEAGAN VANCE'S MOTION TO DISMISS WITH PREJUDICE AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. §§ 1927 AND  1915(a)(3)**

alleges malfeasance against those persons whom plaintiff perceives as responsible for his divorce

from defendant Vance, for his criminal prosecution and incarceration, etc. (*Id.*, pp. 46-71)

## ARGUMENT

**1.    Plaintiff's Complaint as to Defendant Vance Should be Dismissed With Prejudice.**

Federal Rule of Civil Procedure 8(a)(2) requires that complaints in federal court consist

of "a short and plain statement of the claim showing that the pleader is entitled to relief."  While

pleadings need not contain detailed factual allegations, "labels and conclusions * * * will not

do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

On a motion to dismiss for failure to state a claim, the Court may consider only the

pleadings themselves, exhibits attached to the complaint, and matters of which the Court may

take judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (*per curiam*).

While the Court generally must "accept [that] all allegations in the complaint are true and draw

all reasonable inferences in favor of the nonmoving party," *Dahlia v. Rodriguez*, 735 F.3d 1060,

1066 (9th Cir. 2013) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)), the Court

is not bound to accept as true allegations contradicted by "matters properly subject to judicial

notice or by exhibit[s]" attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d

979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187.  Additionally, legal

conclusions in a complaint are not entitled to a presumption of truth.  *Ashcroft v. Iqbal*, 556 U.S.

662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Here, plaintiff was given leave to file an amended complaint if he could cure the

deficiencies identified by the Court in dismissing all of the claims in his previously-filed

complaints.  Instead of doing so, plaintiff filed a 51 page rant against defendant Vance and

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET  PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

persons and institutions who he believes have wronged him in the past, ranging from ex-friends to state court judges. His allegations include many of the same ones he made in previous filings in this action that the Court found inadequate, and he has done nothing to cure the deficiencies. Rather, he has added even more spurious and/or irrelevant allegations. To say the least, the complaint fails to set forth cognizable causes of action and contains incoherent legal theories, and it is unclear which causes of action (to the extent any particular causes are alleged) apply to which defendants. In sum, plaintiff has failed to state any legally viable, plausible claim for relief, and having already been given an opportunity to file an amended complaint (along with an extension of time in which to do so), and with no reason to think that an additional opportunity will yield different results, plaintiff's complaint as to defendant Vance should be dismissed with prejudice. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Hermann*, 614 F.2d 1221, 1224 (9th Cir. 1980). *See generally McHenry v. Renne*, 84 F.3d 1172 (1996).

**2.    Defendant Vance Should Be Awarded Her Attorney Fees Pursuant to 28 U.S.C. §1927.**

Section 1927 allows the court to require a litigant "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." A self-represented litigant is subject to Section 1927 sanctions. *Wages v. I.R.S.*, 915 F.2d 1230, 1236 (9th Cir. 1990).

Defendant Vance acknowledges that the imposition of sanctions under § 1927 requires a finding of bad faith by the Court, *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000), and that advancing unsuccessful, or even frivolous, arguments is not independently sufficient for a finding of bad faith. *Estate of Blas v. Winkler*, 792 F.2d 858, 861

**PAGE 5 – DEFENDANT MEAGAN VANCE'S MOTION TO DISMISS WITH PREJUDICE AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. §§ 1927 AND  1915(a)(3)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

(9th Cir. 1986). Despite this high burden, defendant Vance asserts that plaintiff's repeated efforts to publicly file the private images and recordings that are the basis for plaintiff's criminal convictions, knowing advancement in this federal case of claims based on irrelevant allegations such as defendant's filing for divorce in alleged violation of a pre-marital agreement, and re-allegation of defendant Vance's report to law enforcement and cooperation in plaintiff's criminal prosecution as grounds for a federal claim after this Court has previously held such report and cooperation to be legally immune from suit, are sufficient to demonstrate plaintiff's bad faith in continuing to pursue this lawsuit against her. Pursuant to 28 U.S.C. § 1927, plaintiff should be ordered to pay defendant Vance's attorney fees incurred since the previous award.

**3.    Plaintiff Should Be Prohibited From Filing Future Lawsuits Against Defendant Vance Without Leave of Court.**

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc*., 179 F.3d 1194, 1197 (9th Cir. 1999). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In this case, the Court should find plaintiff to be a vexatious litigant and enter an order prohibiting him from filing lawsuits against defendant Vance in this district court without prior leave of the Court. While such pre-filing orders are an extreme remedy that should rarely be used, *De Long*, 912 F.2d at 1147, the Court should do so in this case to bring an end to plaintiff's harassment of defendant Vance in this venue.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAGE 6 – DEFENDANT MEAGAN VANCE'S MOTION TO DISMISS WITH
        PREJUDICE AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C.
        §§ 1927 AND 1915(a)(3)

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

Before entering a pre-filing order, a district court must examine four factors:  First, the litigant must be given notice and a chance to be heard before the order is entered.  *De Long*, 912 F.2d at 1147.  Second, the district court must compile "an adequate record for review." *Id*. at 1148.  Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.  *Id*.  Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id*.

As to the first *De Long* factor, here, plaintiff will be given notice and an opportunity to be heard upon the filing and service of this motion.

As to the second *De Long* factor, the Court's record for review is the record in this case, including the 120 filings of the plaintiff.  "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."  *De Long*, 912 F.2d at 1147.  The docket in this case is such a list. The record provides ample grounds for findings about the frivolous and harassing nature of plaintiff's litigation against defendant Vance.

The third *De Long* factor can be satisfied from the record, including the numerous documents and exhibits sealed by the Court because of their irrelevant and private content, and indeed, based on the Amended Complaint itself, which defendant Vance is simultaneously moving to seal.  To decide whether the plaintiff's actions are frivolous or harassing, the Court is to "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id*. at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (*per curiam*)).

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

The final *De Long* factor is satisfied because the relief requested by defendant Vance is tailored to the specific vice encountered, *i.e.* a frivolous and retaliatory lawsuit against her.  *C.f. De Long*, 912 F.2d at 1148 (finding a pre-filing order to be overbroad where it prevented the plaintiff from filing *any* lawsuit in the particular district court); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (pre-filing order as to any suit was overbroad when plaintiff had only been highly litigious with one group of defendants, and district court's order was modified to apply only to that group of defendants).

The *De Long* factors are satisfied by the circumstances of this case and the relief requested, and defendant Vance requests a pre-filing order prohibiting the plaintiff from filing of further complaints against her in this district court without a finding by the Court that the complaint is not frivolous or repetitive.  *See., e.g., Stephens v. Multnomah County*, 2012 U.S.Dist. LEXIS 99022, (No. 3:12-cv-00171-MO July 13, 2012) (issuing pre-filing review order), *aff'd* 678 Fed. Appx. 517 (9th Cir. 2017).

## CONCLUSION

For these reasons, defendant Vance moves to dismiss with prejudice so much of this lawsuit as names her as a defendant.  Further, she seeks her attorney fees and a pre-filing order prohibiting the plaintiff from filing suit against her in this district without prior review by the Court and a finding that the complaint against her is not repetitive or frivolous.

Dated:  April 19, 2018

s/ Erin K. Olson
Erin K. Olson, OSB 934776
Attorney for Defendant Meagan Vance

PAGE 8 – DEFENDANT MEAGAN VANCE'S MOTION TO DISMISS WITH
          PREJUDICE AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C.
          §§ 1927 AND  1915(a)(3)

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true copy of the foregoing document on the following

by CM/ECF System Transmission (AAG Davis) and prepaid, first-class mail (plaintiff):

Benjamin Barber, Booking No. 1707936
Washington County Jail
215 SW Adams Avenue, MS 35
Hillsboro, OR  97123-3874

Jesse B. Davis
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
jesse.b.davis@doj.state.or.us

Dated:  April 19, 2018.

s/ Erin K. Olson_____
Erin K. Olson

**PAGE 9 – DEFENDANT MEAGAN VANCE'S MOTION TO DISMISS WITH
    PREJUDICE AND REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C.
    §§ 1927 AND  1915(a)(3)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM