In the U.S. District Court in the District of Oregon

Benjamin Barber

v.

Vance, et al

Case no 16-cv-02105-AC

Motion to issue arrest warrant.

Plaintiff moves the Court to issue an arrest warrant for the defendant's pursuant to ORS 133.225 for the crimes committed as outlined in the Amended Complaint, the response to the defendants motion to dismiss. "It is the duty and right ... of every citizen to assist in prosecuting and securing the punishment of any breach of the peace" In re quarles us sct (1894)

"[States] may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute" Linda R.S. v Richard D. 410 US 614, 617

ORS 133.225 is such a right, however Washington County is impeding such right, because officers of Washington County are also liable for civil and criminal penalties. Moreover because the county employees frustrate the civil remedies of habeas corpus by demanding I have funds, before mailing or photocopying documents, those civil remedies are inadequate.

"While plaintiff did not have a right to force the local prosecutor to pursue her charges, she possesed the right to access judicial proceedures for redress of her claimed wrongs and to set into motion the government machinery" Meyers v Bd of Cty Comm'rs 482 F3d 1232, 1243 Entler v Gregorie 872 F3d 1031, 1044

PAGE 1

"warrant of arrest against judgement debtor authorized by state statute could be regarded as writ within power of federal court to issue for purposes of it's jurisdiction"
Ex parte Crawford 154 F 769

It is not as if this is simply a matter of negligence, Vance, Marie Atwood and Beth Roberts were informed that there was no personal jurisdiction because I had not been in Washington County, knew there was no subject matter jurisdiction after I informed them ORS 163.472 was preempted by 17 USC §201(c), 301(a) and a motion to remove to federal court. Instead they explicitly sought to destroy exculpatory evidence for the stated reason that I was using the evidence to sue them with it in federal court, and sentenced me to longer than the max of 1 year in retaliation. They also were told that 17 USC § 511(a) waived any of their immunity in federal court, so they did so out of a pecuniary conflict of interest.

Moreover they knew that the plaintiff is innocent in fact, Vance testified that the videos were originally made with a commercial purpose, that Vance agreed to a contract that required transparency and access to the videos, Vance even testified that she availed herself of those rights and gave the videos to european interlopers in 2015 to blackmail him with. Moreover Atwood herself said that the law wouldn't apply to public figures or people who intentionally give them to complete strangers, while submitting to the court evidence that Barber is a public figure, and the evidence that Vance gave the videos to complete strangers from europe.

Date 10-05-18    PAGE 2    Ben Barber