UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BENJAMIN BARBER,

Plaintiff,

v.

MEAGAN VANCE in her personal capacity and ELLEN ROSENBLUM, BRAD AVAKIAN, KATE BROWN, BEN CANNON, LYNNE SAXTON in their official capacity,

Defendants.

Case No. 3:16-cv-2105-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Benjamin Barber ("Barber"), who is appearing *pro se*, filed a Second Amended Complaint on March 15, 2018 (the "Amended Complaint"), in an attempt to cure the deficiencies

identified by the court in the Amended Complaint filed February 21, 2017 (the "Complaint"). All defendants move to dismiss the Amended Complaint for failure to state a viable claim.

The court finds Barber did not remedy the deficiencies noted by the court in its rulings on defendants' previous motions to dismiss and has, again, failed to state a viable claim against any defendant. Accordingly, the Amended Complaint should be dismissed as described below.[1] Additionally, Vance should be awarded attorney fees and costs under 28 U.S.C. § 1927.

*Background*

Barber was tried and convicted of posting pornographic audio and visual images (the "Images') of himself and his ex-wife, Megan Alyssa Vance ("Vance"), on the internet in violation of OR. REV. STAT. § 163.472, which makes dissemination of an intimate image with the intent to harass unlawful. In the First Claim for Relief alleged in the Complaint, Barber sought to overturn his criminal conviction, alleging OR. REV. STAT. § 163.472 imposed an unconstitutional restriction of his free speech and infringed on his copyright in the Images. In his remaining claims, Barber appeared to allege defendants Ellen Rosenblum, identified as the Attorney General of Oregon ("Rosenblum"); Brad Avakian, identified as the Director of the Bureau of Labor and Industries ("Avakian"); Kate Brown, identified as the Governor of Oregon ("Brown"); Ben Cannon, identified as the Executive Director of the Higher Education Coordinating Commission ("Cannon"); and Pat

[1]Vance requested oral argument in her reply for the sole purpose of allowing Barber an opportunity to be heard before the court enters a vexatious litigant pre-filing order. This court has found notice provided in a motion requesting a pre-filing order and the opportunity to respond to such request in writing is sufficient. *Stephens v. Multnomah County*, CV No. 3:12-cv-00171-MO, Opinion and Order at 4 (D. Or. July 13, 2012)(ECF No. 103), *aff'd* 678 Fed. Appx. 517 (9th Cir. 2017). Consequently, the court finds this motion appropriate for disposition without oral argument pursuant to LR 7-1(d)(1), and denies the request.

Allen, identified as the Executive Director of the Oregon Health Authority[2] ("Allen") (collectively the "Named State Defendants"), discriminated against him based on his race, gender, and religious beliefs through various policies and the actions of institutions taken pursuant to those policies.

Vance and the Named State Defendants moved to dismiss the First Claim for Relief. The court granted the motion to dismiss to the extent the First Claim for Relief alleged a violation of copyright law based on Barber's failure to allege or offer evidence of copyright ownership. *Barber v. Vance*, Case No. 3:16-cv-2105-AC, 2017 WL 9049876, at *6 (D. Or. August 25, 2017), *adopted in part by Barber v. Vance*, Case No. 3:16-cv-2105-AC, 2017 WL 4269964, at * 2 (D. Or. Sept. 26, 2017)("*Barbur I*"). Additionally, the court dismissed the First Claim for Relief against the Named State Defendants without prejudice, finding it currently barred by the doctrines articulated in *Younger v. Harris*, 40 U.S. 37 (1971) and *Heck v. Humphrey*, 512 U.S. 477 (1994). *Barber I*, 2017 WL 9049876, at *4-5, 2017 WL 4269964, at *2. Judge Simon expressly informed Barber the dismissal without prejudice allowed him only to reassert his constitutional claim or seek to overturn his conviction in state court prior to refiling the claim in this court. *Barber I*, 2017 WL 4269964, at *2 n.2 & n.3. Finally, the court dismissed the First Claim for Relief against Vance, finding such claim arose out statements made by Vance with regard to the criminal proceeding which were authorized by law and protected by OR. REV. STAT. § 31.150. *Barber I*, 2017 WL 4269964, at *2. OR. REV. STAT. § 31.150 mandated the dismissal be without prejudice.

The Named State Defendants also moved to dismiss Barber's Section 1983 claims for discrimination based on gender, race, or religious beliefs. As Barber alleged claims against the

---

[2]Barber named Lynne Saxton as the Executive Director of the Oregon Health Authority in the Complaint. Allen was substituted for Lynn Saxton by court order dated October 13, 2017.

Named State Defendants in their official capacity, the court held all claims seeking money damages were barred by the Eleventh Amendment and dismissed those claims with prejudice. *Barber v. Vance*, Case No. 3:16-cv-2105-AC, ECF No. 169, at 10-11 (D. Or. October 6, 2017), *adopted in Barber v. Vance*, Case No. 3:16-cv-2105-AC, ECF No. 253 (D. Or. Jan. 11, 2018) ("*Barbur II*"). The court found Barber's claims seeking injunctive relief failed to allege direct involvement by the Named State Defendants or a causal connection between the Named State Defendants' actions and Barber's alleged injuries, but allowed Barber to amend these claims to remedy the identified deficiencies. *Barber II*, ECF No. 169 at 13-15. The court advised Barber any amended complaint "must identify the statute under which the claim is asserted, the constitutional right allegedly violated, the specific actions taken by [d]efendants or their subordinates, knowledge of their subordinates' actions, the specific injuries suffered by Barber as a results of these actions, and the relationship between the actions and Barber's injuries." *Id*. at 15-16.

In the fifty-one page Amended Complaint, Barber describes, in detail, his relationship with Vance, the disintegration of that relationship, Vance's participation in the criminal proceedings, and various alleged deficiencies in the criminal proceedings. All of the exhibits attached to the Amended Complaint relate to the criminal proceedings.[3]

---

[3]On May 23, 2018, Barber filed a sixty-page handwritten document entitled "Amended Complaint Exhibits Declared under Penalty of P[e]rjury." (ECF No. 314.) While this appears to offer exhibits supporting Barber's claims, no original documents are provided. The pleading contains only summaries of the contents of the alleged exhibits created by Barber. These "exhibits" are not admissible as evidence. Moreover, on a motion to dismiss, the court is limited to considering the allegations found in the complaint and may not look to evidence offered in support of those allegations. Accordingly, the court will not consider this document with regard to the pending motions to dismiss. Additionally, Barber asked the court to take judicial notice of 17 U.S.C. § 511 (ECF No. 320) and his complaint filed in a separate prisoner civil rights case, *Barber v. Oregon*, CV No. 18-855-AC (ECF No. 321). The court will necessarily consider relevant federal statutes making moot the request for judicial notice of the statue. As previously noted, consideration of a motion to

While the caption of the Amended Complaint names "Vance, et al," as "defendants," nowhere in the Amended Complaint does Barber expressly identify anyone other than Vance as a defendant. Moreover, Barber does not assert any distinct, identifiable claims for relief. However, Barber does provide some insight with regard to the claims he likely intend to pursue in his Prayer for Relief.

Barber seeks to enjoin the State of Oregon (the "State") from enforcing OR. REV. STAT. § 163.472, which he claims imposes an unlawful infringement of Barber's copyright in the Images, and asks the court to order the State release him from custody. (Second Am. Compl., ECF No. 278 ("Am. Compl."), at 46.) Barber alleges Brown signed OR. REV. STAT. § 163.472 into law and is an advocate of a "gender justice" program designed to keep female offenders out of jail. (Am. Compl. ¶¶ 13, 123.) Barber identifies Rosenblum's office as the author of OR. REV. STAT. § 163.472. (Am. Compl. ¶ 123.) Barber references Deputy District Attorney Marie Atwood ("Atwood") and Judge Beth Roberts ("Roberts") as state actors involved in his criminal proceedings. (Am. Compl. ¶¶ 80, 109, 123, 129,131,132.)

Barber seeks statutory damages under federal copyright law from public officials and Vance for "impounding" the Images. (Am. Compl. at 46.) In addition, Barber asserts Vance should pay statutory damages for misrepresentations relating to infringement of Barber's copyright in the Images and for contributory copyright infringement by third parties. (Am. Compl. at 47.)

Barber also seeks money damages for malicious prosecution and intentional infliction of emotional distress. Barber specifically alleges "Vance and public officials should pay damages for

---

dismiss is limited to the allegations in the complaint at hand. The court will not consider information contained in complaint filed in another case.

loss of income and economic opportunities resulting from malicious prosecution." (Am. Compl. at 47.) He also alleges "Vance and the public officers" should be held financially responsible for the severe psychic distress caused by Barber's "arrest and incarceration due to violating his rights to be free from gender motivated violence" protected by 42 U.S.C. § 12361 (formerly 42 U.S.C. § 13981). (Am. Comp. at 48.) Barber requests injunctive relief under 42 U.S.C. § 12361 in the form of a mandamus suspending the State's "gender justice" programs. (Am. Compl. at 48.)

Barber asserts "Portland State University and Lewis & Clark College[4] should be forced to remove all gender biased 'feminist' public services, and all services that utilize 'critical theory' because they constitute the use of federal dollars on civic religions not based on science, or are based on ideologies so intertwined with a suspect class that it violates equal protection of the law and freedom of conscience for those who do not believe in the theories." (Am. Compl. at 51.) Barber also alleges the State of Oregon "should repeal all of it's 'cultural compent[e]ncy' laws, as it is an ideological litmus test in both health care and higher education which is often diametrically opposed to scientific evidence, and as evidence based practices." (Am. Compl. at 51.)

Barber claims Vance and April Kusters, an attorney with Portland State University's Student Legal Services who assisted Vance with regard to her domestic relation issues involving Barber ("Kusters"), are liable for money damages for conspiring to violate Barber's First Amendment rights by reporting Barber's violation of OR. REV. STAT. § 163.472, which resulted in a substantial risk of violence due to the threat of arrest in violation of 42 U.S.C. § 12361. (Am. Compl. at 49.) He also asserts Vance and Kusters should "pay for abrogating Barber's marr[ai]ge, loss of consortium."

---

[4]Barber alleges the Oregon Health Authority defined the requirements utilized by Lewis & Clark in its training of graduate student counselors. (Am. Compl. ¶ 20.) Barber does not allege Allen directly participated in, or was otherwise responsible for, creating these requirements.

(Am. Compl. at 49.) Barber seeks money damages against Vance for defamation and attempted fraud based on accusations Barber raped Vance, general gossip, and Vance's refusal to contribute to Barber's utility costs, and for severe infliction of emotional distress for extortion, violation of a restraining order, and evicting Barber from the marital home. (Am. Compl. 48, 51.)

*Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2018). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678); *Sheppard v. David Evans and Assoc.*, No. 11-35164, 2012 WL 3983909 at *4 (9th Cir. Sept. 12, 2012) ("The Supreme Court has emphasized that analyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-624.

*Discussion*

I. State Defendants' Motion to Dismiss

The State Defendants [5] move to dismiss the Amended Complaint based on Barber's failure to properly name any one other than Vance as a defendant in the caption of the Amended Complaint. The State Defendants alternatively argue Barber failed to comply with the court's directives in *Barber I* and *Barber II*, and fails to state a viable claim for relief in the Amended Complaint. Finally, the State Defendants contend Barber's claims are barred by Eleventh Amendment immunity as well as prosecutorial, judicial, and legislative immunity.

*A. Rule 10*

Rule 10 of the Federal Rules of Civil Procedure provides "[t]he title of the complaint must

[5] Barber names only Vance in the caption of the Amended Complaint. The Department of Justice filed a motion to dismiss on behalf the "State Defendants" which it defined as "the State-associated individuals who have been named as defendants in the previous iterations of this action or who are referenced in the text of the Amended Complaint." (State Defs.' Mot. to Dismiss Compl., ECF No. 294 ("State Defs.' Mot.") at 2 n.1.) The court will adopt this broad definition for the purposes of this Findings and Recommendation.

name all the parties." However, "the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)(citing *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959)). While Barber identifies a few state employees as possible defendants in the Amended Complaint, the claims alleged against such employees are not clear. In the Prayer for Relief, which the court relies on to identify possible claims for relief, Barber does not identify any State Defendants, but rather refers generally to "public officials" or "public officers." Barber has not properly named any State Defendant under Rule 10 or *Rice* and dismissal of the Amended Complaint would be proper but with leave to amend to properly identify the defendants. To avoid a forth iteration of the complaint, the court will address the substance of the claims alleged in the Amended Complaint.

*B. OR. REV. STAT. § 163.472 and Criminal Proceedings*

The primary focus of the Amended Complaint is the constitutionality of OR. REV. STAT. § 163.472, and the propriety of Barber's criminal proceedings and conviction thereunder. Barber fails to allege he adequately resolved these claims in state court and, therefore, is still barred by *Younger* and *Heck* from pursuing these claims here. This bar encompasses all claims related to the constitutionality of OR. REV. STAT. § 163.472, which include those asserted against Brown and Rosenblum based on their responsibility for creating and enacting the statute. Moreover, all claims related to the propriety of the criminal proceedings and resulting conviction are barred, including those asserted against Atwood and Roberts based on their participation in the criminal proceeding. Finally, actions taken by Kusters with regard to the initiation of the underlying criminal proceedings

are part and parcel of Barber's attack on OR. REV. STAT. § 163.472 and his conviction, and are also barred by *Younger* and *Heck.*

Furthermore, any actions taken by Brown or Rosenblum with regard to OR. REV. STAT. § 163.472 were in furtherance of their official lawmaking capacity and protected by absolute legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49, 54-55 (1998)(absolute legislative immunity protects state legislators from liability under § 1983 for actions which are integral to the legislative process). Similarly, Atwood and Roberts are protected by prosecutorial and judicial immunity, respectively, for actions relating to Barber's criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutorial or quasi-judicial immunity protects prosecutors from liability for conduct in "initiating a prosecution and in presenting the State's case," or when their activities are "intimately associated with the judicial phase of the criminal process" and provides absolute liability to malicious prosecution and false or defamatory statements made by a prosecutor in judicial proceedings in Section 1983 actions); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are absolutely immune from liability for damages caused by judicial acts performed in their judicial capacity).

Barber argues his objection to OR. REV. STAT. § 163.472 and his conviction are founded on his copyright in the Images, and that removal to federal court is mandated under applicable copyright laws. Barber challenges the constitutionality of OR. REV. STAT. § 163.472 and the legality of his conviction thereunder, which challenges do not directly implicate copyright law. Barber's alleged copyright claim is not viable and does not justify removal of his criminal proceedings to federal court or serve as an exception to the *Younger* and *Heck* doctrines. Moreover, the court previously found Barber failed to adequately allege or establish he held a copyright in the Images and he has failed to

remedy this deficiency here. Consequently, any claim based on Barber's copyright in the Images fails, including Barber's claim against "public officials" based on the "impounding" of the Images.

*C. Remaining Claims*

In *Barber II*, the court provided Barber the opportunity to amend the Complaint to allege a Section 1983 claim based on a violation of his civil rights by a person acting under color of state law unrelated to the constitutionality of OR. REV. STAT. § 163.472 or the propriety of his conviction thereunder. *Barber II*, ECF No. 169 at 15. The court expressly instructed Barber any amended pleading "must identify the statute under which the claim is asserted, the constitutional right allegedly violated, the specific actions taken by [d]efendants or their subordinates, knowledge of their subordinates' actions, the specific injuries suffered by Barber as a results of these actions, and the relationship between the actions and Barber's injuries." *Id*. at 15-16.

Barber has failed to meet any of these pleading requirements. Rather, he describes his position to be "essentially that the state has encoded discrimination into statute, because the state has been excessively entangled by racist and sexist ideologies." (Pl.'s Resp. to States Mot. to Dismiss, ECF No. 312 ("Pl.'s Resp. to States' Mot."), at 3.) Barber represents his claims are an attempt to remedy "widespread and institutionalized discrimination" by offering "examples present at nearly every level of government, from education, to housing[,] to employment, to criminal justice, to healthcare." (Pl.'s Resp. to States Mot. at 33.) Barber's generic allegation of discriminatory state policies and conduct by state officials do not provide the requisite specificity necessary to support his Section 1983 claims, and the Amended Complaint should be dismissed on this ground alone. However, in light of Barber's *pro se* status, and in an abundance of caution, the court will address each of Barber's plausible Section 1983 claims against the State Defendants.

Barber seeks "injunctive relief under [12361] . . . suspending the State of Oregon's 'gender justice' programs." (Am. Comp. at 48.) The court previously rejected Barber's claim under 42 U.S.C. § 12361 because he failed to allege acts which would constitute a felony as required by the statute. *Barber II*, ECF No. 169 at 11 ("42 U.S.C. § 12361 (formerly 42 U.S.C. §13981) . . . 'establish[es] a Federal civil rights cause of action for victims of crimes of violence motivated by gender.' 42 U.S.C. § 12361(a) (2017). 'Crime' is defined as 'an act or series of acts that would constitute a felony against the person . . . .' 42 U.S.C. §12361(d)(2)(A) (2017). Barber has not alleged Vance engaged in any acts which would constitute a felony."). Additionally, the court noted "the United States Supreme Court has held Congress did not have the authority to enact 42 U.S.C. § 13981 under the Congress Clause or the Fourteenth Amendment, putting the enforceability of the statue at issue. *See United States v. Morrison*, 529 U.S. 598 (2000)." *Barber II*, ECF No. 169 at 11. Barber again fails to allege he was subject to felonious violence motivated by his gender defeating any claim against the State Defendants based on violation of 42 U.S.C. § 12361, the enforceability of which is in doubt in any event.

As noted in *Barber II*, suits against a state official acting in their official capacity seeking money damages are barred by the states' Eleventh Amendment immunity. *Barber II*, ECF No. 169 at 10. It appears from the allegations of the Amended Complaint and Barber's reference to the State Defendants as "public officials" or "public officers," the State Defendants were acting in their official capacities when engaging in the conduct of which Barber complains. Consequently, Barber fails to state a viable claim against any of the State Defendants for money damages. This immunity bars Barber's claims against the State Defendants, which allegedly includes Kusters, for copyright infringement, malicious prosecution, intentional infliction of emotional distress, violation of

Barber's First Amendment rights, abrogating Barber's marriage, and loss of consortium.

Finally, Barber seeks an injunction directing Portland State University and Lewis & Clark College to remove feminist public services and all services that utilize critical theory alleging such services violate equal protection of the law. While Barber arguably identifies a constitutional right, he fails to allege any specific actions taken by a State Defendant or a subordinate with regard to these services, a specific injury suffered by Barber as a result of such services, or any relationship between a State Defendants' action and Barber's injuries. Barber's request for an order requiring the State to repeal cultural competency laws similarly fails to allege these elements of a Section 1983 claim, but also the constitutional right allegedly violated. Consequently, Barber has failed to allege a viable Section 1983 claim against Portland State University, Lewis & Clark, or the State.

Barber has again failed to state a viable claim against any of the State Defendants. It appears from Barber's failure to comply with the court's instructions when filing the Amended Complaint, Barber is unable, or unwilling, to allege facts necessary to support a viable Section 1983 claim against the State Defendants. Consequently, the court should dismiss the Amended Complaint with prejudice to all claims other than those related to the constitutionality of OR. REV. STAT. § 163.472 or the propriety of Barber's conviction, which should be dismissed without prejudice to raise such issues in an appropriate state court action.

II. Vance's Motion to Dismiss

Vance moves to dismiss the claims asserted against her in the Amended Complaint with prejudice, arguing the Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure and fails to allege a viable claim against Vance. Additionally, Vance seeks sanctions in the form of attorney fees under 28 U.S.C. § 1927 and for an order declaring Barber a "vexatious

litigant" and prohibiting him from filing any lawsuit against Vance without prior approval by the court.

*A. Motion to Dismiss*

1. Rule 8

Rule 8 requires a plaintiff to allege "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Courts should dismiss complaints that are excessively "verbose, confusing, and . . . conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A conclusory complaint unduly burdens the defendant and the court with sifting through the complaint to formulate " 'the short and plain statement' which Rule 8 obligated plaintiff[ ] to submit." *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996)(quoting FED. R. CIV. P. 8(a)(2)).

A complaint is not subject to dismissal for noncompliance with Rule 8 due to length or excessive detail alone. *Hearns v. San Bernadina Police Dep't*, 530 F.3d 1124, 1131–32 (9th Cir. 2008). Instead, a court may dismiss a complaint under Rule 8 if it does not allow the defendant sufficient notice of the factual basis of the plaintiff's claim. *Id.* at 1130.

Barber's complaint is anything but a short and plain statement identifying relevant facts, claims alleged, and remedies sought, and clearly fails to comply with Rule 8. Consequently, the court is justified in recommending dismissal for this reason alone. However, in light of Barber's *pro se* status, and in the interest of judicial economy, the court will consider the substance of the claims feasibly alleged against Vance in the Amended Complaint.

2. OR. REV. STAT. § 163.472 and Criminal Proceedings

Barber again complains about Vance's initiation of, and participation in, the criminal

proceedings. Barber adds allegations Vance acted under the color of law with regard to her actions in the criminal proceedings and should be held liable under Section 1983 for violation of Barber's due process rights. (Am. Compl. at 47.)

In *Barber I*, the court found Vance was entitled to absolute immunity for communications made with regard to Barber's criminal proceedings as such communications were protected under OR. REV. STAT. § 31.150. *Barber I*, 2017 WL 9049876, at *6-*7, 2017 WL 4269964, at *2. Barber's attempt to revive such claims in the Amended Complaint is not well taken and rejected. This determination applies to Barber's claim for malicious prosecution, intentional infliction of emotional distress resulting from Barber's arrest and incarceration, and First Amendment violations based on reports of Barber's violation of OR. REV. STAT. § 163.472. Additionally, to the extent Barber relies on copyright protection as a defense in his criminal proceedings or to support claims for "impounding" the Images, misrepresentations relating to infringement of Barber's copyright in the Images, and contributory copyright infringement with regard to the Images, the court's prior finding that Barber failed to establish ownership of the copyright to the Images defeats such defense or claims. *Barber I*, 2017 WL 9049876, at *6, 2017 WL 4269964, at *2. Finally, Barber's claim that Vance violated 42 U.S.C. § 12361 by engaging in conduct which resulted in substantial risk of violence due to the threat of arrest or incarceration fails for the reasons described by the court in *Barber II* and above. *See Barber II*, ECF No. 169 at 11.

3. Remaining Claims

The remaining claims asserted by Barber against Vance are for breach of contract, loss of

consortium,[6] defamation, fraud, intentional infliction of emotional distress based on extortion, violation of a restraining order, and eviction. With the dismissal of all of Barber's claims alleging violation of federal laws, only these state-law claims remain.

A district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (2018). Moreover, when a district court dismisses all federal-law claims before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*); *see also Crane v. Allen*, No. 3:09–cv–1303 HZ, 2012 WL 602432, at *10 (D. Or. Feb. 22, 2012) ("Having resolved all claims over which it had original jurisdiction, this court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.").

The factors of judicial economy, convenience, and fairness weigh in favor of this court declining to exercise supplemental jurisdiction. There has been no discovery undertaken and state court is a convenient forum for the parties. Moreover, by declining to exercise supplemental jurisdiction, this court respects the values of federalism and comity. The court should decline to exercise supplemental jurisdiction over Barber's state-law claims.

*B. Sanctions under 28 U.S.C. § 1927*

Vance moves for sanctions against Barber pursuant to 28 U.S.C. § 1927 for his repeated

---

[6]Barber alleges in a loss of consortium claim which arises from his contention that the state actors conspired to break-up his marriage. OR. REV. STAT. 31.980 states: "There shall be no civil action for alienation of affections."

efforts to publish the Images by filing copies of them in this case and for knowingly advancing claims based on irrelevant allegations or in violation of the court's orders. Vance seeks recovery of all attorney fees incurred after the court awarded attorney fees under OR. REV. STAT. § 31.150.

Section 1927 allows the court to require a litigant "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." A self-represented litigant is subject to Section 1927 sanctions. *Wages v. I.R.S.*, 915 F.2d 1230, 1236 (9th Cir. 1990). "The imposition of sanctions under § 1927 requires a finding of bad faith." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Generally, bad faith is present when a party "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Soules v. Kauaians for Nukolii Campaign Comm.,* 849 F.2d 1176, 1185–86 (9th Cir.1988)(quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 861 (9th Cir. 1986)) (internal quotations and citation omitted).

Barber has been a very active plaintiff in this lawsuit. In the less than two years this action has been pending, Barber has filed over one-hundred-fifty documents, many containing confidential, repetitive, or previously filed material. The court, both on its own initiative and at Vance's request, has ordered nearly twenty documents sealed to protect personal identifying information of Vance and others, to prevent additional publication of the Images or other inappropriate material, and to prevent Barber's attempts to violate the terms of his state court criminal sentence.

In the first six months, Barber filed four complaints or supplemental complaints, lengthy memoranda in support of each of his claims, and thousands of pages of exhibits. On May 24, 2017, the court entered the following order acknowledging Barber's improper filings and cautioning

impositions of sanctions may be appropriate:

> ORDER by Judge Acosta: Plaintiff recently filed "Amended Supplements" (ECF Nos. 69, 70, 74, and 75) to exhibits plaintiff has previously filed in this case in support of his claims. The Supplements contain a compilation of exhibits in PDF format. Some of the exhibits are contained in more than one Supplement filing. In addition, some of the exhibits contain medical records and related information, and police reports that contain personal identifying information. Further, each of the four Supplements contain entire articles, excerpts from academic texts and journals, reports, studies, and similar material not relevant to the claims plaintiff has asserted. Finally, at least one of the recent filings, ECF No. 74, contains explicit images of defendant Vance. Collectively, the four recently filed supplements total approximately 5,000 pages and, moreover, these recent filings are similar in content and volume to, and are repetitive of, the content of other filings plaintiff has previously submitted in this case. Accordingly, plaintiff is ORDERED to file only those exhibits directly pertaining to the facts alleged against the defendants in this case and to the legal theories directly tied to the constitutional and statutory authorities plaintiff relies upon in his complaint (ECF No. 38), and which are not repetitive of exhibits previously filed with this court. Plaintiff is advised that violation of this order will lead to sanctions, including but not limited to termination of plaintiff's CM/ECF account, preclusive sanctions, and case-ending sanctions.

(Order dated May 24, 2017, ECF No. 76.) Thereafter, Barber filed numerous documents asking the court to order the Washington County Jail to engage in certain behavior with regard to Barber, such as transport him to court to attend a hearing, transfer him to federal custody, or provide him access to the law library. On July 13, 2017, the court returned "filings" proffered by Barber, describing them as "not relevant to the issues in this case and not properly brought in this lawsuit." (Order dated July 13, 2017, ECF No. 111.) Barber also sought to initiate criminal proceedings against various individuals; filed numerous Bills of Indictment against Vance and her attorney, Rosenblum, Roberts, Atwood, Avakian, Cannon, Portland City Council, Portland Development Commission, Pat Garrett, and Bob Hormann; petitioned for the issuance of search warrants of email accounts for correspondence involving Vance; and requested issuance of an arrest warrant for Vance on various charges related to the criminal proceeding. Additionally, Barber appealed the court's interim rulings,

moved to proceed as a class action, sought to recuse the judges handling his case in this court, asked the court record be unsealed, filed numerous requests for judicial notice of the record in this case as well as other cases in this district, federal statutes, and cases, and requested copies of documents from the court. Many of Barber's filings violated the parameters set by the court in the May 24, 2017 Order, and were irrelevant, redundant, or contained confidential material. The court clearly cautioned continued filings of material of this nature will lead to sanctions.

In addition to the excessive, redundant, and inappropriate filings, Barber failed to comply with the court's clear directives found in *Barber I* and *Barber II* when preparing and filing the Amended Complaint. Despite the court's consistent determination in numerous opinions[7] that Barber is barred by *Younger* and *Heck* from attacking the constitutionality of OR. REV. STAT. § 163.472, the criminal proceedings, and his conviction, Barber again asserted such claims in the Amended Complaint. Barber also ignored the court's rulings on his claims for copyright infringement and violation of 42 U.S.C. § 12361, as well as the determination Vance's participation in the criminal proceedings were protected by OR. REV. STAT. § 31.150. Finally, Barber failed to follow the court's clear instructions on what he must allege to state a viable Section 1983 claim.

Barber's refusal to comply with court orders by continuing to assert claims the court has found improper or inappropriate in this matter and filing documents which exceed the limitations set by the court supports a finding Barber knowingly or recklessly filed improper documents or raised frivolous arguments with the intent to harass his opponents. Accordingly, the court finds Barber acted in bad faith and Vance is entitled to the costs, expenses and attorney fees reasonably

---

[7]In addition to *Barber I* and *Barber II*, the court held *Younger* and *Heck* barred these claims in opinions resolving Barber's motion for a TRO (ECF No. 9), renewed motion for TRO (ECF No. 23), petition for writ of prohibition (ECF No. 77), and motion for emergency TRO (ECF No. 118).

incurred because of Barber's conduct. In imposing this sanction, the court is not punishing Barber for filing this action, rather the manner in which he litigated it once it was filed.

*C. Pre-filing Order*

Vance asks the court to find Barber is a "vexatious litigant" and enter an order preventing Barber from filing any further complaints against Vance in this court without a determination the complaint is not frivolous or repetitive. "District courts have the inherent power to filed restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Pre-filing orders are intended to put an end to "flagrant abuse of the judicial process [which] cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (Fed. Cir. 1990) Prior to entering a vexatious litigant pre-filing order, a court must meet four guidelines: (1) provide the litigant a chance to be heard; (2) compile an adequate record for review; (3) make substantive findings about the frivolous or harassing nature of the party's litigation; and (4) narrowly tailor the pre-filing restrictions to closely fit the specific vice encountered. *Id.*

Pre-filing orders are disfavored and generally entered only against litigants who have a lengthy history of filing numerous unfounded lawsuits against the same defendant, on the same topic, or alleging clearly frivolous claims. *Id.* at 1147; *see also In Re Bertran*, BAP No. AK-17-1139-LBF, 2018 WL 1704306, *6 (B.A.P. 9th Cir. April 6, 2018)(identifying twelve cases and appeals filed by litigant in bankruptcy court and relying on state court finding litigant's "history of filing frivolous and patently meritless lawsuits . . . demonstrated that he has no intention of refraining from such practices without intervention from the court."); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047,

1050-51, 1059 (9th Cir. 2007) (disabled plaintiff filed nearly four-hundred lawsuits in California alleging violations of the ADA); *Stoller v. Bank of New York Mellon Trust Co.*, No CV 12-1307-PHX-GMS (JFM), 2013 WL 5328052, *8-*9 (D. Az. Sept. 24, 2013), *aff'd* 588 Fed. App. 677 (9th Cir. 2014)(plaintiffs filed seven cases involving same parties and same nucleus of facts and attempted to raise issues conclusively resolved in prior cases). Barber has filed only one lawsuit against Vance in this court and amended the complaint with leave from the court. Barber has filed irrelevant, redundant, and inappropriate material, and ignored direction from the court with regard to the viability of certain claims in this lawsuit. However, Vance will be compensated for attorney fees and expenses incurred by her as a result of the filings under 28 U.S.C. § 1927, which sanction may serve as an adequate deterrent to Barber filing another unfounded action against Vance in this court.

The court does not find Barber's conduct in this case constitutes the lengthy history of frivolous or harassing litigation necessary to justify a pre-filing order, particularly in light of the Ninth Circuit's clear direction that "such pre-filing orders are an extreme remedy that should rarely be used." *Molski*, 500 F.3d at 1057(citing *De Long*, 912 F.2d at 1147.) However, the court should admonish Barber any attempt to file an action against Vance relating to her participation in the criminal proceeding may, in the future, result in a vexatious litigation order or expose Barber to additional sanctions.

*Conclusion*

The State Defendants' motion (ECF No. 294) should be GRANTED. To the extent Barber's claims are barred by the *Younger* and *Heck* doctrines, such dismissal should be without prejudice to Barber challenging the constitutionality of OR. REV. STAT. 163.472 and his criminal conviction

in state court. He may not pursue those claims in this court until he has exhausted his administrative remedies with regard to the constitutionality of OR. REV. STAT. 163.472 or has obtained a ruling from state court setting aside his criminal conviction. To that end, the clerk should be directed to not accept any additional complaint Barber may attempt to file in this lawsuit. Moreover, any complaint initiating a future action in this court challenging the constitutionality of OR. REV. STAT. 163.472 and Barber's criminal conviction must contain allegations of such exhaustion, specifically that his conviction has been invalidated or he has obtained post-conviction or habeas corpus relief. All other claims against the State Defendants should be dismissed with prejudice.

Vance's motion to dismiss (ECF No. 293) should be GRANTED with prejudice with regard to Barber's claims under federal law but without prejudice with regard to Barber's state-law claims to allow pursuit of such claims in state court. Vance's motion for sanctions under 28 U.S.C. § 1927 should be GRANTED while Vance's request for a pre-filing order should be DENIED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **October 29, 2018**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 10th day of October, 2018.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge