IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENJAMIN BARBER**, | Case No. 3:16-cv-2105-AC |
| Plaintiff, | **ORDER** |
| v. | |
| **MEAGAN VANCE, et. al**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on October 10, 2018. ECF 341. Magistrate Judge Acosta recommends granting the motions to dismiss filed by the State Defendants.[1] Magistrate Judge Acosta recommends that with one exception, Plaintiff's claims against the State Defendants be dismissed with prejudice because Plaintiff has previously been given the opportunity to amend his complaint with specific

---

[1] In the caption of his second amended complaint, Plaintiff does not name any defendant other than Meagan Vance. For purposes of the Findings and Recommendation, Magistrate Judge Acosta accepted the State Defendants' proposed definition of "State Defendants" as: "the State associated individuals who have been named as defendants in the previous iterations of this action or who are referenced in the text of the [Second] Amended Complaint." The Court accepts that definition for purposes of this Order.

instructions on how to cure the deficiencies previously identified by the Court and was unable to do so and because Plaintiff brings claims subject to absolute immunity. The exception is a claim challenging the constitutionality of Oregon Revised Statutes § 163.472 and Plaintiff's criminal conviction, which were previously dismissed without prejudice to file in state court but without leave to file in this Court. Despite that previous order, Plaintiff again filed claims based on challenging the constitutionality of § 163.472 and his criminal conviction. Magistrate Judge Acosta recommends dismissing these claims without prejudice to file in state court but without leave to file in this Court until Plaintiff exhausts state court remedies as discussed in *Younger*[2] (to challenge § 163.472) and obtains habeas corpus relief or has had his conviction reversed, expunged, or declared invalid as discussed in *Heck*[3] (to seek money damages based on the purported illegality of his underlying criminal conviction).

Magistrate Judge Acosta further recommends that Defendant Megan Vance's ("Vance") motion to dismiss be granted with prejudice against Plaintiff's claims under federal law but without prejudice against Plaintiff's claims under state law. Finally, Magistrate Judge Acosta recommends that Vance's motion for sanctions under 28 U.S.C. § 1927 should be granted, while her request for a pre-filing order should be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

---

[2] *Younger v. Harris*, 40 U.S. 37 (1971).

[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

PAGE 2 – ORDER

Plaintiff timely filed objections. ECF 362. Most of Plaintiff's objections reiterate arguments made to, and rejected by, Magistrate Judge Acosta, but the Court addresses a few specific objections. Plaintiff objects that Magistrate Judge Acosta recommends dismissal under *Younger* without applying any of the factors or citing to any authority. The Findings and Recommendation, however, cites to several previous opinions and orders of the Court in this case that applied *Younger* and discussed it in detail. Indeed, the Court previously dismissed under *Younger* Plaintiff's claim that Oregon Revised Statute § 163.472 was unconstitutional without leave to renew in this Court, noting that the dismissal was "without prejudice" only with leave to file in state court or to file a new case in federal court after Plaintiff's state appeals are completed. *See* ECF 158 at 3 n.2. It was thus improper for Plaintiff to again raise this claim in his second amended complaint. Plaintiff's arguments why *Younger* is not applicable previously were rejected by the Court and again are not well taken.

Plaintiff also objects that Magistrate Judge Acosta properly did not analyze Plaintiff's claims as being under copyright law, because copyright law preempts all other law and Plaintiff's claims are at their essence copyright claims. This objection is without merit. Magistrate Judge Acosta explained that he rejected Plaintiff's argument because: (1) challenges to the constitutionality of Plaintiff's criminal conviction or Oregon Revised Statutes § 163.472 are not evaluated under (or "preempted by" as argued by Plaintiff) copyright law; (2) Plaintiff's purported copyright claim is not an exception to the doctrines set forth in *Younger* or *Heck*; and (3) the Court previously found that Plaintiff failed to demonstrate ownership of copyright to the images.

Plaintiff also argues that he has the right to assert the rights of third parties. It is unclear to what portion of the Findings and Recommendation this objects, but the Court previously

stated in denying Plaintiff's motion to proceed as a class action that a *pro se* litigant cannot be a class representative. *See* ECF 265 at 3-4. Nor can a *pro se* litigant "represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

Plaintiff further argues that he can remove his criminal case to federal court. First, Plaintiff did not file a petition for removal of his criminal case so it is unclear what he means by this discussion. He filed a civil case in this Court, not a removal of his criminal case. Second, his criminal case is finished at the state trial court level and removal to this trial court is improper after the case is closed (and untimely, because he would have needed to file a petition of removal within 30 days of his arraignment, *see* 28 U.S.C. § 1455(b)(1)). Third, criminal cases can be removed to federal court under extremely limited circumstances, none of which apply to this case. There are three statutes which provide a substantive basis for removal to federal court of criminal prosecutions: (1) 28 USC § 1442 (federal officers prosecuted for acts done in furtherance of their official duties); (2) 28 USC § 1442a (members of the armed forces under certain limited situations); and 28 USC § 1443 (for certain limited civil rights violations). *See also*, *Washington v. Tibbets*, 2008 WL 1924187 at *1 (W.D. Wash., April 25, 2008) (noting that a state criminal prosecution may be removed only under limited circumstances and discussing the three statutes).

The only statute that could potentially apply would be § 1443, which allows for removal for state prosecutions against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Petitions for removal must satisfy a two-part test: (1) petitioners must asserts rights that are given to them by an explicit statutory enactment protecting equal *racial* civil rights; and (2) petitioners must assert that the state court will not

enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to *command* state courts to ignore the federal rights. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir 1970). Alleging denial of due process, violation of constitutional or statutory provisions of general applicability or statutes not protecting racial discrimination, or that the prosecution is a sham, corrupt or without evidentiary basis does not meet the first part of the test. *Johnson*, 421 U.S. at 219. Under § 1443(1), the vindication of a defendant's federal rights is "left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Plaintiff does not allege that his criminal prosecution is a violation of his racial civil rights, nor that Oregon has a state statute or constitutional provision that commands it to ignore federal racial civil rights.

Plaintiff objects that Magistrate Judge Acosta merely stated that certain of Plaintiff's claims against Vance are "not well taken" without providing any analysis. This objection is without merit. The Findings and Recommendation expressly notes that the previous opinion of the Court found that Vance has absolute immunity for communications made with regard to Barber's criminal proceedings because such communications were protected under Oregon Revised Statutes § 31.150. Thus, Barber could not bring claims based on such communications in his second amended complaint. Magistrate Judge Acosta stated that Barber's "attempt to revive such claims" is "not well taken." The Court agrees. Plaintiff disregarded many of the Court's instructions about what claims could and could not be brought in an amended complaint. Plaintiff's arguments about why he should be able to assert such claims against Vance in the second amended complaint are rejected.

PAGE 5 – ORDER

Plaintiff also objects that Magistrate Judge Acosta misconstrued Plaintiff's claims against Vance as state law claims when what Plaintiff alleges are violations of the Racketeer Influence and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962. "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. University Students Co-operative Ass'n*, 965 F.2d 783, 786 (9th Cir.1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005). To state a civil claim under RICO, a plaintiff must show that a defendant engaged in a pattern of racketeering activity. *Ticor Title Ins. Co. v. Florida*, 937 F.2d 447, 450 (9th Cir. 1991). This requires a plaintiff to "show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Telephone Co.*, 492 U.S. 229, 239 (1989) (emphasis in original). The relationship requirement is satisfied by a showing that the racketeering predicates "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240. "To satisfy the continuity prong of the test, one need only show that the predicates pose a threat of continued criminal activity, such as when the illegal conduct is 'a regular way of conducting [a] defendant's ongoing legitimate business.'" *Ticor*, 937 F.2d at 450 (quoting *H.J.*, 492 U.S. at 239). The heightened standard of Rule 9(b) also applies to RICO claims alleging predicate acts involving fraud. *See, e.g.*, *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (mail fraud); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (mail and wire fraud).

Plaintiff argues that Vance fraudulently obtained property and money to which she was not entitled by interfering with Plaintiff's relationship with his landlord and his employer, threatening Plaintiff regarding payment of the utility bill, and threatening Plaintiff with

prosecution if he tried to respond to or report her illegal actions. Plaintiff argues that Vance claimed she was "protecting" herself and thus she was engaged in a "protection racket." Plaintiff fails to plead a RICO claim. His allegations, at best, support independent state torts.

The Court has reviewed *de novo* the Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections, the State Defendants' response, Vance's response, and the underlying briefing before Magistrate Judge Acosta. The Court agrees with Judge Acosta's reasoning and ADOPTS the Findings and Recommendation, as supplemented herein. The State Defendants' motion to dismiss (ECF 294) is GRANTED. Claims barred by the *Younger* and *Heck* doctrines are dismissed without prejudice to challenge the constitutionality of Oregon Revised Statutes § 163.472 or challenge the constitutionality or validity of Plaintiff's criminal conviction in state court. Plaintiff may not file a new case in this Court seeking money damages for his allegedly invalid criminal prosecution unless he obtains habeas corpus relief or has had his conviction reversed, expunged, or declared invalid. Plaintiff may not file a new case in this Court challenging the constitutionality of Oregon Revised Statutes § 163.472 until he has exhausted his state administrative remedies. The Clerk of the Court is directed not to accept any new complaint from Plaintiff raising such claims unless the complaint contains allegations that these prerequisites have been met. The remaining claims against the State Defendants are dismissed with prejudice. Vance's motion to dismiss (ECF 293) is GRANTED with prejudice with regard to Plaintiff's claims under federal law but without prejudice with regard to Plaintiff's state-law claims to allow pursuit of such claims in state court. Vance's motion for sanctions under 28 U.S.C. § 1927 is GRANTED. Vance is awarded reasonable attorney's fees incurred after the Court awarded attorney's fees under Oregon Revised Statutes § 31.150. Vance's request

for a pre-filing order is DENIED. Plaintiff may not file an amended complaint in this case. The Court will enter a judgment closing this case. All other pending motions are denied as moot.

**IT IS SO ORDERED**.

DATED this 18th day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge