**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

       Attorney for Defendant Vance

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BENJAMIN BARBER, | Case No.:  3:16-cv-02105-AC |
| Plaintiff, | |
| v. | |
| MEAGAN VANCE, STATE OF OREGON, *et al*, | **DEFENDANT MEAGAN VANCE'S MOTION FOR AN AWARD OF ATTORNEY FEES PURSUANT TO FED. R. CIV. P. 54(d)(2), LR 54-3, 28 U.S.C. § 1927, and ORDER OF COURT (Dkt #371)** |
| Defendantss. | |

Defendant Meagan Vance ("Ms. Vance") respectfully requests an award of $4,287.50 in attorney fees pursuant to the Court's "Order" of January 18, 2019 (Docket #371) awarding attorney fees since the Court awarded attorney fees under ORS 31.150 as sanctions under 28 U.S.C. § 1927.  In further support, pursuant to LR 54-3, Ms. Vance is submitting herewith a declaration of her attorney, Erin K. Olson.

**PAGE 1 – DEFENDANT MEAGAN VANCE'S MOTION FOR AN AWARD OF ATTORNEY FEES**

## I.    Procedural History and Timeliness of Application

This motion for attorney fees is timely because it is filed on January 29, 2019, less than fourteen days after the Court's docketing of the order and judgment of Hon. Michael H. Simon affirming Judge Acosta's Findings and Recommendations as to Ms. Vance's motion to dismiss, which docketing occurred January 18, 2019.  (Docket #s 371 and 372).  Fed. R. Civ. P. 54(d)(2)(B).

## II.    Statutory Basis for Attorney Fees

As sanctions under 28 U.S.C. § 1927 for plaintiff's unreasonable and vexatious litigation, Ms. Vance sought and was awarded her attorney's fees incurred since the Court's prior award of attorney fees under ORS 31.150.   (Order, Docket #371)

## III.    Amount of Attorney Fees

District courts apply the "lodestar" method when calculating awards for attorney fees, "and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F3d 973, 978 (9th Cir 2008).  Ms. Vance seeks $4,287.50 based on 12.25 hours of attorney time at a rate of $350 per hour.

The first step in calculating the lodestar is to determine the number of hours reasonably expended, and should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 US 424, 433-34, 103 S Ct 1933, 76 L Ed2d 40 (1983).  The Olson Declaration and its supporting exhibit detail the 12.25 hours billed since the previous fee award on March 30, 2018.  (Docket #289)

The $350/hour rate requested is reasonable because it is consistent with the market rates charged in similar cases by attorneys with comparable experience in the relevant community. The Olson Declaration sets out facts relating to her experience, reputation, and ability showing

**PAGE 2 – DEFENDANT MEAGAN VANCE'S MOTION FOR AN AWARD OF ATTORNEY FEES**

that the hourly rate claimed is reasonable within the range of prevailing rates in the relevant market, and is less than or equal to her established rate for billing clients generally.  Olson Declaration ¶¶ 8-11.

Portland, where the Court sits, is generally the relevant community for setting market rates.  *Shirrod v. Director, Office of Workers' Comp. Programs*, 809 F.3d 1082, 1088 (9th Cir. 2015).  Ms. Olson's practice is based in Portland. Olson Declaration ¶ 2.  In determining the reasonable hourly rate, the Court uses the Oregon State Bar's periodic Economic Survey as an initial benchmark, adjusting for inflation based on the United States Department of Labor's CPI inflation calculator. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 847 (D. Or. 2002); *Lemus v. Timberland Apts., LLC*, 876 F. Supp. 2d 1169, 1177-78 (D. Or. 2012). The Ninth Circuit has cited that approach with approval. *See Shirrod*, 809 F.3d at 1088 & n. 7; *Marquez v. Harper Sch. Dist. No. 66*, 546 Fed. Appx. 659, 660 (9th Cir. 2013). The most recent Economic Survey, conducted in 2017 for 2016 statistics  (available at

https://www.osbar.org/surveys_research/snrtoc.html#economicsurveys) ("Survey"), and the CPI inflation calculator (available at https://www.bls.gov/data/inflation_calculator.htm ) support the rates requested.  In 2016, attorneys in civil litigation defense in Portland billed at hourly rates of $327 on average, $425 at the 75th percentile, and $540 at the 95th percentile. Survey p. 41. Adjusting for inflation using the CPI inflation calculator (using May 2016 and May 2018 as the operative dates), the relevant market rates per hour in 2018 would be $342.46 average, $445.10 at the 75th percentile, and $565.53 at the 95th percentile. Those market rates support an award at Ms. Olson's requested rate of $350/hour.

Ms. Olson's $350 per hour rate is reasonable. She has practiced law for more than 24 years as a criminal or civil litigator. Olson Declaration ¶ 6.  In 2016, Portland attorneys with 21

**PAGE 3 – DEFENDANT MEAGAN VANCE'S MOTION FOR AN AWARD OF ATTORNEY FEES**

to 30 years of experience charged $394 per hour on average, a median rate of $415/hour, $475

per hour at the 75th percentile, and $525 per hour at the 95th percentile. Survey p. 39.  Adjusted

to 2018 for inflation using the CPI inflation calculator, the average, median, 75th percentile, and

95th percentile rates would be $412.63, $434.62, $497.46, and $549.82 per hour, respectively.

Ms. Olson charged an amount less than the prevailing market rates.  *Id.*

**IV.**      **Summary.**

Based on the foregoing factors, Ms. Vance respectfully requests that the Court award her

attorney fees in the sum of $4,287.50 for 12.25 hours of legal services provided by her counsel at

a rate of $350/hour.

DATED this 29th day of January, 2019.

 

 

Erin K. Olson, OSB No. 934776
Attorney for Defendant Meagan Vance

**PAGE 4 – DEFENDANT MEAGAN VANCE'S MOTION FOR AN AWARD OF
      ATTORNEY FEES**

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing document on the following

by CM/ECF System Transmission:

Jesse B. Davis
Senior Assistant Attorney General
Department of Justice
100 SWMarket Street
Portland, OR 97201
jesse.b.davis@doj.state.or.us

I am unable to serve plaintiff because he is no longer residing at his last known address

(Washington County Jail), I have received no notice of his current mailing address or residence,

and I have been unable to locate a mailing or physical address for him despite diligent inquiry.

Dated:  January 29, 2019.

_____
Erin K. Olson, OSB No. 934776

**PAGE 5 – DEFENDANT MEAGAN VANCE'S MOTION FOR AN AWARD OF
    ATTORNEY FEES**